---

## APPENDIX

---

1.     Legislative Brief, 98-9, June 1998

2.     1997 Wisconsin Act 292

# APPENDIX 1

# *Legislative Briefs*

from the Wisconsin
Legislative Reference Bureau

Brief 98–9                                                                                                   June 1998

## UNBORN CHILDREN IN NEED OF PROTECTION

1997 Wisconsin Act 292, passed by the legislature and signed by Governor Tommy Thompson, to take effect July 1, 1998, expands the state children's code to cover unborn children whose mothers severely abuse alcohol and other drugs and refuse to accept treatment. The new law applies only to those instances where an expectant mother has inflicted or risks inflicting serious physical harm to her unborn child due to an habitual lack of self-control in the use of alcohol beverages and controlled substances.

Under Act 292 (introduced as 1997 Assembly Bill 463), unborn children are protected by the state's child abuse and neglect reporting law and included in the juvenile court's jurisdiction over children in need of protection and services (CHIPS). In addition, the authority and responsibilities delegated to the Department of Health and Family Services and county social service departments for the protection of minors are extended to cases involving unborn children.

### UNBORN CHILD ABUSE REPORTING

Under Wisconsin law, certain individuals, such as physicians, day care providers or teachers, who, in the performance of their professional duties, have reasonable cause to believe a child is being abused or neglected must report the matter to local law enforcement officials or county social services. The law also provides for voluntary reporting. Act 292 permits, but does not require, an individual who believes an expectant mother has or may harm her unborn child through habitual alcohol or other drug abuse to file a report.

Local law enforcement officials and child protection workers must immediately investigate a report of abuse of an unborn child. They may take the expectant mother into custody, and the county social service department may offer services to the mother. If the services are refused, the department may request the district attorney to file a CHIPS petition with the juvenile court.

### JUVENILE COURT PROCEEDINGS

Act 292 provides that the juvenile court has exclusive original jurisdiction over both the expectant mother and her unborn child when she endangers her unborn child through the habitual abuse of alcohol or other drugs. The court may order the expectant mother into custody, if she refuses to accept prompt and adequate treatment when it is offered.

If the juvenile court finds that the unborn child needs protection or services, it has several options. It may order counseling, supervision by a social service agency, out-of-home placement, or participation in outpatient or inpatient AODA treatment. After the child is born, the court may also order services for the child if there is a need. The court may not place an expec-

Prepared by Richard L. Roe, Research Analyst

tant mother outside her home unless she refuses to accept AODA services when they are offered to her.  It also may not order inpatient treatment unless the treatment is appropriate for her needs and provided in the least restrictive environment consistent with those needs.

**FOR MORE INFORMATION**

For copies of 1997 Wisconsin Act 292, contact the Legislative Reference Bureau at (608) 266-0342.  Acts can be downloaded from the legislature's website at **http://www.legis.state.wi.us/billtrack.html**.

# APPENDIX 2

# State of Wisconsin



**1997 Assembly Bill 463**

Date of enactment: **June 16, 1998**
Date of publication*: **June 30, 1998**

# 1997 WISCONSIN ACT 292

AN ACT *to renumber and amend* 48.207 (2), 48.27 (1) and 48.27 (4) (intro.); *to amend* 38.24 (1s) (a), 46.001, 46.03 (7) (a), 46.238, 46.40 (7m), 46.51 (title), 46.51 (1), 46.51 (3), 46.51 (4), 46.51 (5), 46.95 (2) (a), 48.01 (1) (intro.), 48.01 (1) (a), 48.01 (1) (br), 48.01 (1) (dm), 48.02 (17m), 48.06 (1) (a) 1., 48.06 (1) (a) 3., 48.06 (1) (am) 3., 48.06 (2) (c), 48.065 (1), 48.065 (2) (gm), 48.065 (3) (c), 48.065 (3) (e), 48.067 (1), 48.067 (2), 48.067 (3), 48.067 (4), 48.067 (6m), 48.067 (8), 48.069 (1) (a), 48.069 (1) (c), 48.07 (4), 48.08 (1), 48.09 (5), 48.135 (title), 48.135 (1), 48.135 (2), 48.14 (5), 48.15, 48.185 (1), 48.185 (2), subchapter IV (title) of chapter 48 [precedes 48.19], 48.19 (1) (c), 48.20 (title), 48.20 (7) (b), 48.20 (8), 48.205 (title), 48.205 (1) (intro.), 48.205 (2), 48.207 (title), 48.207 (1) (intro.), 48.207 (1) (g), 48.208 (4), 48.21 (1) (b), 48.21 (3) (title), 48.21 (3) (ag), 48.21 (3) (b), 48.21 (6), 48.21 (7), 48.227 (4) (e) 2., 48.23 (4), 48.235 (3), 48.235 (6), 48.24 (1), 48.24 (1m), 48.24 (2) (a), 48.24 (2m) (a) (intro.), 48.24 (3), 48.24 (5), 48.243 (1) (intro.), (a), (b), (c), (d), (e), (f) and (g), 48.243 (4), 48.243 (5), 48.245 (1), 48.245 (2) (a) 1., 48.245 (2) (a) 2., 48.245 (2) (a) 3., 48.245 (2) (a) 4., 48.245 (2) (c), 48.245 (2r), 48.245 (3), 48.245 (4), 48.245 (5), 48.245 (8), 48.25 (1), 48.25 (2), 48.255 (1) (intro.), 48.255 (2), 48.255 (3), 48.255 (4), 48.263 (1), 48.263 (2), 48.27 (3) (a) 1., 48.27 (3) (b) 1. (intro.), 48.27 (8), 48.275 (1), 48.275 (2) (a), 48.275 (2) (b), 48.275 (2) (c), 48.275 (2) (cg) (intro.), 48.29 (1), 48.293 (2), 48.293 (3), 48.295 (1), 48.295 (1c), 48.295 (1g), 48.295 (2), 48.295 (3), 48.297 (4), 48.297 (5), 48.297 (6), 48.299 (1) (a), 48.299 (1) (ag), 48.299 (1) (b), 48.299 (4) (b), 48.299 (5), 48.30 (1), 48.30 (2), 48.30 (3), 48.30 (6), 48.30 (7), 48.30 (8) (a), 48.30 (8) (c), 48.30 (9), 48.305, 48.31 (1), 48.31 (2), 48.31 (4), 48.31 (7), 48.315 (1) (a), 48.315 (1) (b), 48.315 (1) (f), 48.32 (1), 48.32 (2) (a), 48.32 (2) (c), 48.32 (3), 48.32 (5) (intro.), 48.32 (5) (a), 48.32 (5) (b), 48.32 (6), 48.33 (1) (intro.), 48.33 (1) (a), 48.33 (1) (b), 48.33 (1) (c), 48.33 (1) (d), 48.33 (1) (f), 48.33 (2), 48.33 (4) (intro.), 48.335 (1), 48.345 (intro.), 48.345 (2), 48.345 (2m), 48.345 (13) (c), 48.35 (1) (b) (intro.), 48.35 (1) (b) 1., 48.35 (2), 48.355 (1), 48.355 (2) (a), 48.355 (2) (b) 1., 48.355 (2) (b) 1m., 48.355 (2) (b) 7., 48.355 (2) (d), 48.355 (2m), 48.355 (4), 48.355 (5), 48.355 (7), 48.356 (1), 48.356 (2), 48.357 (1), 48.357 (2), 48.357 (2m), 48.36 (2), 48.361 (1) (b), 48.361 (1) (c), 48.361 (2) (am) 1., 48.361 (2) (am) 2., 48.361 (2) (b) 1., 48.361 (2) (c), 48.362 (2), 48.362 (4) (a), 48.362 (4) (c), 48.363 (1), 48.365 (1m), 48.365 (2), 48.365 (2g) (a), 48.365 (2m) (a), 48.365 (2m) (b), 48.396 (1), 48.396 (1b), 48.396 (1d), 48.396 (5) (b), 48.396 (5) (c), 48.396 (5) (e), 48.415 (2) (a), 48.415 (2) (b) 1., 48.415 (2) (b) 2., 48.415 (2) (c), 48.44 (1), 48.45 (1) (b), 48.45 (2), 48.48 (1), 48.48 (16), 48.48 (17) (a) 1., 48.48 (17) (a) 2., 48.48 (17) (a) 3., 48.48 (17) (b), 48.52 (title), 48.52 (2) (a), 48.547 (title), 48.547 (1), 48.547 (2), 48.547 (3) (intro.), (b) and (d), 48.547 (4), 48.57 (1) (a), 48.57 (1) (b), 48.57 (1) (c), 48.57 (1) (g), 48.57 (2), 48.59 (1), 48.59 (2) (am) (title), 48.981 (1) (h) (intro.), 48.981 (1) (h) 2., 48.981 (2), 48.981 (3) (a), 48.981 (3) (b) 1., 48.981 (3) (b) 2., 48.981 (3) (bm) (intro.), 48.981 (3) (bm) 1., 48.981 (3) (bm) 2., 48.981 (3) (bm) 3., 48.981 (3) (c) 1., 48.981 (3) (c) 3., 48.981 (3) (c) 5., 48.981 (3) (c) 6., 48.981 (3) (c) 6m., 48.981 (3) (c) 7., 48.981 (3) (c) 8., 48.981 (3) (d) 1., 48.981 (3) (d) 2., 48.981 (4), 48.981 (7) (a) 1m., 48.981 (7) (a) 3m., 48.981 (7) (a) 4., 48.981 (7) (a) 5., 48.981 (7) (a) 6., 48.981 (7) (a) 10., 48.981 (7) (a) 10m., 48.981 (7) (a) 11., 48.981 (7) (a) 11m., 48.981

---

* Section 991.11, WISCONSIN STATUTES 1995–96: Effective date of acts. "Every act and every portion of an act enacted by the legislature over the governor's partial veto which does not expressly prescribe the time when it takes effect shall take effect on the day after its date of publication as designated" by the secretary of state [the date of publication may not be more than 10 working days after the date of enactment].

**1997 Assembly Bill 463**

(7) (a) 11r., 48.981 (7) (a) 17., 48.981 (8) (a), 48.981 (8) (b), 48.981 (8) (c), 48.981 (8) (d) 1., 48.981 (9), 48.985 (1), 48.985 (2), 51.13 (4) (h) 4., 51.30 (4) (b) 9., 51.30 (4) (b) 11., 51.30 (4) (b) 14., 51.30 (4) (b) 17., 51.61 (1) (intro.), 146.0255 (2), 146.0255 (3) (intro.), 146.0255 (3) (b), 146.82 (2) (a) 11., 757.69 (1) (g), 808.075 (4) (a) 4., 813.122 (1) (a), 904.085 (4) (d), 905.04 (4) (e) (title) and 938.245 (8); *to repeal and recreate* 48.46 (1); and *to create* 48.01 (1) (am), 48.01 (1) (ap), 48.01 (1) (bm), 48.02 (1) (am), 48.02 (1m), 48.029, 48.065 (2) (bm), 48.08 (3), 48.133, 48.19 (1) (cm), 48.19 (1) (d) 8., 48.193, 48.20 (4m), 48.203, 48.205 (1) (d), 48.205 (1m), 48.207 (1m), 48.207 (2) (b), 48.213, 48.23 (2m), 48.235 (1) (f), 48.235 (4m), 48.24 (2m) (a) 6., 48.255 (1m), 48.27 (1) (b), 48.27 (3) (c), 48.27 (3) (d), 48.27 (4) (b), 48.345 (14), 48.345 (15), 48.347, 48.355 (2) (b) 2m., 48.357 (5r), 48.361 (2) (a) 1m., 48.361 (2) (b) 1m., 48.362 (3m), 48.396 (2) (aj), 48.396 (2) (aj), 48.45 (1) (am), 48.45 (1r), 48.52 (1m), 48.78 (2) (aj), 48.78 (2) (ap), 48.981 (1) (ct), 48.981 (1) (h) 1m., 48.981 (3) (b) 2m., 48.981 (3) (c) 2m., 51.30 (4) (b) 11m., 51.46, 301.01 (2) (cm) and 905.04 (4) (e) 3. of the statutes; **relating to:** unborn children who are at substantial risk of serious physical injury due to the habitual lack of self–control of their expectant mothers in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree and priority for pregnant women for private treatment for alcohol or other drug abuse.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

SECTION 1m. 38.24 (1s) (a) of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

38.24 **(1s)** (a) A court–approved alcohol or other drug abuse education program offered to individuals under s. 48.245 (2) (a) 4., 48.345 (13) (b), 48.347 (5) (b), 938.245 (2) (a) 4., 938.32 (1g) (b), 938.34 (6r) (b) or (14s) (b) 3., 938.343 (10) (c) or 938.344 (2g) (a).

SECTION 2. 46.001 of the statutes is amended to read:

**46.001 Purposes of chapter.** The purposes of this chapter are to conserve human resources in Wisconsin; to provide a just and humane program of services to children and unborn children in need of protection or services and, nonmarital children and the expectant mothers of those unborn children; to prevent dependency, mental illness, developmental disability, mental infirmity and other forms of social maladjustment by a continuous attack on causes; to provide effective aid and services to all persons in need thereof and to assist those persons to achieve or regain self–dependence at the earliest possible date; to avoid duplication and waste of effort and money on the part of public and private agencies; and to coordinate and integrate a social welfare program.

SECTION 3. 46.03 (7) (a) of the statutes is amended to read:

46.03 **(7)** (a) Promote the enforcement of laws for the protection of developmentally disabled children, children and unborn children in need of protection or services and nonmarital children; and to this end cooperate with courts assigned to exercise jurisdiction under chs. 48 and 938 and, licensed child welfare agencies and public and private institutions (public and private) and take the initiative in all matters involving the interests of such those children where and unborn children when adequate provision therefor for those interests has not already been made, including the establishment and enforcement of standards for services provided under s. ss. 48.345 and 48.347.

SECTION 4m. 46.238 of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

**46.238 Infants and unborn children whose mothers abuse controlled substances or controlled substance analogs.** If a county department under s. 46.22 or 46.23 or, in a county having a population of 500,000 or more, a county department under s. 51.42 or 51.437 receives a report under s. 146.0255 (2), the county department shall offer to provide appropriate services and treatment to the child and the child's mother or to the unborn child, as defined in s. 48.02 (19), and the expectant mother of the unborn child or the county department shall make arrangements for the provision of appropriate services or treatment.

SECTION 5. 46.40 (7m) of the statutes is amended to read:

46.40 **(7m)** USE BY COUNTY OF COMMUNITY AIDS FUNDS TO PAY PRIVATE ATTORNEYS FOR CERTAIN PROCEEDINGS UNDER THE CHILDREN'S CODE. Upon application by a county department under s. 46.215, 46.22 or 46.23 to the department for permission to use funds allocated to that county department under sub. (2) to employ private counsel for the purposes specified in this subsection and a determination by the department that use of funds for those purposes does not affect any federal grants or federal funding allocated under this section, the department and the county department shall execute a contract authorizing the county department to expend, as agreed upon in the contract, funds allocated to that county department under sub. (2) to permit the county department to employ private counsel to represent the interests of the state or county in proceedings under ch. 48 relating to child abuse or neglect cases, unborn child abuse cases, proceedings to terminate parental rights and any ch. 48 cases or proceedings involving the Indian child welfare act, 25 USC 1901 to 1963.

SECTION 6. 46.51 (title) of the statutes is amended to read:

**46.51** (title) **Child abuse and neglect and unborn child abuse services.**

**1997 Assembly Bill 463**                                                                    – 3 –

SECTION 7.  46.51 (1) of the statutes is amended to read:

46.51 **(1)**  From the amounts distributed under s. 46.40 (1) for services for children and families, the department shall distribute funds to eligible counties for services related to child abuse and neglect and to unborn child abuse, including child abuse and neglect and unborn child abuse prevention, investigation and treatment.

SECTION 8.  46.51 (3) of the statutes is amended to read:

46.51 **(3)**  The department shall distribute the funds under sub. (1) to counties that have a serious problem with child abuse and neglect or with unborn child abuse according to eligibility criteria and distribution criteria to be developed by the department.

SECTION 9.  46.51 (4) of the statutes is amended to read:

46.51 **(4)**  A county may use the funds distributed under this section to fund additional foster parents and treatment foster parents to care for abused and neglected children and to fund additional staff positions to provide services related to child abuse and neglect and to unborn child abuse.

SECTION 10.  46.51 (5) of the statutes is amended to read:

46.51 **(5)**  A county may not use the funds distributed under this section to reduce its expenditures from other sources for services related to child abuse and neglect or to unborn child abuse below the level in the year before the year for which the funds are distributed.

SECTION 11m.  46.95 (2) (a) of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

46.95 **(2)** (a)  The secretary shall make grants from the appropriations under s. 20.435 (3) (cd) and (hh) to organizations for the provision of any of the services specified in sub. (1) (d).  Grants may be made to organizations which have provided those domestic abuse services in the past or to organizations which propose to provide those services in the future.  No grant may be made to fund services for child or unborn child abuse or abuse of elderly persons.

SECTION 12.  48.01 (1) (intro.) of the statutes is amended to read:

48.01 **(1)** (intro.)  This chapter may be cited as "The Children's Code".  In construing this chapter, the best interests of the child or unborn child shall always be of paramount consideration.  This chapter shall be liberally construed to effectuate the following express legislative purposes:

SECTION 13.  48.01 (1) (a) of the statutes is amended to read:

48.01 **(1)** (a)  While recognizing that the paramount goal of this chapter is to protect children and unborn children, to preserve the unity of the family, whenever appropriate, by strengthening family life through assisting parents and the expectant mothers of unborn children,

whenever appropriate, in fulfilling their ~~parental~~ responsibilities as parents or expectant mothers.  The courts and agencies responsible for child welfare should assist parents and the expectant mothers of unborn children in changing any circumstances in the home which might harm the child or unborn child, which may require the child to be placed outside the home or which may require the expectant mother to be taken into custody.  The courts should recognize that they have the authority, in appropriate cases, not to reunite a child with his or her family.  The courts and agencies responsible for child welfare should also recognize that instability and impermanence in family relationships are contrary to the welfare of children and should therefore recognize the importance of eliminating the need for children to wait unreasonable periods of time for their parents to correct the conditions that prevent their return to the family.

SECTION 14.  48.01 (1) (am) of the statutes is created to read:

48.01 **(1)** (am)  To recognize that unborn children have certain basic needs which must be provided for, including the need to develop physically to their potential and the need to be free from physical harm due to the habitual lack of self–control of their expectant mothers in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree.  It is further recognized that, when an expectant mother of an unborn child suffers from a habitual lack of self–control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, in order to ensure that the needs of the unborn child, as described in this paragraph, are provided for, the court may determine that it is in the best interests of the unborn child for the expectant mother to be ordered to receive treatment, including inpatient treatment, for that habitual lack of self–control, consistent with any applicable law relating to the rights of the expectant mother.

SECTION 14g.  48.01 (1) (ap) of the statutes is created to read:

48.01 **(1)** (ap)  To recognize the compelling need to reduce the harmful financial, societal and emotional impacts that arise and the tremendous burdens that are placed on families and the community and on the health care, social services, educational and criminal justice systems as a result of the habitual lack of self–control of expectant mothers in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, during all stages of pregnancy.

SECTION 15.  48.01 (1) (bm) of the statutes is created to read:

48.01 **(1)** (bm)  To ensure that unborn children are protected against the harmful effects resulting from the habitual lack of self–control of their expectant mothers in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree.  To effectuate this purpose and the purpose specified

in par. (am), it is the intent of the legislature that the provisions of this chapter that protect unborn children against those harmful effects and that provide for the needs of unborn children, as described in par. (am), shall be construed to apply throughout an expectant mother's pregnancy to the extent that application of those provisions throughout an expectant mother's pregnancy is constitutionally permissible and that expectant mothers who habitually lack self–control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, be encouraged to seek treatment for that habitual lack of self–control voluntarily when voluntary treatment would be practicable and effective.

**SECTION 16.** 48.01 (1) (br) of the statutes is amended to read:

48.01 **(1)** (br)  To encourage innovative and effective prevention, intervention and treatment approaches, including collaborative community efforts and the use of community–based programs, as significant strategies in planning and implementing legislative, executive and local government policies and programs relating to children and their families and substitute families and to unborn children and their expectant mothers.

**SECTION 17.**   48.01 (1) (dm) of the statutes is amended to read:

48.01 **(1)** (dm)  To divert children and unborn children from formal proceedings under this chapter to the extent that this is consistent with protection of children, unborn children and the public safety.

**SECTION 18.** 48.02 (1) (am) of the statutes is created to read:

48.02 **(1)** (am)  When used in referring to an unborn child, serious physical harm inflicted on the unborn child, and the risk of serious physical harm to the child when born, caused by the habitual lack of self–control of the expectant mother of the unborn child in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree.

**SECTION 19.** 48.02 (17m) of the statutes is amended to read:

48.02 **(17m)**  "Special treatment or care" means professional services which need to be provided to a child or his or her family to protect the well–being of the child, prevent placement of the child outside the home or meet the special needs of the child.  "Special treatment or care" also means professional services which need to be provided to the expectant mother of an unborn child to protect the physical health of the unborn child and of the child when born from the harmful effects resulting from the habitual lack of self–control of the expectant mother in the use of alcohol, controlled substances or controlled substance analogs, exhibited to a severe degree.  This term includes, but is not limited to, medical, psychological or psychiatric treatment, alcohol or other drug abuse

treatment or other services which the court finds to be necessary and appropriate.

**SECTION 20d.** 48.02 (19) of the statutes is created to read:

48.02 **(19)**  "Unborn child" means a human being from the time of fertilization to the time of birth.

**SECTION 20r.** 48.029 of the statutes is created to read:

**48.029 Pregnancy testing prohibited.**  No law enforcement agency, district attorney, corporation counsel, county department, licensed child welfare agency or other person involved in the investigation or prosecution of an allegation that an unborn child has been the victim of or is at substantial risk of abuse may, without a court order, require a person to take a pregnancy test in connection with that investigation or prosecution.

**SECTION 21m.** 48.06 (1) (a) 1. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.06 **(1)** (a) 1.  In counties with a population of 500,000 or more, the department shall provide the court with the services necessary for investigating and supervising child welfare and unborn child welfare cases under this chapter.  The department is charged with providing child welfare and unborn child welfare intake and dispositional services and with administration of the personnel and services of the child welfare and unborn child welfare intake and dispositional sections of the department.  The department shall include investigative services for all children and unborn children alleged to be in need of protection or services to be provided by the department.

**SECTION 22m.** 48.06 (1) (a) 3. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.06 **(1)** (a) 3.  The county board of supervisors does not have authority and may not assert jurisdiction over the disposition of any case or, child, unborn child or expectant mother of an unborn child after a written order is made under s. 48.21 or 48.213 or if a petition is filed under s. 48.25.

**SECTION 23m.** 48.06 (1) (am) 3. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.06 **(1)** (am) 3.  Each intake worker providing services under this chapter whose responsibilities include investigation or treatment of child abuse or neglect or unborn child abuse shall successfully complete additional training in child abuse and neglect and unborn child abuse protective services approved by the department under s. 48.981 (8) (d).  Not more than 4 hours of the additional training may be applied to the requirement under subd. 1.

**SECTION 24m.** 48.06 (2) (c) of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.06 **(2)** (c)  Each intake worker providing services under this chapter whose responsibilities include investigation or treatment of child abuse or neglect or unborn child abuse shall successfully complete additional train-

**1997 Assembly Bill 463**                                – 5 –

ing in child abuse and neglect and unborn child abuse protective services approved by the department under s. 48.981 (8) (d).  Not more than 4 hours of the additional training may be applied to the requirement under par. (b).

**SECTION 25.**  48.065 (1) of the statutes is amended to read:

48.065 **(1)**  The board of supervisors of any county may authorize the chief judge of the judicial administrative district to appoint one or more part–time or full–time juvenile court commissioners who shall serve at the discretion of the chief judge.  A juvenile court commissioner shall be licensed to practice law in this state and shall have been so licensed for at least 2 years immediately prior to appointment and shall have a demonstrated interest in the welfare of children and unborn children.  The chief judge may assign law clerks, bailiffs and deputies to the court commissioner.  The chief judge shall supervise juvenile court commissioners, law clerks, bailiffs and deputies, except that the chief judge may delegate any of those duties.

**SECTION 26.**  48.065 (2) (bm) of the statutes is created to read:

48.065 **(2)** (bm)  Conduct hearings under s. 48.213 and thereafter order an adult expectant mother of an unborn child to be held in or released from custody.

**SECTION 27.**  48.065 (2) (gm) of the statutes is amended to read:

48.065 **(2)** (gm)  Conduct uncontested proceedings under s. ss. 48.13 and 48.133.

**SECTION 28.**  48.065 (3) (c) of the statutes is amended to read:

48.065 **(3)** (c)  Make dispositions other than approving consent decrees and other than dispositions in uncontested proceedings under s. 48.13 or 48.133.

**SECTION 29.**  48.065 (3) (e) of the statutes is amended to read:

48.065 **(3)** (e)  Make changes in placements of children or of the expectant mothers of unborn children, or revisions or extensions of dispositional orders, except in uncontested proceedings under s. 48.13 or 48.133.

**SECTION 30.**  48.067 (1) of the statutes is amended to read:

48.067 **(1)**  Provide intake services 24 hours a day, 7 days a week, for the purpose of screening children taken into custody and not released under s. 48.20 (2) and the adult expectant mothers of unborn children taken into custody and not released under s. 48.203 (1);

**SECTION 31.**  48.067 (2) of the statutes is amended to read:

48.067 **(2)**  Interview, unless impossible, any child or expectant mother of an unborn child who is taken into physical custody and not released, and where when appropriate interview other available concerned parties.  If the child cannot be interviewed, the intake worker shall consult with the child's parent or a responsible adult.  If an adult expectant mother of an unborn child cannot be interviewed, the intake worker shall consult with an adult relative or friend of the adult expectant mother.  No child may be placed in a secure detention facility unless the child has been interviewed in person by an intake worker, except that if the intake worker is in a place which is distant from the place where the child is or the hour is unreasonable, as defined by written court intake rules, and if the child meets the criteria under s. 48.208, the intake worker, after consulting by telephone with the law enforcement officer who took the child into custody, may authorize the secure holding of the child while the intake worker is en route to the in–person interview or until 8 a.m. of the morning after the night on which the child was taken into custody.

**SECTION 32.**  48.067 (3) of the statutes is amended to read:

48.067 **(3)**  Determine whether the child or the expectant mother of an unborn child shall be held under s. 48.205 and such policies as the judge shall promulgate under s. 48.06 (1) or (2);

**SECTION 33.**  48.067 (4) of the statutes is amended to read:

48.067 **(4)**  If the child or the expectant mother of an unborn child is not released, determine where the child or expectant mother shall be held;

**SECTION 34.**  48.067 (6m) of the statutes is amended to read:

48.067 **(6m)**  Conduct the multidisciplinary screen in counties that have a pilot an alcohol and other drug abuse program under s. 48.547.

**SECTION 35.**  48.067 (8) of the statutes is amended to read:

48.067 **(8)**  Make interim recommendations to the court concerning children, and unborn children and their expectant mothers, awaiting final disposition under s. 48.355; and

**SECTION 36.**  48.069 (1) (a) of the statutes is amended to read:

48.069 **(1)** (a)  Supervise and assist a child and the child's family or the expectant mother of an unborn child pursuant to informal dispositions, a consent decree or order of the court.

**SECTION 37.**  48.069 (1) (c) of the statutes is amended to read:

48.069 **(1)** (c)  Make an affirmative effort to obtain necessary or desired services for the child and the child's family or for the expectant mother of an unborn child and investigate and develop resources toward that end.

**SECTION 38.**  48.07 (4) of the statutes is amended to read:

48.07 **(4)**  COUNTY DEPARTMENTS THAT PROVIDE DEVELOPMENTAL DISABILITIES, MENTAL HEALTH OR ALCOHOL AND OTHER DRUG ABUSE SERVICES.  Within the limits of available state and federal funds and of county funds appropriated to match state funds, the court may order county departments established under s. 51.42 or 51.437

to provide special treatment or care to a child if special treatment or care has been ordered under s. 48.345 (6) and if s. 48.362 (4) applies <u>or to provide special treatment or care to the expectant mother of an unborn child if special treatment or care has been ordered under s. 48.347 (4) and if s. 48.362 (4) applies</u>.

**SECTION 39.** 48.08 (1) of the statutes is amended to read:

48.08 **(1)**  It is the duty of each person appointed to furnish services to the court as provided in ss. 48.06 and 48.07 to make such investigations and exercise such discretionary powers as the judge may direct, to keep a written record of such investigations and to submit a report to the judge.  Such person shall keep informed concerning the conduct and condition of ~~the~~ <u>a</u> child <u>or expectant mother of an unborn child</u> under the person's supervision and shall report ~~thereon~~ <u>on that conduct and condition</u> as the judge directs.

**SECTION 40.** 48.08 (3) of the statutes is created to read:

48.08 **(3)**  Any person authorized to provide or providing intake or dispositional services for the court under s. 48.067 or 48.069 has the power of police officers and deputy sheriffs only for the purpose of taking the expectant mother of an unborn child into physical custody when the expectant mother comes voluntarily or when there is a substantial risk that the physical health of the unborn child, and of the child when born, will be seriously affected or endangered due to the expectant mother's habitual lack of self–control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree.

**SECTION 41.** 48.09 (5) of the statutes is amended to read:

48.09 **(5)**  By the district attorney or, if designated by the county board of supervisors, by the corporation counsel, in any matter arising under s. 48.13<u>, 48.133</u> or 48.977.  If the county board transfers this authority to or from the district attorney on or after May 11, 1990, the board may do so only if the action is effective on September 1 of an odd–numbered year and the board notifies the department of administration of that change by January 1 of that odd–numbered year.

**SECTION 42.** 48.133 of the statutes is created to read:

**48.133 Jurisdiction over unborn children in need of protection or services and the expectant mothers of those unborn children.**  The court has exclusive original jurisdiction over an unborn child alleged to be in need of protection or services which can be ordered by the court whose expectant mother habitually lacks self–control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, to the extent that there is a substantial risk that the physical health of the unborn child, and of the child when born, will be seriously affected or endangered unless the expectant mother receives prompt and adequate treatment for that habitual lack of self–control.  The court also has exclusive original jurisdiction over the expectant mother of an unborn child described in this section.

**SECTION 43.** 48.135 (title) of the statutes is amended to read:

**48.135**  (title)  **Referral of children <u>and expectant mothers of unborn children</u> to proceedings under chapter 51 or 55.**

**SECTION 44.** 48.135 (1) of the statutes is amended to read:

48.135 **(1)**  If a child alleged to be in need of protection or services <u>or a child expectant mother of an unborn child alleged to be in need of protection or services</u> is before the court and it appears that the child <u>or child expectant mother</u> is developmentally disabled, mentally ill or drug dependent or suffers from alcoholism, the court may proceed under ch. 51 or 55.  <u>If an adult expectant mother of an unborn child alleged to be in need of protection or services is before the court and it appears that the adult expectant mother is drug dependent or suffers from alcoholism, the court may proceed under ch. 51.</u>

**SECTION 45.** 48.135 (2) of the statutes is amended to read:

48.135 **(2)**  ~~Any~~ <u>Except as provided in ss. 48.19 to 48.21 and s. 48.345 (14), any</u> voluntary or involuntary admissions, placements or commitments of a child made in or to an inpatient facility<u>,</u> as defined in s. 51.01 (10)<u>,</u> shall be governed by ch. 51 or 55.  <u>Except as provided in ss. 48.193 to 48.213 and s. 48.347 (6), any voluntary or involuntary admissions, placements or commitments of an adult expectant mother of an unborn child made in or to an inpatient facility, as defined in s. 51.01 (10), shall be governed by ch. 51.</u>

**SECTION 46.** 48.14 (5) of the statutes is amended to read:

48.14 **(5)**  Proceedings under chs. 51 and 55 which apply to minors <u>and proceedings under ch. 51 which apply to the adult expectant mothers of unborn children, if those adult expectant mothers appear to be drug dependent or to suffer from alcoholism</u>.

**SECTION 47.** 48.15 of the statutes is amended to read:

**48.15 Jurisdiction of other courts to determine legal custody.**  Nothing contained in ss. 48.13<u>, 48.133</u> and 48.14 deprives other courts of the right to determine the legal custody of children by habeas corpus or to determine the legal custody or guardianship of children if the legal custody or guardianship is incidental to the determination of causes pending in the other courts.  But the jurisdiction of the court assigned to exercise jurisdiction under this chapter and ch. 938 is paramount in all cases involving children alleged to come within the provisions of ss. 48.13 and 48.14 <u>and unborn children and their expectant mothers alleged to come within the provisions of ss. 48.133 and 48.14 (5)</u>.

**SECTION 48m.** 48.185 (1) of the statutes, as affected by 1997 Wisconsin Act 80, is amended to read:

**1997 Assembly Bill 463**                                   – 7 –

48.185 (**1**)  Subject to sub. (2), venue for any proceeding under ss. 48.13, <u>48.133</u>, 48.135 and 48.14 (1) to (9) may be in any of the following: the county where the child <u>or the expectant mother of the unborn child</u> resides or the county where the child <u>or expectant mother</u> is present.  Venue for proceedings brought under subch. VIII is as provided in this subsection except where the child has been placed and is living outside the home of the child's parent pursuant to a dispositional order, in which case venue is as provided in sub. (2).  Venue for a proceeding under s. 48.14 (10) is as provided in s. 801.50 (5s).

**SECTION 49.**  48.185 (2) of the statutes is amended to read:

48.185 (**2**)  In an action under s. 48.41, venue shall be in the county where the birth parent or child resides at the time that the petition is filed.  Venue for any proceeding under s. 48.363, 48.365 or 48.977, or any proceeding under subch. VIII when the child has been placed outside the home pursuant to a dispositional order under s. 48.345 <u>or 48.347</u>, shall be in the county where the dispositional order was issued, unless the child's county of residence has changed, or the parent of the child <u>or the expectant mother of the unborn child</u> has resided in a different county of this state for 6 months.  In either case, the court may, upon a motion and for good cause shown, transfer the case, along with all appropriate records, to the county of residence of the child <del>or,</del> parent <u>or expectant mother</u>.

**SECTION 49x.**  Subchapter IV (title) of chapter 48 [precedes 48.19] of the statutes is amended to read:

**CHAPTER 48**
SUBCHAPTER IV
HOLDING A CHILD <u>OR AN</u>
<u>EXPECTANT MOTHER</u> IN CUSTODY

**SECTION 50.**  48.19 (1) (c) of the statutes is amended to read:

48.19 (**1**) (c)  An order of the judge if made upon a showing satisfactory to the judge that the welfare of the child demands that the child be immediately removed from his or her present custody.  The order shall specify that the child be held in custody under s. 48.207 <u>(1)</u>.

**SECTION 51.**  48.19 (1) (cm) of the statutes is created to read:

48.19 (**1**) (cm)  An order of the judge if made upon a showing satisfactory to the judge that the child is an expectant mother, that due to the child expectant mother's habitual lack of self–control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, there is a substantial risk that the physical health of the unborn child, and of the child when born, will be seriously affected or endangered unless the child expectant mother is taken into custody and that the child expectant mother is refusing or has refused to accept any alcohol or other drug abuse services offered to her or is not making or has not made a good faith effort to participate in any alcohol or other drug

abuse services offered to her.  The order shall specify that the child expectant mother be held in custody under s. 48.207 (1).

**SECTION 52.**  48.19 (1) (d) 8. of the statutes is created to read:

48.19 (**1**) (d) 8.  The child is an expectant mother and there is a substantial risk that the physical health of the unborn child, and of the child when born, will be seriously affected or endangered due to the child expectant mother's habitual lack of self–control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, unless the child expectant mother is taken into custody.

**SECTION 53.**  48.193 of the statutes is created to read:

**48.193 Taking an adult expectant mother into custody. (1)**  An adult expectant mother of an unborn child may be taken into custody under any of the following:

(a)  A warrant.

(b)  A capias issued by a judge under s. 48.28.

(c)  An order of the judge if made upon a showing satisfactory to the judge that due to the adult expectant mother's habitual lack of self–control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, there is a substantial risk that the physical health of the unborn child, and of the child when born, will be seriously affected or endangered unless the adult expectant mother is taken into custody and that the adult expectant mother is refusing or has refused to accept any alcohol or other drug abuse services offered to her or is not making or has not made a good faith effort to participate in any alcohol or other drug abuse services offered to her.  The order shall specify that the adult expectant mother be held in custody under s. 48.207 (1m).

(d)  Circumstances in which a law enforcement officer believes on reasonable grounds that any of the following conditions exists:

1.  A capias or warrant for the apprehension of the adult expectant mother has been issued in this state or in another state.

2.  There is a substantial risk that the physical health of the unborn child, and of the child when born, will be seriously affected or endangered due to the adult expectant mother's habitual lack of self–control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, unless the adult expectant mother is taken into custody.

3.  The adult expectant mother has violated the conditions of an order under s. 48.213 (3) or the conditions of an order for temporary physical custody by an intake worker.

(**2**)  When an adult expectant mother of an unborn child is taken into physical custody as provided in this section, the person taking the adult expectant mother into custody shall immediately attempt to notify an adult relative or friend of the adult expectant mother by the most

practical means.  The person taking the adult expectant mother into custody shall continue such attempt until an adult relative or friend is notified, or the adult expectant mother is delivered to an intake worker under s. 48.203 (2), whichever occurs first.  If the adult expectant mother is delivered to the intake worker before an adult relative or friend is notified, the intake worker, or another person at his or her direction, shall continue the attempt to notify until an adult relative or friend of the adult expectant mother is notified.

**(3)** Taking into custody is not an arrest except for the purpose of determining whether the taking into custody or the obtaining of any evidence is lawful.

**SECTION 54.**  48.20 (title) of the statutes is amended to read:

**48.20**  (title)  **Release or delivery of child from custody.**

**SECTION 55.**  48.20 (4m) of the statutes is created to read:

48.20 **(4m)**  If the child is an expectant mother and if the unborn child or child expectant mother is believed to be suffering from a serious physical condition which requires either prompt diagnosis or prompt treatment, the person taking the child expectant mother into physical custody, the intake worker or other appropriate person shall deliver the child expectant mother to a hospital as defined in s. 50.33 (2) (a) and (c) or physician's office.

**SECTION 56.**  48.20 (7) (b) of the statutes is amended to read:

48.20 **(7)** (b)  The intake worker shall review the need to hold the child in custody and shall make every effort to release the child from custody as provided in par. (c).  The intake worker shall base his or her decision as to whether to release the child or to continue to hold the child in custody on the criteria specified in s. 48.205 (1) and criteria established under s. 48.06 (1) or (2).

**SECTION 57.**  48.20 (8) of the statutes is amended to read:

48.20 **(8)**  If a child is held in custody, the intake worker shall notify the child's parent, guardian and legal custodian of the reasons for holding the child in custody and of the child's whereabouts unless there is reason to believe that notice would present imminent danger to the child.  ~~If a child who has violated the terms of aftercare supervision administered by the department of corrections or a county department is held in custody, the intake worker shall also notify the department of corrections or county department, whichever has supervision over the child, of the reasons for holding the child in custody, of the child's whereabouts and of the time and place of the detention hearing required under s. 48.21.~~  The parent, guardian and legal custodian shall also be notified of the time and place of the detention hearing required under s. 48.21, the nature and possible consequences of that hearing, and the right to present and cross–examine witnesses at the hearing.  If the parent, guardian or legal custodian

is not immediately available, the intake worker or another person designated by the court shall provide notice as soon as possible.  When the child is ~~alleged to be in need of protection or services and is~~ 12 years of age or older, the child shall receive the same notice about the detention hearing as the parent, guardian or legal custodian.  The intake worker shall notify both the child and the child's parent, guardian or legal custodian.  <u>When the child is an expectant mother who has been taken into custody under s. 48.19 (1) (cm) or (d) 8., the unborn child, through the unborn child's guardian ad litem, shall receive the same notice about the whereabouts of the child expectant mother, about the reasons for holding the child expectant mother in custody and about the detention hearing as the child expectant mother and her parent, guardian or legal custodian.  The intake worker shall notify the child expectant mother, her parent, guardian or legal custodian and the unborn child, by the unborn child's guardian ad litem.</u>

**SECTION 58.**  48.203 of the statutes is created to read:

**48.203  Release or delivery of adult expectant mother from custody. (1)**  A person taking an adult expectant mother of an unborn child into custody shall make every effort to release the adult expectant mother to an adult relative or friend of the adult expectant mother after counseling or warning the adult expectant mother as may be appropriate or, if an adult relative or friend is unavailable, unwilling or unable to accept the release of the adult expectant mother, the person taking the adult expectant mother into custody may release the adult expectant mother under the adult expectant mother's own supervision after counseling or warning the adult expectant mother as may be appropriate.

**(2)**  If the adult expectant mother is not released under sub. (1), the person who took the adult expectant mother into custody shall arrange in a manner determined by the court and law enforcement agencies for the adult expectant mother to be interviewed by the intake worker under s. 48.067 (2), and shall make a statement in writing with supporting facts of the reasons why the adult expectant mother was taken into physical custody and shall give the adult expectant mother a copy of the statement in addition to giving a copy to the intake worker.  When the intake interview is not done in person, the report may be read to the intake worker.

**(3)**  If the unborn child or adult expectant mother is believed to be suffering from a serious physical condition which requires either prompt diagnosis or prompt treatment, the person taking the adult expectant mother into physical custody, the intake worker or other appropriate person shall deliver the adult expectant mother to a hospital, as defined in s. 50.33 (2) (a) and (c), or physician's office.

**(4)**  If the adult expectant mother is believed to be mentally ill, drug dependent or developmentally disabled, and exhibits conduct which constitutes a substantial probability of physical harm to herself or others, or

**1997 Assembly Bill 463**                                                            – 9 –

a substantial probability of physical impairment or injury to the adult expectant mother exists due to the impaired judgment of the adult expectant mother, and the standards of s. 51.15 are met, the person taking the adult expectant mother into physical custody, the intake worker or other appropriate person shall proceed under s. 51.15.

**(5)**  If the adult expectant mother is believed to be an intoxicated person who has threatened, attempted or inflicted physical harm on herself or on another and is likely to inflict such physical harm unless committed, or is incapacitated by alcohol, the person taking the adult expectant mother into physical custody, the intake worker or other appropriate person shall proceed under s. 51.45 (11).

**(6)** (a)  When an adult expectant mother is interviewed by an intake worker, the intake worker shall inform the adult expectant mother of her right to counsel.

(b)  The intake worker shall review the need to hold the adult expectant mother in custody and shall make every effort to release the adult expectant mother from custody as provided in par. (c).  The intake worker shall base his or her decision as to whether to release the adult expectant mother or to continue to hold the adult expectant mother in custody on the criteria specified in s. 48.205 (1m) and criteria established under s. 48.06 (1) or (2).

(c)  The intake worker may release the adult expectant mother to an adult relative or friend of the adult expectant mother after counseling or warning the adult expectant mother as may be appropriate or, if an adult relative or friend is unavailable, unwilling or unable to accept the release of the adult expectant mother, the intake worker may release the adult expectant mother under the adult expectant mother's own supervision after counseling or warning the adult expectant mother as may be appropriate.

**(7)**  If an adult expectant mother is held in custody, the intake worker shall notify the adult expectant mother and the unborn child, through the unborn child's guardian ad litem, of the reasons for holding the adult expectant mother in custody, the time and place of the detention hearing required under s. 48.213, the nature and possible consequences of that hearing, and the right to present and cross–examine witnesses at the hearing.

**SECTION 59.**  48.205 (title) of the statutes is amended to read:

**48.205**  (title)  **Criteria for holding a child _or expectant mother_ in physical custody.**

**SECTION 60.**  48.205 (1) (intro.) of the statutes is amended to read:

48.205 **(1)** (intro.)  A child may be held under s. 48.207 (1), 48.208 or 48.209 if the intake worker determines that there is probable cause to believe the child is within the jurisdiction of the court and:

**SECTION 61.**  48.205 (1) (d) of the statutes is created to read:

48.205 **(1)** (d)  Probable cause exists to believe that the child is an expectant mother, that if the child expectant mother is not held, there is a substantial risk that the physical health of the unborn child, and of the child when born, will be seriously affected or endangered by the child expectant mother's habitual lack of self–control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, and that the child expectant mother is refusing or has refused to accept any alcohol or other drug abuse services offered to her or is not making or has not made a good faith effort to participate in any alcohol or other drug abuse services offered to her.

**SECTION 62.**  48.205 (1m) of the statutes is created to read:

48.205 **(1m)**  An adult expectant mother of an unborn child may be held under s. 48.207 (1m) if the intake worker determines that there is probable cause to believe that the adult expectant mother is within the jurisdiction of the court, to believe that if the adult expectant mother is not held, there is a substantial risk that the physical health of the unborn child, and of the child when born, will be seriously affected or endangered by the adult expectant mother's habitual lack of self–control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, and to believe that the adult expectant mother is refusing or has refused to accept any alcohol or other drug abuse services offered to her or is not making or has not made a good faith effort to participate in any alcohol or other drug abuse services offered to her.

**SECTION 63.**  48.205 (2) of the statutes is amended to read:

48.205 **(2)**  The criteria for holding a child _or the expectant mother of an unborn child_ in custody specified in this section shall govern the decision of all persons responsible for determining whether the action is appropriate.

**SECTION 64.**  48.207 (title) of the statutes is amended to read:

**48.207**  (title)  **Places where a child _or expectant mother_ may be held in nonsecure custody.**

**SECTION 65.**  48.207 (1) (intro.) of the statutes is amended to read:

48.207 **(1)** (intro.)  A child held in physical custody under s. 48.205 (1) may be held in any of the following places:

**SECTION 66.**  48.207 (1) (g) of the statutes is amended to read:

48.207 **(1)** (g)  A hospital as defined in s. 50.33 (2) (a) and (c) or physician's office if the child is held under s. 48.20 (4) _or (4m)_.

**SECTION 67.**  48.207 (1m) of the statutes is created to read:

48.207 **(1m)**  An adult expectant mother of an unborn child held in physical custody under s. 48.205 (1m) may be held in any of the following places:

(a)  The home of an adult relative or friend of the adult expectant mother.

(b)  A licensed community–based residential facility, as defined in s. 50.01 (1g), if the placement does not violate the conditions of the license.

(c)  A hospital, as defined in s. 50.33 (2) (a) and (c), or a physician's office if the adult expectant mother is held under s. 48.203 (3).

(d)  A place listed in s. 51.15 (2) if the adult expectant mother is held under s. 48.203 (4).

(e)  An approved public treatment facility for emergency treatment if the adult expectant mother is held under s. 48.203 (5).

SECTION 68m.  48.207 (2) of the statutes, as affected by 1997 Wisconsin Act 27, is renumbered 48.207 (2) (a) and amended to read:

48.207 **(2)** (a)  If a facility listed in sub. (1) (b) to (k) is used to hold ~~children~~ a child in custody, or if supervisory services of a home detention program are provided to ~~children~~ a child held under sub. (1) (a), ~~its~~ the authorized rate of the facility for the care of the child or the authorized rate for those supervisory services shall be paid by the county in a county having a population of less than 500,000 or by the department in a county having a population of 500,000 or more.  If no authorized rate has been established, a reasonable sum to be fixed by the court shall be paid by the county in a county having a population of less than 500,000 or by the department in a county having a population of 500,000 or more for the supervision or care of the child.

SECTION 69m.  48.207 (2) (b) of the statutes is created to read:

48.207 **(2)** (b)  If a facility listed in sub. (1m) (b) to (e) is used to hold an expectant mother of an unborn child in custody, or if supervisory services of a home detention program are provided to an expectant mother held under sub. (1m) (a), the authorized rate of the facility for the care of the expectant mother or the authorized rate for those supervisory services shall be paid by the county in a county having a population of less than 500,000 or by the department in a county having a population of 500,000 or more.  If no authorized rate has been established, a reasonable sum to be fixed by the court shall be paid by the county in a county having a population of less than 500,000 or by the department in a county having a population of 500,000 or more for the supervision or care of the expectant mother.

SECTION 70.  48.208 (4) of the statutes is amended to read:

48.208 **(4)**  Probable cause exists to believe that the child, having been placed in nonsecure custody by an intake worker under s. 48.207 (1) or by the judge or juvenile court commissioner under s. 48.21 (4), has run away or

committed a delinquent act and no other suitable alternative exists.

SECTION 71.  48.21 (1) (b) of the statutes is amended to read:

48.21 **(1)** (b)  If no petition has been filed by the time of the hearing, a child may be held in custody with approval of the judge or juvenile court commissioner for an additional 72 hours from the time of the hearing, excluding Saturdays, Sundays and legal holidays, only if, as a result of the facts brought forth at the hearing, the judge or juvenile court commissioner determines that probable cause exists to believe that the child is an imminent danger to himself or herself or to others, ~~or~~ that probable cause exists to believe that the parent, guardian or legal custodian of the child or other responsible adult is neglecting, refusing, unable or unavailable to provide adequate supervision and care or, if the child is an expectant mother who was taken into custody under s. 48.19 (1) (cm) or (d) 8., that probable cause exists to believe that there is a substantial risk that if the child expectant mother is not held, the physical health of the unborn child, and of the child when born, will be seriously affected or endangered by the child expectant mother's habitual lack of self–control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, and to believe that the child expectant mother is refusing or has refused to accept any alcohol or other drug abuse services offered to her or is not making or has not made a good faith effort to participate in any alcohol or other drug abuse services offered to her.  The extension may be granted only once for any petition.  In the event of failure to file a petition within the extension period provided for in this paragraph, the judge or juvenile court commissioner shall order the child's immediate release from custody.

SECTION 72g.  48.21 (3) (title) of the statutes is amended to read:

48.21 **(3)** (title)  PROCEEDINGS CONCERNING CHILDREN IN NEED OF PROTECTION OR SERVICES AND UNBORN CHILDREN IN NEED OF PROTECTION OR SERVICES AND THEIR CHILD EXPECTANT MOTHERS.

SECTION 72m.  48.21 (3) (ag) of the statutes, as affected by 1997 Wisconsin Act 35, is amended to read:

48.21 **(3)** (ag)  Proceedings concerning a child who comes within the jurisdiction of the court under s. 48.13 or an unborn child and a child expectant mother of the unborn child who come within the jurisdiction of the court under s. 48.133 shall be conducted according to this subsection.

SECTION 73.  48.21 (3) (b) of the statutes is amended to read:

48.21 **(3)** (b)  If present at the hearing, a copy of the petition shall be given to the parent, guardian or legal custodian, and to the child if he or she is 12 years of age or older, before the hearing begins.  If the child is an expectant mother who has been taken into custody under s.

**1997 Assembly Bill 463**                                      – 11 –

48.19 (1) (cm) or (d) 8., a copy of the petition shall also be given to the unborn child, through the unborn child's guardian ad litem, before the hearing begins. Prior notice of the hearing shall be given to the child's parent, guardian and legal custodian ~~and~~, to the child if he or she is 12 years of age or older and, if the child is an expectant mother who has been taken into custody under s. 48.19 (1) (cm) or (d) 8., to the unborn child, through the unborn child's guardian ad litem, in accordance with s. 48.20 (8).

**SECTION 74.** 48.21 (6) of the statutes is amended to read:

48.21 **(6)** AMENDMENT OF ORDER. An order placing a child under sub. (4) (a) on conditions specified in this section may at any time be amended, with notice, so as to ~~return~~ place the child ~~to~~ in another form of custody for failure to conform to the conditions originally imposed. A child may be transferred to secure custody if he or she meets the criteria of s. 48.208.

**SECTION 75.** 48.21 (7) of the statutes is amended to read:

48.21 **(7)** INFORMAL DISPOSITION. If the judge or juvenile court commissioner determines that the best interests of the child and the public are served or, in the case of a child expectant mother who has been taken into custody under s. 48.19 (1) (cm) or (d) 8., that the best interests of the unborn child and the public are served, he or she may enter a consent decree under s. 48.32 or order the petition dismissed and refer the matter to the intake worker for informal disposition in accordance with s. 48.245.

**SECTION 76.** 48.213 of the statutes is created to read:

**48.213 Hearing for adult expectant mother in custody. (1)** HEARING; WHEN HELD. (a) If an adult expectant mother of an unborn child who has been taken into custody is not released under s. 48.203, a hearing to determine whether the adult expectant mother shall continue to be held in custody under the criteria of s. 48.205 (1m) shall be conducted by the judge or juvenile court commissioner within 48 hours after the time that the decision to hold the adult expectant mother was made, excluding Saturdays, Sundays and legal holidays. By the time of the hearing a petition under s. 48.25 shall be filed, except that no petition need be filed when an adult expectant mother is taken into custody under s. 48.193 (1) (b) or (d) 1. or 3., in which case a written statement of the reasons for holding the adult expectant mother in custody shall be substituted if the petition is not filed. If no hearing has been held within those 48 hours, excluding Saturdays, Sundays and legal holidays, or if no petition or statement has been filed at the time of the hearing, the adult expectant mother shall be released except as provided in par. (b).

(b) If no petition has been filed by the time of the hearing, an adult expectant mother of an unborn child may be held in custody with the approval of the judge or juvenile court commissioner for an additional 72 hours after the time of the hearing, excluding Saturdays, Sundays and legal holidays, only if, as a result of the facts brought forth at the hearing, the judge or juvenile court commissioner determines that probable cause exists to believe that there is a substantial risk that if the adult expectant mother is not held, the physical health of the unborn child, and of the child when born, will be seriously affected or endangered by the adult expectant mother's habitual lack of self–control in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree, and to believe that the adult expectant mother is refusing or has refused to accept any alcohol or other drug abuse services offered to her or is not making or has not made a good faith effort to participate in any alcohol or other drug abuse services offered to her. The extension may be granted only once for any petition. In the event of failure to file a petition within the extension period provided for in this paragraph, the judge or juvenile court commissioner shall order the adult expectant mother's immediate release from custody.

**(2)** PROCEEDINGS CONCERNING UNBORN CHILDREN IN NEED OF PROTECTION OR SERVICES AND THEIR ADULT EXPECTANT MOTHERS. (a) Proceedings concerning an unborn child and an adult expectant mother of the unborn child who come within the jurisdiction of the court under s. 48.133 shall be conducted according to this subsection.

(b) The adult expectant mother may waive the hearing under this section. After any waiver, a hearing shall be granted at the request of any interested party.

(c) A copy of the petition shall be given to the adult expectant mother, and to the unborn child, through the unborn child's guardian ad litem, before the hearing begins. Prior notice of the hearing shall be given to the adult expectant mother and unborn child in accordance with s. 48.203 (7).

(d) Prior to the commencement of the hearing, the adult expectant mother and the unborn child, through the unborn child's guardian ad litem, shall be informed by the court of the allegations that have been made or may be made, the nature and possible consequences of this hearing as compared to possible future hearings, the right to confront and cross–examine witnesses and the right to present witnesses.

(e) If the adult expectant mother is not represented by counsel at the hearing and the adult expectant mother is continued in custody as a result of the hearing, the adult expectant mother may request through counsel subsequently appointed or retained or through a guardian ad litem that the order to hold the adult expectant mother in custody be reheard. If the request is made, a rehearing shall take place as soon as possible. Any order to hold the adult expectant mother in custody shall be subject to rehearing for good cause, whether or not counsel was present.

**(3)** CONTINUATION OF CUSTODY. If the judge or juvenile court commissioner finds that the adult expectant

mother should be continued in custody under the criteria of s. 48.205 (1m), the judge or juvenile court commissioner shall enter one of the following orders:

(a)  Release the adult expectant mother and impose reasonable restrictions on the adult expectant mother's travel, association with other persons or places of abode during the period of the order, including a condition requiring the adult expectant mother to return to other custody as requested; or subject the adult expectant mother to the supervision of an agency agreeing to supervise the adult expectant mother.  Reasonable restrictions may be placed upon the conduct of the adult expectant mother which may be necessary to ensure the safety of the unborn child and of the child when born.

(b)  Order the adult expectant mother to be held in an appropriate manner under s. 48.207 (1m).

(4)  ORDERS IN WRITING.  All orders to hold an adult expectant mother of an unborn child in custody shall be in writing, listing the reasons and criteria forming the basis for the decision.

(5)  AMENDMENT OF ORDER.  An order under sub. (3) (a) imposing restrictions on an adult expectant mother of an unborn child may at any time be amended, with notice, so as to place the adult expectant mother in another form of custody for failure of the adult expectant mother to conform to the conditions originally imposed.

(6)  INFORMAL DISPOSITION.  If the judge or juvenile court commissioner determines that the best interests of the unborn child and the public are served, the judge or juvenile court commissioner may enter a consent decree under s. 48.32 or order the petition dismissed and refer the matter to the intake worker for informal disposition in accordance with s. 48.245.

SECTION 77.  48.227 (4) (e) 2. of the statutes is amended to read:

48.227 (4) (e) 2.  That, with the consent of the child and the runaway home, the child remain in the care of the runaway home for a period of not more than 20 days.  Without further proceedings, the child shall be released whenever the child indicates, either by statement or conduct, that he or she wishes to leave the home or whenever the runaway home withdraws its consent.  During this time period not to exceed 20 days ordered by the court, the child's parent, guardian or legal custodian may not remove the child from the home but may confer with the child or with the person operating the home.  If, at the conclusion of the time period ordered by the court the child has not left the home, and no petition concerning the child has been filed under s.  48.13, 48.133, 938.12 or 938.13, the child shall be released from the home.  If a petition concerning the child has been filed under s. 48.13, 48.133, 938.12 or 938.13, the child may be held in temporary physical custody under ss. 48.20 to 48.21 or 938.20 to 938.21.

SECTION 78.  48.23 (2m) of the statutes is created to read:

48.23 (2m)  RIGHT OF EXPECTANT MOTHER TO COUNSEL.  (a)  When an unborn child is alleged to be in need of protection or services under s. 48.133, the expectant mother of the unborn child, if the expectant mother is a child, shall be represented by counsel and may not waive counsel.

(b)  If a petition under s. 48.133 is contested, no expectant mother may be placed outside of her home unless the expectant mother is represented by counsel at the fact–finding hearing and subsequent proceedings.  If the petition is not contested, the expectant mother may not be placed outside of her home unless the expectant mother is represented by counsel at the hearing at which the placement is made.  An adult expectant mother, however, may waive counsel if the court is satisfied that the waiver is knowingly and voluntarily made and the court may place the adult expectant mother outside of her home even though the adult expectant mother was not represented by counsel.

(c)  For an expectant mother under 12 years of age, the judge may appoint a guardian ad litem instead of counsel.

SECTION 79.  48.23 (4) of the statutes is amended to read:

48.23 (4)  PROVIDING COUNSEL.  In any situation under this section in which a person has a right to be represented by counsel or is provided counsel at the discretion of the court and counsel is not knowingly and voluntarily waived, the court shall refer the person to the state public defender and counsel shall be appointed by the state public defender under s. 977.08 without a determination of indigency.  If the referral is of a person who has filed a petition under s. 48.375 (7), the state public defender shall appoint counsel within 24 hours after that referral.  Any counsel appointed in a petition filed under s. 48.375 (7) shall continue to represent the child in any appeal brought under s. 809.105 unless the child requests substitution of counsel or extenuating circumstances make it impossible for counsel to continue to represent the child.  In any situation under sub. (2) or (2m) in which a parent 18 years of age or older over or an adult expectant mother is entitled to representation by counsel; counsel is not knowingly and voluntarily waived; and it appears that the parent or adult expectant mother is unable to afford counsel in full, or the parent or adult expectant mother so indicates; the court shall refer the parent or adult expectant mother to the authority for indigency determinations specified under s. 977.07 (1).  In any other situation under this section in which a person has a right to be represented by counsel or is provided counsel at the discretion of the court, competent and independent counsel shall be provided and reimbursed in any manner suitable to the court regardless of the person's ability to pay, except that the court may not order a person who files a petition under s. 813.122 or 813.125 to reimburse counsel for the child who is named as the respondent in that petition.

**1997 Assembly Bill 463**                                               – 13 –

SECTION 80. 48.235 (1) (f) of the statutes is created to read:

48.235 **(1)** (f) The court shall appoint a guardian ad litem, or extend the appointment of a guardian ad litem previously appointed under par. (a), for any unborn child alleged or found to be in need of protection or services.

SECTION 81. 48.235 (3) of the statutes is amended to read:

48.235 **(3)** DUTIES AND RESPONSIBILITIES. (a) The guardian ad litem shall be an advocate for the best interests of the person or unborn child for whom the appointment is made. The guardian ad litem shall function independently, in the same manner as an attorney for a party to the action, and shall consider, but shall not be bound by, the wishes of such that person or the positions of others as to the best interests of such that person or unborn child. If the guardian ad litem determines that the best interests of the person are substantially inconsistent with the wishes of such that person, the guardian ad litem shall so inform the court and the court may appoint counsel to represent that person. The guardian ad litem has none of the rights or duties of a general guardian.

(b) In addition to any other duties and responsibilities required of a guardian ad litem, a guardian ad litem appointed for a child who is the subject of a proceeding under s. 48.13 or for an unborn child who is the subject of a proceeding under s. 48.133 shall do all of the following:

1. Unless granted leave by the court not to do so, personally, or through a trained designee, meet with the child or expectant mother of the unborn child, assess the appropriateness and safety of the child's environment of the child or unborn child and, if the child is old enough to communicate, interview the child and determine the child's goals and concerns regarding his or her placement.

2. Make clear and specific recommendations to the court concerning the best interest of the child or unborn child at every stage of the proceeding.

SECTION 82. 48.235 (4m) of the statutes is created to read:

48.235 **(4m)** MATTERS INVOLVING UNBORN CHILD IN NEED OF PROTECTION OR SERVICES. (a) In any matter involving an unborn child found to be in need of protection or services, the guardian ad litem may, if reappointed or if the appointment is continued under sub. (7), do any of the following:

1. Participate in permanency planning under ss. 48.38 and 48.43 (5) after the child is born.

2. Petition for a change in placement under s. 48.357.

3. Petition for termination of parental rights or any other matter specified under s. 48.14 after the child is born.

3m. Petition for a commitment of the expectant mother of the unborn child under ch. 51 as specified in s. 48.14 (5).

4. Petition for revision of dispositional orders under s. 48.363.

5. Petition for extension of dispositional orders under s. 48.365.

6. Petition for a temporary restraining order and injunction under s. 813.122 or 813.125 after the child is born.

7. Petition for relief from a judgment terminating parental rights under s. 48.46 after the child is born.

7g. Petition for the appointment of a guardian under s. 48.977 (2), the revision of a guardianship order under s. 48.977 (6) or the removal of a guardian under s. 48.977 (7) after the child is born.

7m. Bring an action or motion for the determination of the child's paternity under s. 767.45 after the child is born.

8. Perform any other duties consistent with this chapter.

(b) The court shall order the agency identified under s. 48.355 (2) (b) 1. as primarily responsible for the provision of services to notify the guardian ad litem, if any, regarding actions to be taken under par. (a).

SECTION 83. 48.235 (6) of the statutes is amended to read:

48.235 **(6)** COMMUNICATION TO A JURY. In jury trials under this chapter, the guardian ad litem or the court may tell the jury that the guardian ad litem represents the interests of the person or unborn child for whom the guardian ad litem was appointed.

SECTION 84. 48.24 (1) of the statutes is amended to read:

48.24 **(1)** Information indicating that a child or an unborn child should be referred to the court as in need of protection or services shall be referred to the intake worker, who shall conduct an intake inquiry on behalf of the court to determine whether the available facts establish prima facie jurisdiction and to determine the best interests of the child or unborn child and of the public with regard to any action to be taken.

SECTION 85. 48.24 (1m) of the statutes is amended to read:

48.24 **(1m)** As part of the intake inquiry, the intake worker shall inform the child and the child's parent, guardian and legal custodian that they, or the adult expectant mother of an unborn child that she, may request counseling from a person designated by the court to provide dispositional services under s. 48.069.

SECTION 86. 48.24 (2) (a) of the statutes is amended to read:

48.24 **(2)** (a) As part of the intake inquiry the intake worker may conduct multidisciplinary screens and intake conferences with notice to the child, parent, guardian and legal custodian or to the adult expectant mother of the unborn child. If sub. (2m) applies, the intake worker shall conduct a multidisciplinary screen under s. 48.547 if the

child or expectant mother has not refused to participate under par. (b).

**SECTION 87.** 48.24 (2m) (a) (intro.) of the statutes is amended to read:

48.24 **(2m)** (a) (intro.) In counties that have a pilot an alcohol and other drug abuse program under s. 48.547, a multidisciplinary screen shall be conducted for:

**SECTION 88.** 48.24 (2m) (a) 6. of the statutes is created to read:

48.24 **(2m)** (a) 6. Any expectant mother 12 years of age or over who requests and consents to a multidisciplinary screen.

**SECTION 89.** 48.24 (3) of the statutes is amended to read:

48.24 **(3)** If the intake worker determines as a result of the intake inquiry that the child or unborn child should be referred to the court, the intake worker shall request that the district attorney, corporation counsel or other official specified in s. 48.09 file a petition.

**SECTION 90.** 48.24 (5) of the statutes is amended to read:

48.24 **(5)** The intake worker shall request that a petition be filed, enter into an informal disposition or close the case within 40 days or sooner of receipt of referral information. If the case is closed or an informal disposition is entered into, the district attorney, corporation counsel or other official under s. 48.09 shall receive written notice of such action. If a law enforcement officer has made a recommendation concerning the child, or the unborn child and the expectant mother of the unborn child, the intake worker shall forward this recommendation to the district attorney, corporation counsel or other official under s. 48.09. With respect to petitioning a child or unborn child to be in need of protection or services, information received more than 40 days before filing the petition may be included to establish a condition or pattern which, together with information received within the 40–day period, provides a basis for conferring jurisdiction on the court. The judge shall dismiss with prejudice any such petition which is not referred or filed within the time limits specified within this subsection.

**SECTION 91.** 48.243 (1) (intro.), (a), (b), (c), (d), (e), (f) and (g) of the statutes are amended to read:

48.243 **(1)** (intro.) Before conferring with the parent, expectant mother or child during the intake inquiry, the intake worker shall personally inform parents, expectant mothers and children 12 years of age or older who are the focus of an inquiry regarding the need for protection or services that the referral may result in a petition to the court and of all of the following:

(a) What allegations could be in the petition;.

(b) The nature and possible consequences of the proceedings;.

(c) The right to remain silent and the fact that silence of any party may be relevant;.

(d) The right to confront and cross–examine those appearing against them;.

(e) The right of the child to counsel under s. 48.23;.

(f) The right to present and subpoena witnesses;.

(g) The right to a jury trial; and.

**SECTION 92m.** 48.243 (4) of the statutes, as affected by 1997 Wisconsin Act 35, is amended to read:

48.243 **(4)** This section does not apply if the child or expectant mother was present at a hearing under s. 48.21 or 48.213.

**SECTION 93.** 48.243 (3) of the statutes is amended to read:

48.243 **(3)** If the child or expectant mother has not had a hearing under s. 48.21 or 48.213 and was not present at an intake conference under s. 48.24, the intake worker shall inform the child, parent, guardian and legal custodian, or expectant mother, as appropriate of, of the basic rights provided under this section. This The notice shall be given verbally, either in person or by telephone, and in writing. This notice shall be given so as to allow the child, parent, guardian or, legal custodian or adult expectant mother sufficient time to prepare for the plea hearing. This subsection does not apply to cases of informal disposition under s. 48.245.

**SECTION 94.** 48.245 (1) of the statutes is amended to read:

48.245 **(1)** The intake worker may enter into a written agreement with all parties which imposes informal disposition under this section if the intake worker has determined that neither the interests of the child or unborn child nor of the public require filing of a petition for circumstances relating to ss. 48.13 to 48.14. Informal disposition shall be available only if the facts persuade the intake worker that the jurisdiction of the court, if sought, would exist and upon consent of the child, parent, guardian and legal custodian; or upon consent of the child expectant mother, her parent, guardian and legal custodian and the unborn child, by the unborn child's guardian ad litem; or upon consent of the adult expectant mother and the unborn child, by the unborn child's guardian ad litem.

**SECTION 95.** 48.245 (2) (a) 1. of the statutes is amended to read:

48.245 **(2)** (a) 1. That the child appear with a parent, guardian or legal custodian for counseling and advice or that the adult expectant mother appear for counseling and advice.

**SECTION 96.** 48.245 (2) (a) 2. of the statutes is amended to read:

48.245 **(2)** (a) 2. That the child and a parent, guardian and legal custodian abide by such obligations as will tend to ensure the child's rehabilitation, protection or care of the child or that the expectant mother abide by such obligations as will tend to ensure the protection or care of the unborn child and the rehabilitation of the expectant mother.

**1997 Assembly Bill 463**                                                – 15 –

SECTION 97.  48.245 (2) (a) 3. of the statutes is amended to read:

48.245 **(2)** (a) 3.  That the child or expectant mother submit to an alcohol and other drug abuse assessment that conforms to the criteria specified under s. 48.547 (4) and that is conducted by an approved treatment facility for an examination of the child's use of alcohol beverages, controlled substances or controlled substance analogs by the child or expectant mother and any medical, personal, family or social effects caused by its use, if the multidisciplinary screen conducted under s. 48.24 (2) shows that the child or expectant mother is at risk of having needs and problems related to the use of alcohol beverages, controlled substances or controlled substance analogs and its medical, personal, family or social effects.

SECTION 98.  48.245 (2) (a) 4. of the statutes is amended to read:

48.245 **(2)** (a) 4.  That the child or expectant mother participate in an alcohol and other drug abuse outpatient treatment program or an education program relating to the abuse of alcohol beverages, controlled substances or controlled substance analogs, if an alcohol and other drug abuse assessment conducted under subd. 3. recommends outpatient treatment or education.

SECTION 99.  48.245 (2) (c) of the statutes is amended to read:

48.245 **(2)** (c)  If the informal disposition provides for alcohol and other drug abuse outpatient treatment under par. (a) 4., the child and the child's parent, guardian or legal custodian, or the adult expectant mother, shall execute an informed consent form that indicates that they are, or that she is, voluntarily and knowingly entering into an informal disposition agreement for the provision of alcohol and other drug abuse outpatient treatment.

SECTION 100.  48.245 (2r) of the statutes is amended to read:

48.245 **(2r)**  If an informal disposition is based on allegations that a child or an unborn child is in need of protection or services, the intake worker may, after giving written notice to the child and the child's parent, guardian and legal custodian and their counsel, if any, or after giving written notice to the child expectant mother, her parent, guardian and legal custodian and their counsel, if any, and the unborn child by the unborn child's guardian ad litem, or after giving written notice to the adult expectant mother, her counsel, if any, and the unborn child, by the unborn child's guardian ad litem, extend the informal disposition for up to an additional 6 months unless the child or the child's parent, guardian or legal custodian, the child expectant mother, her parent, guardian or legal custodian or the unborn child by the unborn child's guardian ad litem, or the adult expectant mother or the unborn child by the unborn child's guardian ad litem, objects to the extension.  If the child or the child's parent, guardian or legal custodian, the child expectant mother, her parent, guardian or legal custodian or

the unborn child by the unborn child's guardian ad litem, or the adult expectant mother or the unborn child by the unborn child's guardian ad litem, objects to the extension, the intake worker may recommend to the district attorney or corporation counsel that a petition be filed under s. 48.13 or 48.133.  An extension under this subsection may be granted only once for any informal disposition.  An extension under this subsection of an informal disposition relating to an unborn child who is alleged to be in need of protection or services may be granted after the child is born.

SECTION 101.  48.245 (3) of the statutes is amended to read:

48.245 **(3)**  The obligations imposed under an informal disposition and its effective date shall be set forth in writing.  The child and a parent, guardian and legal custodian, the child expectant mother, her parent, guardian and legal custodian and the unborn child by the unborn child's guardian ad litem, or the adult expectant mother and the unborn child by the unborn child's guardian ad litem, shall receive a copy, as shall any agency providing services under the agreement.

SECTION 102m.  48.245 (4) of the statutes, as affected by 1997 Wisconsin Act 80, is amended to read:

48.245 **(4)**  The intake worker shall inform the child and the child's parent, guardian and legal custodian, the child expectant mother, her parent, guardian and legal custodian and the unborn child by the unborn child's guardian ad litem, or the adult expectant mother and the unborn child by the unborn child's guardian ad litem, in writing of their right to terminate the informal disposition at any time or object at any time to the fact or terms of the informal disposition.  If an objection arises the intake worker may alter the terms of the agreement or request the district attorney or corporation counsel to file a petition.  If the informal disposition is terminated the intake worker may request the district attorney or corporation counsel to file a petition.

SECTION 103.  48.245 (5) of the statutes is amended to read:

48.245 **(5)**  Informal disposition shall be terminated upon the request of the child, parent, guardian or legal custodian, upon request of the child expectant mother, her parent, guardian or legal custodian or the unborn child by the unborn child's guardian ad litem, or upon the request of the adult expectant mother or the unborn child by the unborn child's guardian ad litem.

SECTION 104.  48.245 (8) of the statutes is amended to read:

48.245 **(8)**  If the obligations imposed under the informal disposition are met, the intake worker shall so inform the child and a parent, guardian and legal custodian, the child expectant mother, her parent, guardian and legal custodian and the unborn child by the unborn child's guardian ad litem, or the adult expectant mother and the unborn child by the unborn child's guardian ad litem, in

writing, and no petition may be filed on the charges that brought about the informal disposition nor may the charges be the sole basis for a petition under ss. 48.13 to 48.14.

**SECTION 105.** 48.25 (1) of the statutes is amended to read:

48.25 **(1)** A petition initiating proceedings under this chapter shall be signed by a person who has knowledge of the facts alleged or is informed of them and believes them to be true. The district attorney, corporation counsel or other appropriate official specified under s. 48.09 may file the petition if the proceeding is under s. 48.13 or 48.133. The counsel or guardian ad litem for a parent, relative, guardian or child may file a petition under s. 48.13 or 48.14. The counsel or guardian ad litem for an expectant mother or the guardian ad litem for an unborn child may file a petition under s. 48.133. The district attorney, corporation counsel or other appropriate person designated by the court may initiate proceedings under s. 48.14 in a manner specified by the court.

**SECTION 106.** 48.25 (2) of the statutes is amended to read:

48.25 **(2)** If the proceeding is brought under s. 48.13 or 48.133, the district attorney, corporation counsel or other appropriate official shall file the petition, close the case, or refer the case back to intake within 20 days after the date that the intake worker's recommendation was filed. A referral back to intake may be made only when the district attorney, corporation counsel or other appropriate official decides not to file a petition or determines that further investigation is necessary. If the case is referred back to intake upon a decision not to file a petition, the intake worker shall close the case or enter into an informal disposition within 20 days. If the case is referred back to intake for further investigation, the appropriate agency or person shall complete the investigation within 20 days. If another referral is made to the district attorney, corporation counsel or other appropriate official, it shall be considered a new referral to which the time limits of this subsection shall apply. The time limits in this subsection may only be extended by a judge upon a showing of good cause under s. 48.315. If a petition is not filed within the time limitations set forth in this subsection and the court has not granted an extension, the petition shall be accompanied by a statement of reasons for the delay. The court shall dismiss with prejudice a petition which was not timely filed unless the court finds at the plea hearing that good cause has been shown for failure to meet the time limitations.

**SECTION 107.** 48.255 (1) (intro.) of the statutes is amended to read:

48.255 **(1)** (intro.) A petition initiating proceedings under this chapter, other than a petition under s. 48.133, shall be entitled, "In the interest of (child's name), a person under the age of 18" and shall set forth with specificity:

**SECTION 108.** 48.255 (1m) of the statutes is created to read:

48.255 **(1m)** A petition initiating proceedings under s. 48.133 shall be entitled "In the interest of (J. Doe), an unborn child, and (expectant mother's name), the unborn child's expectant mother" and shall set forth with specificity:

(a) The estimated gestational age of the unborn child.

(b) The name, birth date and address of the expectant mother.

(bm) The names and addresses of the parent, guardian, legal custodian or spouse, if any, of the expectant mother, if the expectant mother is a child, the name and address of the spouse, if any, of the expectant mother, if the expectant mother is an adult, or, if no such person can be identified, the name and address of the nearest relative of the expectant mother.

(c) Whether the expectant mother is in custody and, if so, the place where the expectant mother is being held and the time when the expectant mother was taken into custody unless there is reasonable cause to believe that disclosure of that information would result in imminent danger to the unborn child, expectant mother or physical custodian.

(d) Whether the unborn child, when born, may be subject to the federal Indian Child Welfare Act, 25 USC 1911 to 1963.

(e) Reliable and credible information which forms the basis of the allegations necessary to invoke the jurisdiction of the court under s. 48.133 and to provide reasonable notice of the conduct or circumstances to be considered by the court, together with a statement that the unborn child is in need of protection or care and that the expectant mother is in need of supervision, services, care or rehabilitation.

**SECTION 109.** 48.255 (2) of the statutes is amended to read:

48.255 **(2)** If any of the facts in required under sub. (1) (a) to (cm) or (1m) (a) to (d) are not known or cannot be ascertained by the petitioner, the petition shall so state.

**SECTION 110.** 48.255 (3) of the statutes is amended to read:

48.255 **(3)** If the information required under sub. (1) (e) or (1m) (e) is not stated, the petition shall be dismissed or amended under s. 48.263 (2).

**SECTION 111.** 48.255 (4) of the statutes is amended to read:

48.255 **(4)** A copy of the a petition under sub. (1) shall be given to the child if the child is 12 years of age or older over and to the parents, guardian, legal custodian and physical custodian. A copy of a petition under sub. (1m) shall be given to the child expectant mother, if 12 years of age or over, her parents, guardian, legal custodian and physical custodian and the unborn child by the unborn child's guardian ad litem or to the adult expectant mother, the unborn child through the unborn child's guardian ad

litem and the physical custodian of the expectant mother, if any. A copy of a petition under sub. (1) or (1m) shall also be given to the tribe or band with which the child is affiliated or with which the unborn child may be eligible for affiliation when born, if the child is an Indian child or the unborn child may be an Indian child when born.

**SECTION 112.** 48.263 (1) of the statutes is amended to read:

48.263 **(1)** Except as provided in s. 48.255 (3), no petition, process or other proceeding may be dismissed or reversed for any error or mistake if the case and the identity of the child or expectant mother named in the petition may be readily understood by the court; and the court may order an amendment curing the defects.

**SECTION 113.** 48.263 (2) of the statutes is amended to read:

48.263 **(2)** With reasonable notification to the interested parties and prior to the taking of a plea under s. 48.30, the petition may be amended at the discretion of the court or person who filed the petition. After the taking of a plea, if the child is alleged to be in need of protection or services, the petition may be amended provided any objecting party is allowed a continuance for a reasonable time.

**SECTION 114.** 48.27 (1) of the statutes is renumbered 48.27 (1) (a) and amended to read:

48.27 **(1)** (a) After a petition has been filed relating to facts concerning a situation specified under ss. s. 48.13 or a situation specified in s. 48.133 involving an expectant mother who is a child, unless the parties under sub. (3) voluntarily appear, the court may issue a summons requiring the person who has legal custody of the child to appear personally, and, if the court so orders, to bring the child before the court at a time and place stated.

**SECTION 115.** 48.27 (1) (b) of the statutes is created to read:

48.27 **(1)** (b) After a petition has been filed relating to facts concerning a situation specified under s. 48.133 involving an expectant mother who is an adult, unless the adult expectant mother voluntarily appears, the court may issue a summons requiring the adult expectant mother to appear personally before the court at a time and place stated.

**SECTION 116.** 48.27 (3) (a) 1. of the statutes is amended to read:

48.27 **(3)** (a) 1. The If the petition that was filed relates to facts concerning a situation under s. 48.13 or a situation under s. 48.133 involving an expectant mother who is a child, the court shall also notify, under s. 48.273, the child, any parent, guardian and legal custodian of the child, any foster parent, treatment foster parent or other physical custodian described in s. 48.62 (2) of the child, the unborn child by the unborn child's guardian ad litem, if applicable, and any person specified in par. (b) or (d), if applicable, of all hearings involving the child except hearings on motions for which notice need only be pro-

vided to the child and his or her counsel. Where When parents who are entitled to notice have the same place of residence, notice to one shall constitute notice to the other. The first notice to any interested party, foster parent, treatment foster parent or other physical custodian described in s. 48.62 (2) shall be written and may have a copy of the petition attached to it. Thereafter, notice of hearings may be given by telephone at least 72 hours before the time of the hearing. The person giving telephone notice shall place in the case file a signed statement of the time notice was given and the person to whom he or she spoke.

**SECTION 117.** 48.27 (3) (b) 1. (intro.) of the statutes is amended to read:

48.27 **(3)** (b) 1. (intro.) Except as provided in subd. 2., if the petition that was filed relates to facts concerning a situation under s. 48.13 or a situation under s. 48.133 involving an expectant mother who is a child and if the child is a nonmarital child who is not adopted or whose parents do not subsequently intermarry as provided under s. 767.60 and if paternity has not been established, the court shall notify, under s. 48.273, all of the following persons:

**SECTION 118.** 48.27 (3) (c) of the statutes is created to read:

48.27 **(3)** (c) If the petition that was filed relates to facts concerning a situation under s. 48.133 involving an expectant mother who is an adult, the court shall notify, under s. 48.273, the unborn child by the unborn child's guardian ad litem, the expectant mother, the physical custodian of the expectant mother, if any, and any person specified in par. (d), if applicable, of all hearings involving the unborn child and expectant mother except hearings on motions for which notice need only be provided to the expectant mother and her counsel and the unborn child through the unborn child's guardian ad litem. The first notice to any interested party shall be written and may have a copy of the petition attached to it. Thereafter, notice of hearings may be given by telephone at least 72 hours before the time of the hearing. The person giving telephone notice shall place in the case file a signed statement of the time notice was given and the person to whom he or she spoke.

**SECTION 119.** 48.27 (3) (d) of the statutes is created to read:

48.27 **(3)** (d) If the petition that was filed relates to facts concerning a situation under s. 48.133 concerning an unborn child who, when born, will be an Indian child, the court shall notify, under s. 48.273, the tribe or band with which the unborn child will be affiliated when born and that tribe or band may, at the court's discretion, intervene in the proceeding before the unborn child is born.

**SECTION 120.** 48.27 (4) (intro.) of the statutes is renumbered 48.27 (4) (a) (intro.) and amended to read:

48.27 **(4)** (a) (intro.) The A notice under sub. (3) (a) or (b) shall:

**SECTION 121.** 48.27 (4) (b) of the statutes is created to read:

48.27 **(4)** (b)  A notice under sub. (3) (c) shall:

(a)  Contain the name of the adult expectant mother, and the nature, location, date and time of the hearing.

(b)  Advise the adult expectant mother of her right to legal counsel regardless of ability to pay.

**SECTION 122.** 48.27 (8) of the statutes is amended to read:

48.27 **(8)**  When a petition is filed under s. 48.13 or when a petition involving an expectant mother who is a child is filed under s. 48.133, the court shall notify, in writing, the child's parents or guardian that they may be ordered to reimburse this state or the county for the costs of legal counsel provided for the child, as provided under s. 48.275 (2).

**SECTION 123.** 48.275 (1) of the statutes is amended to read:

48.275 **(1)**  If the court finds a child to be in need of protection or services under s. 48.13 or an unborn child of an expectant mother who is a child to be in need of protection or services under s. 48.133, the court shall order the parents parent of the child to contribute toward the expense of post–adjudication services to the child expectant mother and the child when born the proportion of the total amount which the court finds the parents are parent is able to pay.  If the court finds an unborn child of an expectant mother who is an adult to be in need of protection or services under s. 48.133, the court shall order the adult expectant mother to contribute toward the expense of post–adjudication services to the adult expectant mother and the child when born the proportion of the total amount which the court finds the adult expectant mother is able to pay.

**SECTION 124.** 48.275 (2) (a) of the statutes is amended to read:

48.275 **(2)** (a)  If this state or a county provides legal counsel to a child who is subject to a proceeding under s. 48.13 or to a child expectant mother who is subject to a proceeding under s. 48.133, the court shall order the child's parent to reimburse the state or county in accordance with par. (b) or (c).  If this state or a county provides legal counsel to an adult expectant mother who is subject to a proceeding under s. 48.133, the court shall order the adult expectant mother to reimburse the state or county in accordance with par. (b) or (c).  The court may not order reimbursement if a parent is the complaining or petitioning party or if the court finds that the interests of the parent and the interests of the child in the proceeding are substantially and directly adverse and that reimbursement would be unfair to the parent.  The court may not order reimbursement until the completion of the proceeding or until the state or county is no longer providing the child or expectant mother with legal counsel in the proceeding.

**SECTION 125.** 48.275 (2) (b) of the statutes is amended to read:

48.275 **(2)** (b)  If this state provides the child or adult expectant mother with legal counsel and the court orders reimbursement under par. (a), the child's parent or the adult expectant mother may request the state public defender to determine whether the parent or adult expectant mother is indigent as provided under s. 977.07 and to determine the amount of reimbursement.  If the parent or adult expectant mother is found not to be indigent, the amount of reimbursement shall be the maximum amount established by the public defender board.  If the parent or adult expectant mother is found to be indigent in part, the amount of reimbursement shall be the amount of partial payment determined in accordance with the rules of the public defender board under s. 977.02 (3).

**SECTION 126.** 48.275 (2) (c) of the statutes is amended to read:

48.275 **(2)** (c)  If the county provides the child or adult expectant mother with legal counsel and the court orders reimbursement under par. (a), the court shall either make a determination of indigency or shall appoint the county department to make the determination.  If the court or the county department finds that the parent or adult expectant mother is not indigent or is indigent in part, the court shall establish the amount of reimbursement and shall order the parent or adult expectant mother to pay it.

**SECTION 127.** 48.275 (2) (cg) (intro.) of the statutes is amended to read:

48.275 **(2)** (cg) (intro.)  The court shall, upon motion by a parent or expectant mother, hold a hearing to review any of the following:

**SECTION 128.** 48.29 (1) of the statutes is amended to read:

48.29 **(1)**  The child, or the child's parent, guardian or legal custodian, the expectant mother or the unborn child by the unborn child's guardian ad litem, either before or during the plea hearing, may file a written request with the clerk of the court or other person acting as the clerk for a substitution of the judge assigned to the proceeding.  Upon filing the written request, the filing party shall immediately mail or deliver a copy of the request to the judge named therein.  Whenever in the request.  When any person has the right to request a substitution of judge, that person's counsel or guardian ad litem may file the request.  Not more than one such written request may be filed in any one proceeding, nor may any single request name more than one judge.  This section shall does not apply to proceedings under s. 48.21 or 48.213.

**SECTION 129.** 48.293 (2) of the statutes is amended to read:

48.293 **(2)**  All records relating to a child, or to an unborn child and the unborn child's expectant mother, which are relevant to the subject matter of a proceeding under this chapter shall be open to inspection by a guard-

ian ad litem or counsel for any party, upon demand and upon presentation of releases ~~where~~ <u>when</u> necessary, at least 48 hours before the proceeding. Persons <u>and unborn children, by their guardians ad litem,</u> entitled to inspect the records may obtain copies of the records with the permission of the custodian of the records or with permission of the court. The court may instruct counsel not to disclose specified items in the materials to the child or the parent<u>, or to the expectant mother,</u> if the court reasonably believes that the disclosure would be harmful to the interests of the child <u>or the unborn child</u>.

**SECTION 130.** 48.293 (3) of the statutes is amended to read:

48.293 **(3)** Upon request prior to the fact–finding hearing, counsel for the interests of the public shall disclose to the child, ~~child's~~ <u>through his or her</u> counsel or guardian ad litem<u>, or to the unborn child, through the unborn child's guardian ad litem,</u> the existence of any videotaped oral statement of a child under s. 908.08 which is within the possession, custody or control of the state and shall make reasonable arrangements for the requesting person to view the videotaped oral statement. If, subsequent to compliance with this subsection, the state obtains possession, custody or control of such a videotaped statement, counsel for the interests of the public shall promptly notify the requesting person of that fact and make reasonable arrangements for the requesting person to view the videotaped oral statement.

**SECTION 131m.** 48.295 (1) of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.295 **(1)** After the filing of a petition and upon a finding by the court that reasonable cause exists to warrant an examination or an alcohol and other drug abuse assessment that conforms to the criteria specified under s. 48.547 (4), the court may order any child coming within its jurisdiction to be examined as an outpatient by personnel in an approved treatment facility for alcohol and other drug abuse, by a physician, psychiatrist or licensed psychologist, or by another expert appointed by the court holding at least a master's degree in social work or another related field of child development, in order that the child's physical, psychological, alcohol or other drug dependency, mental or developmental condition may be considered. The court may also order an examination or an alcohol and other drug abuse assessment that conforms to the criteria specified under s. 48.547 (4) of a parent, guardian or legal custodian whose ability to care for a child is at issue before the court <u>or of an expectant mother whose ability to control her use of alcohol beverages, controlled substances or controlled substance analogs is at issue before the court</u>. The court shall hear any objections by the child, the child's parents, guardian or legal custodian to the request for such an examination or assessment before ordering the examination or assessment. The expenses of an examination, if approved by the court, shall be paid by the county of the court ordering the

examination in a county having a population of less than 500,000 or by the department in a county having a population of 500,000 or more. The payment for an alcohol and other drug abuse assessment shall be in accordance with s. 48.361.

**SECTION 132.** 48.295 (1c) of the statutes is amended to read:

48.295 **(1c)** Reasonable cause is considered to exist to warrant an alcohol and other drug abuse assessment under sub. (1) if the multidisciplinary screen procedure conducted under s. 48.24 (2) indicates that the child <u>or expectant mother</u> is at risk of having needs and problems related to alcohol or other drug abuse.

**SECTION 133.** 48.295 (1g) of the statutes is amended to read:

48.295 **(1g)** If the court orders an alcohol or other drug abuse assessment under sub. (1), the approved treatment facility shall, within 14 days after the court order, report the results of the assessment to the court, except that, upon request by the approved treatment facility and if the child <u>is not an expectant mother under s. 48.133 and</u> is not held in secure or nonsecure custody, the court may extend the period for assessment for not more than 20 additional working days. The report shall include a recommendation as to whether the child <u>or expectant mother</u> is in need of treatment for abuse of alcohol beverages, controlled substances or controlled substance analogs or education relating to the use of alcohol beverages, controlled substances and controlled substance analogs and, if so, shall recommend a service plan and an appropriate treatment, from an approved treatment facility, or a court–approved education program.

**SECTION 134.** 48.295 (2) of the statutes is amended to read:

48.295 **(2)** The examiner shall file a report of the examination with the court by the date specified in the order. The court shall cause copies to be transmitted to the district attorney or corporation counsel ~~and to the child's,~~ <u>to</u> counsel <u>or guardian ad litem for the child and, if applicable, to counsel or guardian ad litem for the unborn child and the unborn child's expectant mother</u>. The report shall describe the nature of the examination and identify the persons interviewed, the particular records reviewed and any tests administered to the child <u>or expectant mother</u>. The report shall also state in reasonable detail the facts and reasoning upon which the examiner's opinions are based.

**SECTION 135.** 48.295 (3) of the statutes is amended to read:

48.295 **(3)** If the child ~~or a,~~ <u>the child's</u> parent <u>or the expectant mother</u> objects to a particular physician, psychiatrist, licensed psychologist or other expert as required under this section, the court shall appoint a different physician, psychiatrist, psychologist or other expert as required under this section.

**SECTION 136.** 48.297 (4) of the statutes is amended to read:

48.297 **(4)** Although the taking of a child or an expectant mother of an unborn child into custody is not an arrest, it that taking into custody shall be considered an arrest for the purpose of deciding motions which require a decision about the propriety of taking into custody, including but not limited to motions to suppress evidence as illegally seized, motions to suppress statements as illegally obtained and motions challenging the lawfulness of the taking into custody.

**SECTION 137.** 48.297 (5) of the statutes is amended to read:

48.297 **(5)** If the child or the expectant mother of an unborn child is in custody and the court grants a motion to dismiss based upon on a defect in the petition or in the institution of the proceedings, the court may order the child or expectant mother to be continued in custody for not more than 48 hours pending the filing of a new petition.

**SECTION 138.** 48.297 (6) of the statutes is amended to read:

48.297 **(6)** A motion required to be served on a child may be served upon on his or her attorney of record. A motion required to be served on an unborn child may be served on the unborn child's guardian ad litem.

**SECTION 139.** 48.299 (1) (a) of the statutes is amended to read:

48.299 **(1)** (a) The general public shall be excluded from hearings under this chapter and from hearings by courts exercising jurisdiction under s. 48.16 unless a public fact–finding hearing is demanded by a child through his or her counsel, by an expectant mother through her counsel or by an unborn child through the unborn child's guardian ad litem. However, the court shall refuse to grant the public hearing in a proceeding other than a proceeding under s. 48.375 (7), if a parent or, guardian, expectant mother or unborn child through the unborn child's guardian ad litem objects.

**SECTION 140.** 48.299 (1) (ag) of the statutes is amended to read:

48.299 **(1)** (ag) In a proceeding other than a proceeding under s. 48.375 (7), if a public hearing is not held, only the parties and their counsel or guardian ad litem, if any, the child's foster parent, treatment foster parent or other physical custodian described in s. 48.62 (2), witnesses and other persons requested by a party and approved by the court may be present, except that the court may exclude a foster parent, treatment foster parent or other physical custodian described in s. 48.62 (2) from any portion of the hearing if that portion of the hearing deals with sensitive personal information of the child or the child's family or if the court determines that excluding the foster parent, treatment foster parent or other physical custodian would be in the best interests of the child. Except in a proceeding under s. 48.375 (7), any

other person the court finds to have a proper interest in the case or in the work of the court, including a member of the bar, may be admitted by the court.

**SECTION 141.** 48.299 (1) (b) of the statutes is amended to read:

48.299 **(1)** (b) Except as provided in ss. 48.375 (7) (e) and 48.396, any person who divulges any information which would identify the child, the expectant mother or the family involved in any proceeding under this chapter shall be subject to ch. 785. This paragraph does not preclude a victim of the child's act from commencing a civil action based upon the child's act.

**SECTION 142.** 48.299 (4) (b) of the statutes is amended to read:

48.299 **(4)** (b) Except as provided in s. 901.05, neither common law nor statutory rules of evidence are binding at a hearing for a child held in custody under s. 48.21, a hearing for an adult expectant mother held in custody under s. 48.213, a runaway home hearing under s. 48.227 (4), a dispositional hearing, or a hearing about changes in placement, revision of dispositional orders, extension of dispositional orders or termination of guardianship orders entered under s. 48.977 (4) (h) 2. or (6). At those hearings, the court shall admit all testimony having reasonable probative value, but shall exclude immaterial, irrelevant or unduly repetitious testimony or evidence that is inadmissible under s. 901.05. Hearsay evidence may be admitted if it has demonstrable circumstantial guarantees of trustworthiness. The court shall give effect to the rules of privilege recognized by law. The court shall apply the basic principles of relevancy, materiality and probative value to proof of all questions of fact. Objections to evidentiary offers and offers of proof of evidence not admitted may be made and shall be noted in the record.

**SECTION 143.** 48.299 (5) of the statutes is amended to read:

48.299 **(5)** On request of any party, unless good cause to the contrary is shown, any hearing under s. 48.209 (1) (e) or, 48.21 (1) or 48.213 (1) may be held on the record by telephone or live audio–visual means or testimony may be received by telephone or live audio–visual means as prescribed in s. 807.13 (2). The request and the showing of good cause for not conducting the hearing or admitting testimony by telephone or live audio–visual means may be made by telephone.

**SECTION 144.** 48.30 (1) of the statutes is amended to read:

48.30 **(1)** Except as provided in this subsection, the hearing to determine whether any party wishes to contest an allegation that the child or unborn child is in need of protection or services shall take place on a date which allows reasonable time for the parties to prepare but is within 30 days after the filing of a petition for a child or an expectant mother who is not being held in secure custody

**1997 Assembly Bill 463**                                                – 21 –

or within 10 days after the filing of a petition for a child who is being held in secure custody.

**SECTION 145.** 48.30 (2) of the statutes is amended to read:

48.30 **(2)**  At the commencement of the hearing under this section the child and the parent, guardian or legal custodian, the child expectant mother, her parent, guardian or legal custodian and the unborn child through the unborn child's guardian ad litem or the adult expectant mother and the unborn child through the unborn child's guardian ad litem, shall be advised of their rights as specified in s. 48.243 and shall be informed that a request for a jury trial or for a substitution of judge under s. 48.29 must be made before the end of the plea hearing or be waived.  Nonpetitioning parties, including the child, shall be granted a continuance of the plea hearing if they wish to consult with an attorney on the request for a jury trial or substitution of a judge.

**SECTION 146.** 48.30 (3) of the statutes is amended to read:

48.30 **(3)**  If a petition alleges that a child is in need of protection or services under s. 48.13 or that an unborn child of a child expectant mother is in need of protection or services under s. 48.133, the nonpetitioning parties and the child, if he or she is 12 years of age or older or is otherwise competent to do so, shall state whether they desire to contest the petition.  If a petition alleges that an unborn child of an adult expectant mother is in need of protection or services under s. 48.133, the adult expectant mother of the unborn child shall state whether she desires to contest the petition.

**SECTION 147.** 48.30 (6) of the statutes, as affected by 1997 Wisconsin Act 3, is amended to read:

48.30 **(6)**  If a petition is not contested, the court shall set a date for the dispositional hearing which allows reasonable time for the parties to prepare but is no more than 10 days from after the plea hearing for the a child who is held in secure custody and no more than 30 days from after the plea hearing for a child or an expectant mother who is not held in secure custody.  If it appears to the court that disposition of the case may include placement of the child outside the child's home, the court shall order the child's parent to provide a statement of income, assets, debts and living expenses to the court or the designated agency under s. 48.33 (1) at least 5 days before the scheduled date of the dispositional hearing or as otherwise ordered by the court.  The clerk of court shall provide, without charge, to any parent ordered to provide a statement of income, assets, debts and living expenses a document setting forth the percentage standard established by the department of workforce development under s. 49.22 (9) and the manner of its application established by the department of health and family services under s. 46.247 and listing the factors that a court may consider under s. 46.10 (14) (c).  If all parties consent the court may proceed immediately with the dispositional hearing.

**SECTION 148.** 48.30 (7) of the statutes is amended to read:

48.30 **(7)**  If the petition is contested, the court shall set a date for the fact–finding hearing which allows reasonable time for the parties to prepare but is no more than 20 days from after the plea hearing for a child who is held in secure custody and no more than 30 days from after the plea hearing for a child or an expectant mother who is not held in secure custody.

**SECTION 149.** 48.30 (8) (a) of the statutes is amended to read:

48.30 **(8)** (a)  Address the parties present including the child or expectant mother personally and determine that the plea or admission is made voluntarily with understanding of the nature of the acts alleged in the petition and the potential dispositions.

**SECTION 150.** 48.30 (8) (c) of the statutes is amended to read:

48.30 **(8)** (c)  Make such inquiries as satisfactorily establishes that there is a factual basis for the parent's and child's plea or admission of the parent and child, of the parent and child expectant mother or of the adult expectant mother.

**SECTION 151.** 48.30 (9) of the statutes is amended to read:

48.30 **(9)**  If a court commissioner conducts the plea hearing and accepts an admission of the alleged facts in a petition brought under s. 48.13 or 48.133, the judge shall review the admission at the beginning of the dispositional hearing by addressing the parties and making the inquiries set forth in sub. (8).

**SECTION 152.** 48.305 of the statutes is amended to read:

**48.305**  (title)  **Hearing upon the involuntary removal of a child or expectant mother.**  Notwithstanding other time periods for hearings under this chapter, if a child is removed from the physical custody of the child's parent or guardian under s. 48.19 (1) (c) or (cm) or (d) 5. or 8. without the consent of the parent or guardian or if an adult expectant mother is taken into custody under s. 48.193 (1) (c) or (d) 2. without the consent of the expectant mother, the court shall schedule a plea hearing and fact–finding hearing within 30 days of after a request from the parent or guardian from whom custody was removed or from the adult expectant mother who was taken into custody.  The plea hearing and fact–finding hearing may be combined.  This time period may be extended only with the consent of the requesting parent or, guardian or expectant mother.

**SECTION 153.** 48.31 (1) of the statutes is amended to read:

48.31 **(1)**  In this section, "fact–finding hearing" means a hearing to determine if the allegations in a petition under s. 48.13 or 48.133 or a petition to terminate parental rights are proved by clear and convincing evidence.

**1997 Assembly Bill 463**

**SECTION 154.** 48.31 (2) of the statutes is amended to read:

48.31 **(2)** The hearing shall be to the court unless the child, the child's parent, guardian or legal custodian, the unborn child by the unborn child's guardian ad litem or the expectant mother of the unborn child exercises the right to a jury trial by demanding a jury trial at any time before or during the plea hearing. If a jury trial is demanded in a proceeding under s. 48.13 or 48.133, the jury shall consist of 6 persons. If a jury trial is demanded in a proceeding under s. 48.42, the jury shall consist of 12 persons unless the parties agree to a lesser number. Chapters 756 and 805 shall govern the selection of jurors. If the hearing involves a child victim or witness, as defined in s. 950.02, the court may order the taking and allow the use of a videotaped deposition under s. 967.04 (7) to (10) and, with the district attorney, shall comply with s. 971.105. At the conclusion of the hearing, the court or jury shall make a determination of the facts, except that in a case alleging a child or an unborn child to be in need of protection or services under s. 48.13 or 48.133, the court shall make the determination under s. 48.13 (intro.) or 48.133 (intro.) relating to whether the child or unborn child is in need of protection or services which can be ordered by the court. If the court finds that the child or unborn child is not within the jurisdiction of the court or, in a case alleging a child or an unborn child to be in need of protection or services under s. 48.13 or 48.133, that the child or unborn child is not in need of protection or services which can be ordered by the court or if the court or jury finds that the facts alleged in the petition have not been proved, the court shall dismiss the petition with prejudice.

**SECTION 155.** 48.31 (4) of the statutes is amended to read:

48.31 **(4)** The court or jury shall make findings of fact and the court shall make conclusions of law relating to the allegations of a petition filed under s. 48.13, 48.133 or 48.42, except that the court shall make findings of fact relating to whether the child or unborn child is in need of protection or services which can be ordered by the court. In cases alleging a child to be in need of protection or services under s. 48.13 (11), the court shall may not find that the child is suffering emotional damage unless a licensed physician specializing in psychiatry or a licensed psychologist appointed by the court to examine the child has testified at the hearing that in his or her opinion the condition exists, and adequate opportunity for the cross–examination of the physician or psychologist has been afforded. The judge may use the written reports if the right to have testimony presented is voluntarily, knowingly and intelligently waived by the guardian ad litem or legal counsel for the child and the parent or guardian. In cases alleging a child to be in need of protection or services under s. 48.13 (11m) or an unborn child to be in need of protection or services under s. 48.133, the court shall may

not find that the child or the expectant mother of the unborn child is in need of treatment and education for needs and problems related to the use or abuse of alcohol beverages, controlled substances or controlled substance analogs and its medical, personal, family or social effects unless an assessment for alcohol and other drug abuse that conforms to the criteria specified under s. 48.547 (4) has been conducted by an approved treatment facility.

**SECTION 156.** 48.31 (7) of the statutes, as affected by 1997 Wisconsin Act 3, is amended to read:

48.31 **(7)** At the close of the fact–finding hearing, the court shall set a date for the dispositional hearing which allows a reasonable time for the parties to prepare but is no more than 10 days from after the fact–finding hearing for a child in secure custody and no more than 30 days from after the fact–finding hearing for a child or expectant mother who is not held in secure custody. If it appears to the court that disposition of the case may include placement of the child outside the child's home, the court shall order the child's parent to provide a statement of income, assets, debts and living expenses to the court or the designated agency under s. 48.33 (1) at least 5 days before the scheduled date of the dispositional hearing or as otherwise ordered by the court. The clerk of court shall provide, without charge, to any parent ordered to provide a statement of income, assets, debts and living expenses a document setting forth the percentage standard established by the department of workforce development under s. 49.22 (9) and the manner of its application established by the department of health and family services under s. 46.247 and listing the factors that a court may consider under s. 46.10 (14) (c). If all parties consent, the court may immediately proceed with a dispositional hearing.

**SECTION 157.** 48.315 (1) (a) of the statutes is amended to read:

48.315 **(1)** (a) Any period of delay resulting from other legal actions concerning the child or the unborn child and the unborn child's expectant mother, including an examination under s. 48.295 or a hearing related to the child's mental condition of the child, the child's parent, guardian or legal custodian or the expectant mother, prehearing motions, waiver motions and hearings on other matters.

**SECTION 158.** 48.315 (1) (b) of the statutes is amended to read:

48.315 **(1)** (b) Any period of delay resulting from a continuance granted at the request of or with the consent of the child and his or her counsel or of the unborn child by the unborn child's guardian ad litem.

**SECTION 159.** 48.315 (1) (f) of the statutes is amended to read:

48.315 **(1)** (f) Any period of delay resulting from the absence or unavailability of the child or expectant mother.

**SECTION 160.** 48.32 (1) of the statutes is amended to read:

48.32 **(1)** At any time after the filing of a petition for a proceeding relating to s. 48.13 or 48.133 and before the entry of judgment, the judge or juvenile court commissioner may suspend the proceedings and place the child or expectant mother under supervision in the ~~child's own~~ home or present placement of the child or expectant mother. The court may establish terms and conditions applicable to the child and the child's parent, guardian or legal custodian, ~~and to the child~~ to the child expectant mother and her parent, guardian or legal custodian or to the adult expectant mother. The order under this section shall be known as a consent decree and must be agreed to by the child if 12 years of age or older~~,~~ the parent, guardian or legal custodian~~,~~; and the person filing the petition under s. 48.25; by the child expectant mother, her parent, guardian or legal custodian, the unborn child by the unborn child's guardian ad litem and the person filing the petition under s. 48.25; or by the adult expectant mother, the unborn child by the unborn child's guardian ad litem and the person filing the petition under s. 48.25. The consent decree shall be reduced to writing and given to the parties.

**SECTION 161.** 48.32 (2) (a) of the statutes is amended to read:

48.32 **(2)** (a) A consent decree shall remain in effect up to 6 months unless the child, parent, guardian or~~,~~ legal custodian or expectant mother is discharged sooner by the judge or juvenile court commissioner.

**SECTION 162.** 48.32 (2) (c) of the statutes is amended to read:

48.32 **(2)** (c) Upon the motion of the court or the application of the child, parent, guardian, legal custodian, expectant mother, unborn child by the unborn child's guardian ad litem, intake worker or any agency supervising the child or expectant mother under the consent decree, the court may, after giving notice to the parties to the consent decree and their counsel or guardian ad litem, if any, extend the decree for up to an additional 6 months in the absence of objection to extension by the parties to the initial consent decree. If the child, parent, guardian or~~,~~ legal custodian, expectant mother or unborn child by the unborn child's guardian ad litem objects to the extension, the judge shall schedule a hearing and make a determination on the issue of extension. An extension under this paragraph of a consent decree relating to an unborn child who is alleged to be in need of protection or services may be granted after the child is born.

**SECTION 163.** 48.32 (3) of the statutes is amended to read:

48.32 **(3)** If, prior to discharge by the court, or the expiration of the consent decree, the court finds that the child or~~,~~ parent, ~~legal~~ guardian or~~,~~ legal custodian or expectant mother has failed to fulfill the express terms and conditions of the consent decree or that the child or ex-

pectant mother objects to the continuation of the consent decree, the hearing under which the child or expectant mother was placed on supervision may be continued to conclusion as if the consent decree had never been entered.

**SECTION 164.** 48.32 (5) (intro.) of the statutes is amended to read:

48.32 **(5)** (intro.) A court which, under this section, elicits or examines information or material about a child or an expectant mother which would be inadmissible in a hearing on the allegations of the petition ~~shall~~ may not, over objections of one of the parties, participate in any subsequent proceedings if any of the following applies:

**SECTION 165.** 48.32 (5) (a) of the statutes is amended to read:

48.32 **(5)** (a) The court refuses to enter into a consent decree and the allegations in the petition remain to be decided in a hearing ~~where~~ at which one of the parties denies the allegations forming the basis for a child or unborn child in need of protection or services petition~~; or~~.

**SECTION 166.** 48.32 (5) (b) of the statutes is amended to read:

48.32 **(5)** (b) A consent decree is granted but the petition under s. 48.13 or 48.133 is subsequently reinstated.

**SECTION 167.** 48.32 (6) of the statutes is amended to read:

48.32 **(6)** The judge or juvenile court commissioner shall inform the child and the child's parent, guardian or legal custodian, or the adult expectant mother, in writing, of the ~~child's~~ right of the child or expectant mother to object to the continuation of the consent decree under sub. (3) and the fact that the hearing under which the child or expectant mother was placed on supervision may be continued to conclusion as if the consent decree had never been entered.

**SECTION 168.** 48.33 (1) (intro.) of the statutes is amended to read:

48.33 **(1)** REPORT REQUIRED. (intro.) Before the disposition of a child or unborn child adjudged to be in need of protection or services the court shall designate an agency, as defined in s. 48.38 (1) (a), to submit a report which shall contain all of the following:

**SECTION 169.** 48.33 (1) (a) of the statutes is amended to read:

48.33 **(1)** (a) The social history of the child or of the expectant mother of the unborn child.

**SECTION 170.** 48.33 (1) (b) of the statutes is amended to read:

48.33 **(1)** (b) A recommended plan of rehabilitation or treatment and care for the child or expectant mother which is based on the investigation conducted by the agency and any report resulting from an examination or assessment under s. 48.295, which employs the least restrictive means available to accomplish the objectives of the plan, and, in cases of child abuse or neglect or unborn child abuse, which also includes an assessment of risks to

the ~~child's~~ physical safety and physical health <u>of the child or unborn child</u> and a description of a plan for controlling the risks.

**SECTION 171.** 48.33 (1) (c) of the statutes is amended to read:

48.33 **(1)** (c) A description of the specific services or continuum of services which the agency is recommending that the court order for the child or family <u>or for the expectant mother of the unborn child</u>, the persons or agencies that would be primarily responsible for providing those services, ~~and~~ the identity of the person or agency that would provide case management or coordination of services<u>,</u> if any ~~or~~<u>, and, in the case of a child adjudged to be in need of protection or services,</u> whether or not the child should receive an integrated service plan.

**SECTION 172.** 48.33 (1) (d) of the statutes is amended to read:

48.33 **(1)** (d) A statement of the objectives of the plan, including any ~~desired~~ behavior changes <u>desired of the child or expectant mother</u> and the academic, social and vocational skills needed by the child <u>or the expectant mother</u>.

**SECTION 173.** 48.33 (1) (f) of the statutes is amended to read:

48.33 **(1)** (f) If the agency is recommending that the court order the child's parent, guardian or legal custodian <u>or the expectant mother</u> to participate in mental health treatment, anger management, individual or family counseling or parent <u>or prenatal development</u> training and education, a statement as to the availability of those services and as to the availability of funding for those services.

**SECTION 174.** 48.33 (2) of the statutes is amended to read:

48.33 **(2)** HOME PLACEMENT REPORTS. A report recommending that the child remain in his or her home <u>or that the expectant mother remain in her home</u> may be presented orally at the dispositional hearing if all parties consent. A report that is presented orally shall be transcribed and made a part of the court record.

**SECTION 175.** 48.33 (4) (intro.) of the statutes is amended to read:

48.33 **(4)** OTHER OUT–OF–HOME PLACEMENTS. (intro.) A report recommending placement <u>of an adult expectant mother outside of her home shall be in writing. A report recommending placement of a child</u> in a foster home, treatment foster home, group home or child caring institution shall be in writing and shall include all of the following:

**SECTION 176.** 48.335 (1) of the statutes is amended to read:

48.335 **(1)** The court shall conduct a hearing to determine the disposition of a case in which a child is adjudged to be in need of protection or services under s. 48.13 <u>or an unborn child is adjudged to be in need of protection or services under s. 48.133</u>.

**SECTION 177m.** 48.345 (intro.) of the statutes, as affected by <u>1997 Wisconsin Act 164</u>, is amended to read:

**48.345** (title) **Disposition of child <u>or unborn child of child expectant mother</u> adjudged in need of protection or services.** (intro.) If the judge finds that the child is in need of protection or services <u>or that the unborn child of a child expectant mother is in need of protection or services</u>, the judge shall enter an order deciding one or more of the dispositions of the case as provided in this section under a care and treatment plan, except that the order may not place any child not specifically found under chs. 46, 49, 51, 115 and 880 to be developmentally disabled, mentally ill or to have a disability specified in s. 115.76 (5) in facilities which exclusively treat those categories of children <u>and the court may not place any child expectant mother of an unborn child in need of protection or services outside of the child expectant mother's home unless the court finds that the child expectant mother is refusing or has refused to accept any alcohol or other drug abuse services offered to her or is not making or has not made a good faith effort to participate in any alcohol or other drug abuse services offered to her</u>. The dispositions under this section are as follows:

**SECTION 178.** 48.345 (2) of the statutes is amended to read:

48.345 **(2)** Place the child under supervision of an agency, the department, if the department approves, or a suitable adult, including a friend of the child, under conditions prescribed by the judge including reasonable rules for the child's conduct, designed for the physical, mental and moral well–being and behavior of the child <u>and, if applicable, for the physical well–being of the child's unborn child</u>.

**SECTION 179.** 48.345 (2m) of the statutes is amended to read:

48.345 **(2m)** Place the child in the child's home under the supervision of an agency or the department, if the department approves, and order the agency or department to provide specified services to the child and the child's family, which may include but are not limited to individual, family or<u>,</u> group counseling, homemaker or parent aide services, respite care, housing assistance, day care ~~or~~ parent skills training <u>or prenatal development training or education</u>.

**SECTION 180.** 48.345 (13) (c) of the statutes is amended to read:

48.345 **(13)** (c) Payment for the court ordered treatment or education under this subsection in counties that have ~~a pilot~~ <u>an alcohol and other drug abuse</u> program under s. 48.547 shall be in accordance with s. 48.361.

**SECTION 181m.** 48.345 (14) of the statutes is created to read:

48.345 **(14)** (a) If, based on an evaluation under s. 48.295 and the report under s. 48.33, the judge finds that the child expectant mother of an unborn child in need of protection or services is in need of inpatient treatment for

**1997 Assembly Bill 463**                                                  – 25 –

her habitual lack of self–control in the use of alcohol, controlled substances or controlled substance analogs, exhibited to a severe degree, that inpatient treatment is appropriate for the child expectant mother's needs and that inpatient treatment is the least restrictive treatment consistent with the child expectant mother's needs, the judge may order the child expectant mother to enter an inpatient alcohol or other drug abuse treatment program at an inpatient facility, as defined in s. 51.01 (10). The inpatient facility shall, under the terms of a service agreement between the inpatient facility and the county in a county having a population of less than 500,000 or the department in a county having a population of 500,000 or more, or with the written and informed consent of the child expectant mother or the child expectant mother's parent if the child expectant mother has not attained the age of 12, report to the agency primarily responsible for providing services to the child expectant mother as to whether the child expectant mother is cooperating with the treatment and whether the treatment appears to be effective.

(b) Payment for any treatment ordered under par. (a) shall be in accordance with s. 48.361.

SECTION 182. 48.345 (15) of the statutes is created to read:

48.345 **(15)** If it appears that an unborn child in need of protection or services may be born during the period of the dispositional order, the judge may order that the child, when born, be provided with any services or care that may be ordered for a child in need of protection or services under this section.

SECTION 183. 48.347 of the statutes is created to read:

**48.347 Disposition of unborn child of adult expectant mother adjudged in need of protection or services.** If the judge finds that the unborn child of an adult expectant mother is in need of protection or services, the judge shall enter an order deciding one or more of the dispositions of the case as provided in this section under a care and treatment plan, except that the order may not place any adult expectant mother of an unborn child not specifically found under ch. 51, 55 or 880 to be developmentally disabled or mentally ill in a facility which exclusively treats those categories of individuals and the court may not place any adult expectant mother of an unborn child in need of protection or services outside of the adult expectant mother's home unless the court finds that the adult expectant mother is refusing or has refused to accept any alcohol or other drug abuse services offered to her or is not making or has not made a good faith effort to participate in any alcohol or other drug abuse services offered to her. If the judge finds that the unborn child of a child expectant mother is in need of protection or services, the judge shall enter an order deciding one or more of the dispositions of the case as provided in s. 48.345 under a care and treatment plan. The dispositions under this section are as follows:

**(1)** COUNSELING. Counsel the adult expectant mother.

**(2)** SUPERVISION. Place the adult expectant mother under supervision of the county department, the department, if the department approves, or a suitable adult, including an adult relative or friend of the adult expectant mother, under conditions prescribed by the judge including reasonable rules for the adult expectant mother's conduct, designed for the physical well–being of the unborn child. An order under this paragraph may include an order to participate in mental health treatment, anger management, individual or family counseling or prenatal development training or education and to make a reasonable contribution, based on ability to pay, for the cost of those services.

**(3)** PLACEMENT. Designate one of the following as the placement for the adult expectant mother:

(a) The home of an adult relative or friend of the adult expectant mother.

(b) A community–based residential facility, as defined in s. 50.01 (1g).

**(4)** SPECIAL TREATMENT OR CARE. (a) If the adult expectant mother is in need of special treatment or care, as identified in an evaluation under s. 48.295 and the report under s. 48.33, the judge may order the adult expectant mother to obtain the special treatment or care. If the adult expectant mother fails or is financially unable to obtain the special treatment or care, the judge may order an appropriate agency to provide the special treatment or care. If a judge orders a county department under s. 51.42 or 51.437 to provide special treatment or care under this paragraph, the provision of that special treatment or care shall be subject to conditions specified in ch. 51. An order for special treatment or care under this paragraph may not include an order for the administration of psychotropic drugs.

(b) Payment for any special treatment or care that relates to alcohol and other drug abuse services ordered under par. (a) shall be in accordance with s. 48.361.

(c) Payment for any services provided under ch. 51 that are ordered under par. (a), other than alcohol and other drug abuse services, shall be in accordance with s. 48.362.

**(5)** ALCOHOL OR DRUG TREATMENT OR EDUCATION. (a) If the report prepared under s. 48.33 (1) recommends that the adult expectant mother is in need of treatment for the use or abuse of alcohol beverages, controlled substances or controlled substance analogs and its medical, personal, family or social effects, the court may order the adult expectant mother to enter an outpatient alcohol and other drug abuse treatment program at an approved treatment facility. The approved treatment facility shall, under the terms of a service agreement between the approved treatment facility and the county in a county having a population of less than 500,000 or the department in a county having a population of 500,000 or more, or with the written informed consent of the adult expectant mother, report to the agency primarily responsible for providing

services to the adult expectant mother as to whether the adult expectant mother is cooperating with the treatment and whether the treatment appears to be effective.

(b)  If the report prepared under s. 48.33 (1) recommends that the adult expectant mother is in need of education relating to the use of alcohol beverages, controlled substances or controlled substance analogs, the court may order the adult expectant mother to participate in an alcohol or other drug abuse education program approved by the court.  The person or agency that provides the education program shall, under the terms of a service agreement between the education program and the county in a county having a population of less than 500,000 or the department in a county having a population of 500,000 or more, or with the written informed consent of the adult expectant mother, report to the agency primarily responsible for providing services to the adult expectant mother about the adult expectant mother's attendance at the program.

(c)  Payment for any treatment or education ordered under this subsection in counties that have an alcohol and other drug abuse program under s. 48.547 shall be in accordance with s. 48.361.

(6)  INPATIENT ALCOHOL OR DRUG TREATMENT. (a)  If, based on an evaluation under s. 48.295 and the report under s. 48.33, the judge finds that the adult expectant mother is in need of inpatient treatment for her habitual lack of self–control in the use of alcohol, controlled substances or controlled substance analogs, exhibited to a severe degree, that inpatient treatment is appropriate for the adult expectant mother's needs and that inpatient treatment is the least restrictive treatment consistent with the adult expectant mother's needs, the judge may order the adult expectant mother to enter an inpatient alcohol or other drug abuse treatment program at an inpatient facility, as defined in s. 51.01 (10).  The inpatient facility shall, under the terms of a service agreement between the inpatient facility and the county in a county having a population of less than 500,000 or the department in a county having a population of 500,000 or more, or with the written and informed consent of the adult expectant mother, report to the agency primarily responsible for providing services to the adult expectant mother as to whether the adult expectant mother is cooperating with the treatment and whether the treatment appears to be effective.

(b)  Payment for any treatment ordered under par. (a) shall be in accordance with s. 48.361.

(7)  SERVICES FOR CHILD WHEN BORN.  If it appears that the unborn child may be born during the period of the dispositional order, the judge may order that the child, when born, be provided any services or care that may be ordered for a child in need of protection or services under s. 48.345.

**SECTION 184m.**  48.35 (1) (b) (intro.) of the statutes, as affected by 1997 Wisconsin Act .... (Assembly Bill 410), is amended to read:

48.35 (1) (b) (intro.)  The disposition of a child or an unborn child, and any record of evidence given in a hearing in court, shall not be admissible as evidence against the child or the expectant mother of the unborn child in any case or proceeding in any other court except for the following:

**SECTION 185m.**  48.35 (1) (b) 1. of the statutes, as affected by 1997 Wisconsin Act .... (Assembly Bill 410), is amended to read:

48.35 (1) (b) 1.  In sentencing proceedings after conviction the child or expectant mother has been convicted of a felony or misdemeanor and then only for the purpose of a presentence investigation.

**SECTION 187.**  48.35 (2) of the statutes is amended to read:

48.35 (2)  Except as specifically provided in sub. (1), this section does not preclude the court from disclosing information to qualified persons if the court considers the disclosure to be in the best interests of the child or unborn child or of the administration of justice.

**SECTION 188.**  48.355 (1) of the statutes is amended to read:

48.355 (1)  INTENT.  In any order under s. 48.345 or 48.347 the judge shall decide on a placement and treatment finding based on evidence submitted to the judge. The disposition shall employ those means necessary to maintain and protect the child's well–being of the child or unborn child which are the least restrictive of the rights of the parent or and child, of the rights of the parent and child expectant mother or of the rights of the adult expectant mother, and which assure the care, treatment or rehabilitation of the child and the family, of the child expectant mother, the unborn child and the family or of the adult expectant mother and the unborn child, consistent with the protection of the public.  Whenever When appropriate, and, in cases of child abuse and or neglect or unborn child abuse, when it is consistent with the child's best interest of the child or unborn child in terms of physical safety and physical health, the family unit shall be preserved and there shall be a policy of transferring custody of a child from the parent or of placing an expectant mother outside of her home only where when there is no less drastic alternative.  If there is no less drastic alternative for a child than transferring custody from the parent, the judge shall consider transferring custody to a relative whenever possible.

**SECTION 189.**  48.355 (2) (a) of the statutes is amended to read:

48.355 (2) (a)  In addition to the order, the judge shall make written findings of fact and conclusions of law based on the evidence presented to the judge to support the disposition ordered, including findings as to the child's condition and need for special treatment or care of the child or expectant mother if an examination or assessment was conducted under s. 48.295.  A finding may not

**1997 Assembly Bill 463**                                              – 27 –

include a finding that a child or an expectant mother is in need of psychotropic medications.

**SECTION 190.** 48.355 (2) (b) 1. of the statutes is amended to read:

48.355 **(2)** (b) 1. The specific services or continuum of services to be provided to the child and family, to the child expectant mother and family or to the adult expectant mother, the identity of the agencies which are to be primarily responsible for the provision of the services ~~mandated~~ ordered by the judge, the identity of the person or agency who will provide case management or coordination of services, if any, and, if custody of the child is to be transferred to effect the treatment plan, the identity of the legal custodian.

**SECTION 191.** 48.355 (2) (b) 1m. of the statutes is amended to read:

48.355 **(2)** (b) 1m. A notice that the child's parent, guardian or legal custodian ~~or~~, the child, if 14 years of age or over, the expectant mother, if 14 years of age or over, or the unborn child by the unborn child's guardian ad litem may request an agency that is providing care or services for the child or expectant mother or that has legal custody of the child to disclose to, or make available for inspection by, the parent, guardian, legal custodian ~~or~~, child, expectant mother or unborn child by the unborn child's guardian ad litem the contents of any record kept or information received by the agency about the child or expectant mother as provided in s. 48.78 (2) (ag) and (aj).

**SECTION 192.** 48.355 (2) (b) 2m. of the statutes is created to read:

48.355 **(2)** (b) 2m. If the adult expectant mother is placed outside her home, the name of the place or facility, including transitional placements, where the expectant mother shall be treated.

**SECTION 193.** 48.355 (2) (b) 7. of the statutes is amended to read:

48.355 **(2)** (b) 7. A statement of the conditions with which the child or expectant mother is required to comply.

**SECTION 194.** 48.355 (2) (d) of the statutes is amended to read:

48.355 **(2)** (d) The court shall provide a copy of ~~the~~ a dispositional order relating to a child in need of protection or services to the child's parent, guardian or trustee. The court shall provide a copy of a dispositional order relating to an unborn child in need of protection or services to the expectant mother, to the unborn child through the unborn child's guardian ad litem and, if the expectant mother is a child, to her parent, guardian or trustee.

**SECTION 195.** 48.355 (2m) of the statutes is amended to read:

48.355 **(2m)** TRANSITIONAL PLACEMENTS. The court order may include the name of transitional placements, but may not designate a specific time when transitions are to take place. The procedures of ss. 48.357 and 48.363 shall govern when such transitions take place. However,

the court may place specific time limitations on interim arrangements made for the care of the child or for the treatment of the expectant mother pending the availability of the dispositional placement.

**SECTION 196.** 48.355 (4) of the statutes is amended to read:

48.355 **(4)** TERMINATION OF ORDERS. Except as provided under s. 48.368, all orders under this section shall terminate at the end of one year unless the judge specifies a shorter period of time. Except if s. 48.368 applies, extensions or revisions shall terminate at the end of one year unless the judge specifies a shorter period of time. Any order made before the child reaches the age of majority or before the unborn child is born shall be effective for a time up to one year after its entry unless the judge specifies a shorter period of time.

**SECTION 197.** 48.355 (5) of the statutes is amended to read:

48.355 **(5)** EFFECT OF COURT ORDER. Any party, person or agency who provides services for the child or the expectant mother under this section shall be bound by the court order.

**SECTION 198.** 48.355 (7) of the statutes is amended to read:

48.355 **(7)** (title) ORDERS APPLICABLE TO PARENTS, GUARDIANS, LEGAL CUSTODIANS, EXPECTANT MOTHERS AND OTHER ADULTS. In addition to any dispositional order entered under s. 48.345 or 48.347, the court may enter an order applicable to ~~a child's~~ the parent, guardian or legal custodian of a child, to a family member of an adult expectant mother or to another adult, as provided under s. 48.45.

**SECTION 199.** 48.356 (1) of the statutes is amended to read:

48.356 **(1)** Whenever the court orders a child to be placed outside his or her home, orders an expectant mother of an unborn child to be placed outside of her home or denies a parent visitation because the child or unborn child has been adjudged to be in need of protection or services under s. 48.345, 48.347 48.357, 48.363 or 48.365, the court shall orally inform the parent or parents who appear in court or the expectant mother who appears in court of any grounds for termination of parental rights under s. 48.415 which may be applicable and of the conditions necessary for the child or expectant mother to be returned to the home or for the parent to be granted visitation.

**SECTION 200.** 48.356 (2) of the statutes is amended to read:

48.356 **(2)** In addition to the notice required under sub. (1), any written order which places a child or an expectant mother outside the home or denies visitation under sub. (1) shall notify the parent or parents or expectant mother of the information specified under sub. (1).

**SECTION 201m.** 48.357 (1) of the statutes, as affected by 1997 Wisconsin Act 80, is amended to read:

48.357 **(1)** The person or agency primarily responsible for implementing the dispositional order, the district attorney or the corporation counsel may request a change in the placement of the child or expectant mother, whether or not the change requested is authorized in the dispositional order and shall cause written notice to be sent to the child or the child's counsel or guardian ad litem, the parent, guardian and legal custodian of the child, any foster parent, treatment foster parent or other physical custodian described in s. 48.62 (2), guardian and legal custodian of the child, and, if the child is the expectant mother of an unborn child under s. 48.133, the unborn child by the unborn child's guardian ad litem.  If the expectant mother is an adult, written notice shall be sent to the adult expectant mother and the unborn child by the unborn child's guardian ad litem.  The notice shall contain the name and address of the new placement, the reasons for the change in placement, a statement describing why the new placement is preferable to the present placement and a statement of how the new placement satisfies objectives of the treatment plan ordered by the court.  Any person receiving the notice under this subsection or notice of the a specific foster or treatment foster placement under s. 48.355 (2) (b) 2. may obtain a hearing on the matter by filing an objection with the court within 10 days of after receipt of the notice.  Placements shall may not be changed until 10 days after such that notice is sent to the court unless the parent, guardian or legal custodian and the child, if 12 or more years of age or over, or the child expectant mother, if 12 years of age or over, her parent, guardian or legal custodian and the unborn child by the unborn child's guardian ad litem, or the adult expectant mother and the unborn child by the unborn child's guardian ad litem, sign written waivers of objection, except that placement changes which were authorized in the dispositional order may be made immediately if notice is given as required in this subsection.  In addition, a hearing is not required for placement changes authorized in the dispositional order except where when an objection filed by a person who received notice alleges that new information is available which affects the advisability of the court's dispositional order.

**SECTION 202.**  48.357 (2) of the statutes is amended to read:

48.357 **(2)**  If emergency conditions necessitate an immediate change in the placement of a child or expectant mother placed outside the home, the person or agency primarily responsible for implementing the dispositional order may remove the child or expectant mother to a new placement, whether or not authorized by the existing dispositional order, without the prior notice provided in sub. (1).  The notice shall, however, be sent within 48 hours after the emergency change in placement.  Any party receiving notice may demand a hearing under sub. (1).  In emergency situations, the a child may be placed in a licensed public or private shelter care facility

as a transitional placement for not more than 20 days, as well as in any placement authorized under s. 48.345 (3).

**SECTION 203g.**  48.357 (2m) of the statutes, as affected by 1997 Wisconsin Act 80, is amended to read:

48.357 **(2m)**  The child, the parent, guardian or legal custodian of the child, the expectant mother, the unborn child by the unborn child's guardian ad litem or any person or agency primarily bound by the dispositional order, other than the person or agency responsible for implementing the order, may request a change in placement under this subsection.  The request shall contain the name and address of the place of the new placement requested and shall state what new information is available which affects the advisability of the current placement.  This request shall be submitted to the court.  In addition, the court may propose a change in placement on its own motion.  The court shall hold a hearing on the matter prior to ordering any change in placement under this subsection if the request states that new information is available which affects the advisability of the current placement, unless written waivers of objection to the proposed change in placement are signed by all parties entitled to receive notice under sub. (1) and the court approves.  If a hearing is scheduled, the court shall notify the child, the parent, guardian and legal custodian of the child, any foster parent, treatment foster parent or other physical custodian described in s. 48.62 (2) of the child and, all parties who are bound by the dispositional order and, if the child is the expectant mother of an unborn child under s. 48.133, the unborn child by the unborn child's guardian ad litem, or shall notify the adult expectant mother, the unborn child by the unborn child's guardian ad litem and all parties who are bound by the dispositional order, at least 3 days prior to the hearing.  A copy of the request or proposal for the change in placement shall be attached to the notice.  If all the parties consent, the court may proceed immediately with the hearing.  I

**SECTION 203m.**  48.357 (5r) of the statutes is created to read:

48.357 **(5r)**  The court may not change the placement of an expectant mother of an unborn child in need of protection or services from a placement in the expectant mother's home to a placement outside of the expectant mother's home unless the court finds that the expectant mother is refusing or has refused to accept any alcohol or other drug abuse services offered to her or is not making or has not made a good faith effort to participate in any alcohol or other drug abuse services offered to her.

**SECTION 204m.**  48.36 (2) of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.36 **(2)**  If an expectant mother or a child whose legal custody has not been taken from a parent or guardian is given educational and social services, or medical, psychological or psychiatric treatment by order of the court, the cost thereof of those services or that treatment, if ordered by the court, shall be a charge upon the county in

**1997 Assembly Bill 463**                                – 29 –

a county having a population of less than 500,000 or the department in a county having a population of 500,000 or more. This section does not prevent recovery of reasonable contribution toward the costs from the parent or guardian of the child or from an adult expectant mother as the court may order based on the ability of the parent or, guardian or adult expectant mother to pay. This subsection shall be subject to s. 46.03 (18).

**SECTION 205.** 48.361 (1) (b) of the statutes is amended to read:

48.361 **(1)** (b) Any special treatment or care that relates to alcohol or other drug abuse services ordered by a court under s. 48.345 (6) (a) or 48.347 (4) (a).

**SECTION 206.** 48.361 (1) (c) of the statutes is amended to read:

48.361 **(1)** (c) Any alcohol or other drug abuse treatment or education ordered by a court under s. 48.345 (6) (a) or, (13) or (14) or 48.347 (4) (a), 48.347 (4) (a) (5) or (6) (a).

**SECTION 207.** 48.361 (2) (a) 1m. of the statutes is created to read:

48.361 **(2)** (a) 1m. If an adult expectant mother neglects, refuses or is unable to obtain court–ordered alcohol and other drug abuse services for herself through her health insurance or other 3rd–party payments, the judge may order the adult expectant mother to pay for the court–ordered alcohol and drug abuse services. If the adult expectant mother consents to obtain court–ordered alcohol and other drug abuse services for herself through her health insurance or other 3rd–party payments but the health insurance provider or other 3rd–party payer refuses to provide the court–ordered alcohol and other drug abuse services, the court may order the health insurance provider or 3rd–party payer to pay for the court–ordered alcohol and other drug abuse services in accordance with the terms of the adult expectant mother's health insurance policy or other 3rd–party payment plan.

**SECTION 208.** 48.361 (2) (am) 1. of the statutes is amended to read:

48.361 **(2)** (am) 1. If a court in a county that has a pilot an alcohol or other drug abuse program under s. 48.547 finds that payment is not attainable under par. (a), the court may order payment in accordance with par. (b).

**SECTION 209.** 48.361 (2) (am) 2. of the statutes is amended to read:

48.361 **(2)** (am) 2. If a court in a county that does not have a pilot an alcohol and other drug abuse program under s. 48.547 finds that payment is not attainable under par. (a), the court may order payment in accordance with s. 48.345 (6) (a), 48.347 (4) (a) or 48.36.

**SECTION 210.** 48.361 (2) (b) 1. of the statutes is amended to read:

48.361 **(2)** (b) 1. In counties that have a pilot an alcohol and other drug abuse program under s. 48.547, in addition to using the alternative provided for under par. (a), the court may order a county department of human services established under s. 46.23 or a county depart-

ment established under s. 51.42 or 51.437 in the child's county of legal residence to pay for the court–ordered alcohol and other drug abuse services whether or not custody has been taken from the parent.

**SECTION 211.** 48.361 (2) (b) 1m. of the statutes is created to read:

48.361 **(2)** (b) 1m. In counties that have an alcohol and other drug abuse program under s. 48.547, in addition to using the alternative provided for under par. (a), the court may order a county department of human services established under s. 46.23 or a county department established under s. 51.42 or 51.437 in the adult expectant mother's county of legal residence to pay for the court–ordered alcohol and other drug abuse services provided for the adult expectant mother.

**SECTION 212.** 48.361 (2) (c) of the statutes is amended to read:

48.361 **(2)** (c) Payment for alcohol and other drug abuse services by a county department under this section does not prohibit the county department from contracting with another county department or approved treatment facility for the provision of alcohol and other drug abuse services. Payment by the county under this section does not prevent recovery of reasonable contribution toward the costs of the court–ordered alcohol and other drug abuse services from the parent or adult expectant mother which is based upon the ability of the parent or adult expectant mother to pay. This subsection is subject to s. 46.03 (18).

**SECTION 213.** 48.362 (2) of the statutes is amended to read:

48.362 **(2)** This section applies to the payment of court–ordered special treatment or care under s. 48.345 (6) (a), whether or not custody has been taken from the parent, and to the payment of court–ordered special treatment or care under s. 48.347 (4) (a).

**SECTION 214.** 48.362 (3m) of the statutes is created to read:

48.362 **(3m)** If an adult expectant mother neglects, refuses or is unable to obtain court–ordered special treatment or care for herself through her health insurance or other 3rd–party payments, the judge may order the adult expectant mother to pay for the court–ordered special treatment or care. If the adult expectant mother consents to obtain court–ordered special treatment or care for herself through her health insurance or other 3rd–party payments but the health insurance provider or other 3rd–party payer refuses to provide the court–ordered special treatment or care, the judge may order the health insurance provider or 3rd–party payer to pay for the court–ordered special treatment or care in accordance with the terms of the adult expectant mother's health insurance policy or other 3rd–party payment plan.

**SECTION 215.** 48.362 (4) (a) of the statutes is amended to read:

48.362 **(4)** (a)  If the judge finds that payment is not attainable under sub. (3) or (3m), the judge may order the county department under s. 51.42 or 51.437 of the child's county of legal residence of the child or expectant mother to pay the cost of any court–ordered special treatment or care that is provided by or under contract with that county department.

**Section 216.**  48.362 (4) (c) of the statutes is amended to read:

48.362 **(4)** (c)  A county department that pays for court–ordered special treatment or care under par. (a) may recover from the parent or adult expectant mother, based on the parent's ability of the parent or adult expectant mother to pay, a reasonable contribution toward the costs of the court–ordered special treatment or care.  This paragraph is subject to s. 46.03 (18).

**Section 217.**  48.363 (1) of the statutes, as affected by 1997 Wisconsin Act 3, is amended to read:

48.363 **(1)**  A child, the child's parent, guardian or legal custodian, an expectant mother, an unborn child by the unborn child's guardian ad litem, any person or agency bound by a dispositional order or the district attorney or corporation counsel in the county in which the dispositional order was entered may request a revision in the order that does not involve a change in placement, including a revision with respect to the amount of child support to be paid by a parent, or the court may on its own motion propose such a revision.  The request or court proposal shall set forth in detail the nature of the proposed revision and what new information is available that affects the advisability of the court's disposition.  The request or court proposal shall be submitted to the court.  The court shall hold a hearing on the matter if the request or court proposal indicates that new information is available which affects the advisability of the court's dispositional order and prior to any revision of the dispositional order, unless written waivers of objections to the revision are signed by all parties entitled to receive notice and the court approves.  If a hearing is held, the court shall notify the child, the child's parent, guardian and legal custodian, all parties bound by the dispositional order, the child's foster parent, treatment foster parent or other physical custodian described in s. 48.62 (2), and the district attorney or corporation counsel in the county in which the dispositional order was entered, and, if the child is the expectant mother of an unborn child under s. 48.133, the unborn child by the unborn child's guardian ad litem or shall notify the adult expectant mother, the unborn child through the unborn child's guardian ad litem, all parties bound by the dispositional order and the district attorney or corporation counsel in the county in which the dispositional order was entered, at least 3 days prior to the hearing.  A copy of the request or proposal shall be attached to the notice.  If the proposed revision is for a change in the amount of child support to be paid by a parent, the court shall order the child's parent to provide a statement

of income, assets, debts and living expenses to the court and the person or agency primarily responsible for implementing the dispositional order by a date specified by the court.  The clerk of court shall provide, without charge, to any parent ordered to provide a statement of income, assets, debts and living expenses a document setting forth the percentage standard established by the department of workforce development under s. 49.22 (9) and the manner of its application established by the department of health and family services under s. 46.247 and listing the factors that a court may consider under s. 46.10 (14) (c).  If all parties consent, the court may proceed immediately with the hearing.  No revision may extend the effective period of the original order.

**Section 218.**  48.365 (1m) of the statutes is amended to read:

48.365 **(1m)**  The parent, child, guardian, legal custodian, expectant mother, unborn child by the unborn child's guardian ad litem, any person or agency bound by the dispositional order, the district attorney or corporation counsel in the county in which the dispositional order was entered or the court on its own motion, may request an extension of an order under s. 48.355 including an order under s. 48.355 that was entered before the child was born.  The request shall be submitted to the court which entered the order.  No order under s. 48.355 may be extended except as provided in this section.

**Section 219.**  48.365 (2) of the statutes is amended to read:

48.365 **(2)**  No order may be extended without a hearing.  The court shall notify the child or the child's guardian ad litem or counsel, the child's parent, guardian, and legal custodian, all the parties present at the original hearing, the child's foster parent, treatment foster parent or other physical custodian described in s. 48.62 (2), and the district attorney or corporation counsel in the county in which the dispositional order was entered and, if the child is an expectant mother of an unborn child under s. 48.133, the unborn child by the unborn child's guardian ad litem, or shall notify the adult expectant mother, the unborn child through the unborn child's guardian ad litem, all the parties present at the original hearing and the district attorney or corporation counsel in the county in which the dispositional order was entered, of the time and place of the hearing.

**Section 220m.**  48.365 (2g) (a) of the statutes, as affected by 1997 Wisconsin Acts 27 and 80, is amended to read:

48.365 **(2g)** (a)  At the hearing the person or agency primarily responsible for providing services to the child or expectant mother shall file with the court a written report stating to what extent the dispositional order has been meeting the objectives of the plan for the child's rehabilitation or care and treatment of the child or for the rehabilitation and treatment of the expectant mother and the care of the unborn child.

**1997 Assembly Bill 463**                                           – 31 –

SECTION 221.   48.365 (2m) (a) of the statutes is amended to read:

48.365 **(2m)** (a)  Any party may present evidence relevant to the issue of extension.  The judge shall make findings of fact and conclusions of law based on the evidence, including a finding as to whether reasonable efforts were made by the agency primarily responsible for providing services to the child or expectant mother to make it possible for the child to return to his or her home or for the expectant mother to return to her home.  An order shall be issued under s. 48.355.

SECTION 222.   48.365 (2m) (b) of the statutes is amended to read:

48.365 **(2m)** (b)  If a child has been placed outside the home under s. 48.345, or if an adult expectant mother has been placed outside the home under s. 48.347, and an extension is ordered under this subsection, the judge shall state in the record the reason for the extension.

SECTION 223m.  48.396 (1) of the statutes, as affected by 1997 Wisconsin Acts 80 and .... (Assembly Bill 410), is amended to read:

48.396 **(1)**  Law enforcement officers' records of children shall be kept separate from records of adults. Law enforcement officers' records of the adult expectant mothers of unborn children shall be kept separate from records of other adults.  Law enforcement officers' records of children and the adult expectant mothers of unborn children shall not be open to inspection or their contents disclosed except under sub. (1b), (1d) or (5) or s. 48.293 or by order of the court.  This subsection does not apply to the representatives of newspapers or other reporters of news who wish to obtain information for the purpose of reporting news without revealing the identity of the or adult expectant mother child involved, to the confidential exchange of information between the police and officials of the school attended by the child or other law enforcement or social welfare agencies or to children 10 years of age or older who are subject to the jurisdiction of the court of criminal jurisdiction.  A public school official who obtains information under this subsection shall keep the information confidential as required under s. 118.125 and a private school official who obtains information under this subsection shall keep the information confidential in the same manner as is required of a public school official under s. 118.125.  A law enforcement agency that obtains information under this subsection shall keep the information confidential as required under this subsection and s. 938.396 (1).  A social welfare agency that obtains information under this subsection shall keep the information confidential as required under ss. 48.78 and 938.78.

SECTION 224.   48.396 (1b) of the statutes is amended to read:

48.396 **(1b)**  If requested by the parent, guardian or legal custodian of a child who is the subject of a law enforcement officer's report, or if requested by the child, if 14 years of age or over, a law enforcement agency may, subject to official agency policy, provide to the parent, guardian, legal custodian or child a copy of that report. If requested by the parent, guardian or legal custodian of a child expectant mother of an unborn child who is the subject of a law enforcement officer's report, if requested by an expectant mother of an unborn child who is the subject of a law enforcement officer's report, if 14 years of age or over, or if requested by an unborn child through the unborn child's guardian ad litem, a law enforcement agency may, subject to official agency policy, provide to the parent, guardian, legal custodian, expectant mother or unborn child by the unborn child's guardian ad litem a copy of that report.

SECTION 225.   48.396 (1d) of the statutes is amended to read:

48.396 **(1d)**  Upon the written permission of the parent, guardian or legal custodian of a child who is the subject of a law enforcement officer's report or upon the written permission of the child, if 14 years of age or over, a law enforcement agency may, subject to official agency policy, make available to the person named in the permission any reports specifically identified by the parent, guardian, legal custodian or child in the written permission.  Upon the written permission of the parent, guardian or legal custodian of a child expectant mother of an unborn child who is the subject of a law enforcement officer's report, or of an expectant mother of an unborn child who is the subject of a law enforcement officer's report, if 14 years of age or over, and of the unborn child by the unborn child's guardian ad litem, a law enforcement agency may, subject to official agency policy, make available to the person named in the permission any reports specifically identified by the parent, guardian, legal custodian or expectant mother, and unborn child by the unborn child's guardian ad litem in the written permission.

SECTION 226.   48.396 (2) (aj) of the statutes is created to read:

48.396 **(2)** (aj)  Upon request of the parent, guardian or legal custodian of a child expectant mother of an unborn child who is the subject of a record of a court specified in par. (a), upon request of an expectant mother of an unborn child who is the subject of a record of a court specified in par. (a), if 14 years of age or over, or upon request of an unborn child by the unborn child's guardian ad litem, the court shall open for inspection by the parent, guardian, legal custodian, expectant mother or unborn child by the unborn child's guardian ad litem the records of the court relating to that expectant mother, unless the court finds, after due notice and hearing, that inspection of those records by the parent, guardian, legal custodian, expectant mother or unborn child by the unborn child's guardian ad litem would result in imminent danger to anyone.

**SECTION 227.** 48.396 (2) (ap) of the statutes is created to read:

48.396 **(2)** (ap)  Upon the written permission of the parent, guardian or legal custodian of a child expectant mother of an unborn child who is the subject of a record of a court specified in par. (a), or of an expectant mother of an unborn child who is the subject of a record of a court specified in par. (a), if 14 years of age or over, and of the unborn child by the unborn child's guardian ad litem, the court shall open for inspection by the person named in the permission any records specifically identified by the parent, guardian, legal custodian or expectant mother, and unborn child by the unborn child's guardian ad litem in the written permission, unless the court finds, after due notice and hearing, that inspection of those records by the person named in the permission would result in imminent danger to anyone.

**SECTION 228.**   48.396 (5) (b) of the statutes is amended to read:

48.396 **(5)** (b)  The court shall notify the child, the child's counsel, the child's parents and, appropriate law enforcement agencies and, if the child is an expectant mother of an unborn child under s. 48.133, the unborn child by the unborn child's guardian ad litem, or shall notify the adult expectant mother, the unborn child by the unborn child's guardian ad litem and appropriate law enforcement agencies, in writing of the petition.  If any person notified objects to the disclosure, the court may hold a hearing to take evidence relating to the petitioner's need for the disclosure.

**SECTION 229.**   48.396 (5) (c) of the statutes is amended to read:

48.396 **(5)** (c)  The court shall make an inspection, which may be in camera, of the child's records of the child or expectant mother.  If the court determines that the information sought is for good cause and that it cannot be obtained with reasonable effort from other sources, it the court shall then determine whether the petitioner's need for the information outweighs society's interest in protecting its confidentiality.  In making this that determination, the court shall balance the petitioner's interest of the petitioner in obtaining access to the record against the child's interest of the child or expectant mother in avoiding the stigma that might result from disclosure.

**SECTION 230.**   48.396 (5) (e) of the statutes is amended to read:

48.396 **(5)** (e)  The court shall record the reasons for its decision to disclose or not to disclose the child's records of the child or expectant mother.  All records related to a decision under this subsection are confidential.

**SECTION 231.**   48.415 (2) (a) of the statutes is amended to read:

48.415 **(2)** (a)  That the child has been adjudged to be a child or an unborn child in need of protection or services and placed, or continued in a placement, outside his or her home pursuant to one or more court orders under s.

48.345, 48.347, 48.357, 48.363, 48.365, 938.345, 938.357, 938.363 or 938.365 containing the notice required by s. 48.356 (2) or 938.356 (2).

**SECTION 232.**   48.415 (2) (b) 1. of the statutes is amended to read:

48.415 **(2)** (b) 1.  In this paragraph, "diligent effort" means a earnest and conscientious effort to take good faith steps to provide the services ordered by the court which takes into consideration the characteristics of the parent or child or of the expectant mother or child, the level of cooperation of the parent or expectant mother and other relevant circumstances of the case.

**SECTION 233.**   48.415 (2) (b) 2. of the statutes is amended to read:

48.415 **(2)** (b) 2.  That the agency responsible for the care of the child and the family or of the unborn child and expectant mother has made a diligent effort to provide the services ordered by the court.

**SECTION 234m.**   48.415 (2) (c) of the statutes, as affected by 1997 Wisconsin Act 80, is amended to read:

48.415 **(2)** (c)  That the child has been outside the home for a cumulative total period of 6 months or longer pursuant to such orders not including time spent outside the home as an unborn child; and that the parent has failed to meet the conditions established for the return of the child to the home and there is a substantial likelihood that the parent will not meet these conditions within the 12–month period following the fact–finding hearing under s. 48.424.

**SECTION 235m.**   48.44 (1) of the statutes, as affected by 1997 Wisconsin Act 35, is amended to read:

48.44 **(1)**  The court has jurisdiction over persons 17 years of age or older as provided under ss. 48.133, 48.355 (4) and 48.45 and as otherwise specifically provided in this chapter.

**SECTION 236.**   48.45 (1) (am) of the statutes is created to read:

48.45 **(1)** (am)  If in the hearing of a case of an unborn child and the unborn child's expectant mother alleged to be in a condition described in s. 48.133 it appears that any person 17 years of age or over has been guilty of contributing to, encouraging, or tending to cause by any act or omission, such condition of the unborn child and expectant mother, the judge may make orders with respect to the conduct of such person in his or her relationship to the unborn child and expectant mother.

**SECTION 237.**   48.45 (1) (b) of the statutes is amended to read:

48.45 **(1)** (b)  An act or failure to act contributes to a condition of a child as described in s. 48.13 or an unborn child and the unborn child's expectant mother as described in s. 48.133, although the child is not actually adjudicated to come within the provisions of s. 48.13 or the unborn child and expectant mother are not actually adjudicated to come within the provisions of s. 48.133, if the natural and probable consequences of that act or failure

**1997 Assembly Bill 463**                                    – 33 –

to act would be to cause the child to come within the provisions of s. 48.13 or the unborn child and expectant mother to come within the provisions of s. 48.133.

**SECTION 238.** 48.45 (1r) of the statutes is created to read:

48.45 **(1r)** In a proceeding in which an unborn child has been found to be in need of protection or services under s. 48.133, the judge may impose on the expectant mother any disposition permitted under s. 48.347 (1) to (6).

**SECTION 239.** 48.45 (2) of the statutes is amended to read:

48.45 **(2)** No order under sub. (1) (a) or (am) or (1m) (a) may be entered until the person who is the subject of the contemplated order is given an opportunity to be heard on the contemplated order. The court shall cause notice of the time, place and purpose of the hearing to be served on the person personally at least 10 days before the date of hearing. The procedure in these cases shall, as far as practicable, be the same as in other cases in the court. At the hearing the person may be represented by counsel and may produce and cross–examine witnesses. Any person who fails to comply with any order issued by a court under sub. (1) (a) or (am) or (1m) (a) may be proceeded against for contempt of court. If the person's conduct involves a crime, the person may be proceeded against under the criminal law.

**SECTION 240m.** 48.46 (1) of the statutes, as affected by 1997 Wisconsin Acts 104 and 114, is repealed and recreated to read:

48.46 **(1)** Except as provided in subs. (1m), (2) and (3), the child whose status is adjudicated by the court, the parent, guardian or legal custodian of that child, the unborn child whose status is adjudicated by the court or the expectant mother of that unborn child may at any time within one year after the entering of the court's order petition the court for a rehearing on the ground that new evidence has been discovered affecting the advisability of the court's original adjudication. Upon a showing that such evidence does exist, the court shall order a new hearing.

**SECTION 241.** 48.48 (1) of the statutes is amended to read:

48.48 **(1)** To promote the enforcement of the laws relating to nonmarital children and, children in need of protection or services including developmentally disabled children and unborn children in need of protection or services and to take the initiative in all matters involving the interests of such those children where and unborn children when adequate provision therefor for those interests is not made. This duty shall be discharged in cooperation with the courts, county departments, licensed child welfare agencies and with parents, expectant mothers and other individuals interested in the welfare of children and unborn children.

**SECTION 242.** 48.48 (16) of the statutes is amended to read:

48.48 **(16)** To establish and enforce standards for services provided under s. ss. 48.345 and 48.347.

**SECTION 242g.** 48.48 (17) (a) 1. of the statutes, as created by 1997 Wisconsin Act 27, is amended to read:

48.48 **(17)** (a) 1. Investigate the conditions surrounding nonmarital children and, children in need of protection or services and unborn children in need of protection or services within the county and to take every reasonable action within its power to secure for them the full benefit of all laws enacted for their benefit. Unless provided by another agency, the department shall offer social services to the caretaker of any child, and to the expectant mother of any unborn child, who is referred to it the department under the conditions specified in this subdivision. This duty shall be discharged in cooperation with the court and with the public officers or boards legally responsible for the administration and enforcement of these laws.

**SECTION 242m.** 48.48 (17) (a) 2. of the statutes, as created by 1997 Wisconsin Act 27, is amended to read:

48.48 **(17)** (a) 2. Accept legal custody of children transferred to it by the court under s. 48.355, to accept supervision over expectant mothers of unborn children who are placed under its supervision under s. 48.355 and to provide special treatment and care for children and expectant mothers if ordered by the court and if providing special treatment and care is not the responsibility of the county department under s. 46.215, 51.42 or 51.437. A court may not order the department to administer psychotropic medications to children and expectant mothers who receive special treatment or care under this subdivision.

**SECTION 242p.** 48.48 (17) (a) 3. of the statutes, as created by 1997 Wisconsin Act 27, is amended to read:

48.48 **(17)** (a) 3. Provide appropriate protection and services for children and the expectant mothers of unborn children in its care, including providing services for those children and their families and for those expectant mothers in their own homes, placing the children in licensed foster homes, licensed treatment foster homes or licensed group homes in this state or another state within a reasonable proximity to the agency with legal custody or contracting for services for them those children by licensed child welfare agencies, except that the department may not purchase the educational component of private day treatment programs unless the department, the school board as defined in s. 115.001 (7) and the state superintendent of public instruction all determine that an appropriate public education program is not available. Disputes between the department and the school district shall be resolved by the state superintendent of public instruction.

**SECTION 242r.** 48.48 (17) (b) of the statutes, as created by 1997 Wisconsin Act 27, is amended to read:

48.48 **(17)** (b) In performing the functions specified in par. (a), the department may avail itself of the cooperation of any individual or private agency or organization interested in the social welfare of children <u>and unborn children</u> in the county.

**SECTION 243.** 48.52 (title) of the statutes is amended to read:

**48.52** (title) **Facilities for care of children <u>and adult expectant mothers</u> in care of department.**

**SECTION 244.** 48.52 (1m) of the statutes is created to read:

48.52 **(1m)** FACILITIES MAINTAINED OR USED FOR ADULT EXPECTANT MOTHERS. The department may maintain or use the following facilities for adult expectant mothers in its care:

(a) Community–based residential facilities, as defined in s. 50.01 (1g).

(b) Inpatient facilities, as defined in s. 51.01 (10).

(c) Other facilities determined by the department to be appropriate for the adult expectant mother.

**SECTION 245.** 48.52 (2) (a) of the statutes is amended to read:

48.52 **(2)** (a) In addition to the facilities and services described in sub. (1), the department may use other facilities and services under its jurisdiction. The department may also contract for and pay for the use of other public facilities or private facilities for the care and treatment of children <u>and the expectant mothers of unborn children</u> in its care. Placements in institutions for the mentally ill or developmentally disabled shall be made in accordance with ss. 48.14 (5), <u>48.347 (6)</u> and 48.63 and ch. 51.

**SECTION 246.** 48.547 (title) of the statutes is amended to read:

**48.547** (title) ~~Juvenile alcohol~~ <u>Alcohol</u> and other drug abuse ~~pilot~~ program.

**SECTION 247.** 48.547 (1) of the statutes is amended to read:

48.547 **(1)** LEGISLATIVE FINDINGS AND PURPOSE. The legislature finds that the use and abuse of alcohol and other drugs by children <u>and the expectant mothers of unborn children</u> is a state responsibility of statewide dimension. The legislature recognizes that there is a lack of adequate procedures to screen, assess and treat children <u>and the expectant mothers of unborn children</u> for alcohol and other drug abuse. To reduce the incidence of alcohol and other drug abuse by children <u>and the expectant mothers of unborn children</u>, the legislature deems it necessary to experiment with solutions to the problems of the use and abuse of alcohol and other drugs by children <u>and the expectant mothers of unborn children</u> by establishing a juvenile <u>and expectant mother</u> alcohol and other drug abuse ~~pilot~~ program in a limited number of counties. The purpose of the program is to develop intake and court procedures that screen, assess and give new dispositional alternatives for children <u>and expectant mothers</u> with needs and problems related to the use of alcohol beverages,

controlled substances or controlled substance analogs who come within the jurisdiction of a court assigned to exercise jurisdiction under this chapter and ch. 938 in the ~~pilot~~ counties selected by the department.

**SECTION 248.** 48.547 (2) of the statutes is amended to read:

48.547 **(2)** DEPARTMENT RESPONSIBILITIES. Within the availability of funding under s. 20.435 (7) (mb) that is available for the ~~pilot~~ program, the department shall select counties to participate in the ~~pilot~~ program. Unless a county department of human services has been established under s. 46.23 in the county that is seeking to implement a ~~pilot~~ program, the application submitted to the department shall be a joint application by the county department that provides social services and the county department established under s. 51.42 or 51.437. The department shall select counties in accordance with the request for proposal procedures established by the department. The department shall give a preference to county applications that include a plan for case management. ~~The counties selected shall begin the pilot program on January 1, 1989.~~

**SECTION 249.** 48.547 (3) (intro.), (b) and (d) of the statutes are amended to read:

48.547 **(3)** MULTIDISCIPLINARY SCREEN. (intro.) ~~By September 1, 1988, the~~ <u>The</u> department shall ~~develop~~ <u>provide</u> a multidisciplinary screen for the ~~pilot~~ program. The screen shall be used by an intake worker to determine whether or not a child <u>or an expectant mother of an unborn child</u> is in need of an alcohol or other drug abuse assessment. The screen shall also include indicators that screen children <u>and expectant mothers</u> for:

(b) School ~~or~~<u>,</u> truancy <u>or work</u> problems.

(d) Delinquent <u>or criminal</u> behavior patterns.

**SECTION 250.** 48.547 (4) of the statutes is amended to read:

48.547 **(4)** ASSESSMENT CRITERIA. ~~By September 1, 1988, the~~ <u>The</u> department shall ~~develop~~ <u>provide</u> uniform alcohol and other drug abuse assessment criteria to be used in the pilot program under ss. 48.245 (2) (a) 3. and 48.295 (1). An approved treatment facility that assesses a person under s. 48.245 (2) (a) 3. or 48.295 (1) may not also provide the person with treatment unless the department permits the approved treatment facility to do both in accordance with the criteria established by rule by the department.

**SECTION 251.** 48.57 (1) (a) of the statutes is amended to read:

48.57 **(1)** (a) To investigate the conditions surrounding nonmarital children ~~and~~<u>,</u> children in need of protection or services<u>,</u> including developmentally disabled children<u>, and unborn children in need of protection or services</u> within the county and to take every reasonable action within its power to secure for them the full benefit of all laws enacted for their benefit. Unless provided by another agency, the county department shall offer social

services to the caretaker of any child, and to the expectant mother of any unborn child, who is referred to it under the conditions specified in this paragraph.  This duty shall be discharged in cooperation with the court and with the public officers or boards legally responsible for the administration and enforcement of ~~these~~ those laws.

**SECTION 252.**  48.57 (1) (b) of the statutes is amended to read:

48.57 **(1)** (b)  To accept legal custody of children transferred to it by the court under s. 48.355, to accept supervision over expectant mothers of unborn children who are placed under its supervision under s. 48.355 and to provide special treatment and care for children and expectant mothers if ordered by the court.  A court may not order a county department to administer psychotropic medications to children and expectant mothers who receive special treatment or care under this paragraph.

**SECTION 253m.**  48.57 (1) (c) of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.57 **(1)** (c)  To provide appropriate protection and services for children and the expectant mothers of unborn children in its care, including providing services for those children and their families and for those expectant mothers in their own homes, placing ~~the~~ those children in licensed foster homes, ~~licensed~~ treatment foster homes or ~~licensed~~ group homes in this state or another state within a reasonable proximity to the agency with legal custody or contracting for services for ~~them~~ those children by licensed child welfare agencies, except that the county department ~~shall~~ may not purchase the educational component of private day treatment programs unless the county department, the school board as defined in s. 115.001 (7) and the state superintendent of public instruction all determine that an appropriate public education program is not available.  Disputes between the county department and the school district shall be resolved by the state superintendent of public instruction.

**SECTION 254.**  48.57 (1) (g) of the statutes is amended to read:

48.57 **(1)** (g)  Upon request of the department of health and family services or the department of corrections, to provide service for any child or expectant mother of an unborn child in the care of those departments.

**SECTION 255.**  48.57 (2) of the statutes is amended to read:

48.57 **(2)**  In performing the functions specified in sub. (1) the county department may avail itself of the cooperation of any individual or private agency or organization interested in the social welfare of children and unborn children in the county.

**SECTION 256m.**  48.59 (1) of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.59 **(1)**  The county department or, in a county having a population of 500,000 or more, the department or an agency under contract with the department shall investigate the personal and family history and environment of

any child transferred to its legal custody or placed under its supervision under s. 48.345 and of every expectant mother of an unborn child placed under its supervision under s. 48.347 and make any physical or mental examinations of the child or expectant mother considered necessary to determine the type of care necessary for the child or expectant mother.  The county department, department or agency shall screen a child or expectant mother who is examined under this subsection to determine whether the child or expectant mother is in need of special treatment or care because of alcohol or other drug abuse, mental illness or severe emotional disturbance.  The county department, department or agency shall keep a complete record of the information received from the court, the date of reception, all available data on the personal and family history of the child or expectant mother, the results of all tests and examinations given the child or expectant mother and a complete history of all placements of the child while in the legal custody or under the supervision of the county department, department or agency or of the expectant mother while under the supervision of the county department, department or agency.

**SECTION 257.**  48.59 (2) of the statutes is amended to read:

48.59 **(2)**  At the department's request, the county department shall report to the department regarding children who are in the legal custody or under the supervision of the county department and expectant mothers of unborn children who are under the supervision of the county department.

**SECTION 258.**  48.78 (2) (aj) of the statutes is created to read:

48.78 **(2)** (aj)  Paragraph (a) does not prohibit an agency from making available for inspection or disclosing the contents of a record, upon the request of a parent, guardian or legal custodian of a child expectant mother of an unborn child who is the subject of the record, upon the request of an expectant mother of an unborn child who is the subject of the record, if 14 years of age or over, or upon the request of an unborn child by the unborn child's guardian ad litem to the parent, guardian, legal custodian, expectant mother or unborn child by the unborn child's guardian ad litem, unless the agency determines that inspection of those records by the parent, guardian, legal custodian, expectant mother or unborn child by the unborn child's guardian ad litem would result in imminent danger to anyone.

**SECTION 259.**  48.78 (2) (ap) of the statutes is created to read:

48.78 **(2)** (ap)  Paragraph (a) does not prohibit an agency from making available for inspection or disclosing the contents of a record, upon the written permission of the parent, guardian or legal custodian of a child expectant mother of an unborn child who is the subject of the record, or of an expectant mother of an unborn child who is the subject of the record, if 14 years of age or over,

and of the unborn child by the unborn child's guardian ad litem, to the person named in the permission if the parent, guardian, legal custodian or expectant mother, and unborn child by the unborn child's guardian ad litem, specifically identify the record in the written permission, unless the agency determines that inspection of those records by the person named in the permission would result in imminent danger to anyone.

**SECTION 260.**   48.981 (title) of the statutes is amended to read:

**48.981** (title)   **Abused or neglected children and abused unborn children.**

**SECTION 261.** 48.981 (1) (ct) of the statutes is created to read:

48.981 **(1)** (ct)   "Indian unborn child" means an unborn child who, when born, may be eligible for affiliation with an Indian tribe or band in any of the following ways:

1. As a member of the tribe or band.

2. As a person who is both eligible for membership in the tribe or band and the biological child of a member of the tribe or band.

**SECTION 262.** 48.981 (1) (h) (intro.) of the statutes is amended to read:

48.981 **(1)** (h) (intro.)   "Subject" means a person or unborn child named in a report or record as either any of the following:

**SECTION 263.**   48.981 (1) (h) 1m. of the statutes is created to read:

48.981 **(1)** (h) 1m.   An unborn child who is the victim or alleged victim of abuse or who is at substantial risk of abuse.

**SECTION 264.**   48.981 (1) (h) 2. of the statutes is amended to read:

48.981 **(1)** (h) 2.   A person who is suspected of abuse or neglect or who has been determined to have abused or neglected a child or to have abused an unborn child.

**SECTION 265m.**   48.981 (2) of the statutes is amended to read:

48.981 **(2)** PERSONS REQUIRED TO REPORT.   A physician, coroner, medical examiner, nurse, dentist, chiropractor, optometrist, acupuncturist, other medical or mental health professional, social worker, marriage and family therapist, professional counselor, public assistance worker, including a financial and employment planner, as defined in s. 49.141 (1) (d), school teacher, administrator or counselor, mediator under s. 767.11, child care worker in a day care center or child caring institution, day care provider, alcohol or other drug abuse counselor, member of the treatment staff employed by or working under contract with a county department under s. 46.23, 51.42 or 51.437, physical therapist, occupational therapist, dietitian, speech–language pathologist, audiologist, emergency medical technician or police or law enforcement officer having reasonable cause to suspect that a child seen in the course of professional duties has been abused or neglected or having reason to believe that

a child seen in the course of professional duties has been threatened with abuse or neglect and that abuse or neglect of the child will occur shall, except as provided under sub. (2m), report as provided in sub. (3).   Any other person, including an attorney, having reason to suspect that a child has been abused or neglected or reason to believe that a child has been threatened with abuse or neglect and that abuse or neglect of the child will occur may make such a report.   Any person, including an attorney having reason to suspect that an unborn child has been abused or reason to believe that an unborn child is at substantial risk of abuse may report as provided in sub. (3).   No person making a report under this subsection may be discharged from employment for so doing.

**SECTION 266m.**   48.981 (3) (a) of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(3)** (a)   *Referral of report.*   A person required to report under sub. (2) shall immediately inform, by telephone or personally, the county department or, in a county having a population of 500,000 or more, the department or a licensed child welfare agency under contract with the department or the sheriff or city, village or town police department of the facts and circumstances contributing to a suspicion of child abuse or neglect or of unborn child abuse or to a belief that abuse or neglect will occur.   The sheriff or police department shall within 12 hours, exclusive of Saturdays, Sundays or legal holidays, refer to the county department or, in a county having a population of 500,000 or more, the department or a licensed child welfare agency under contract with the department all cases reported to it.   The county department, department or licensed child welfare agency may require that a subsequent report be made in writing.   Each county department, the department and a licensed child welfare agency under contract with the department shall adopt a written policy specifying the kinds of reports it will routinely report to local law enforcement authorities.

**SECTION 267.**   48.981 (3) (b) 1. of the statutes is amended to read:

48.981 **(3)** (b) 1.   Any person reporting under this section may request an immediate investigation by the sheriff or police department if the person has reason to suspect that a child's the health or safety of a child or of an unborn child is in immediate danger.   Upon receiving such a request, the sheriff or police department shall immediately investigate to determine if there is reason to believe that the child's health or safety of the child or unborn child is in immediate danger and take any necessary action to protect the child or unborn child.

**SECTION 268.**   48.981 (3) (b) 2. of the statutes is amended to read:

48.981 **(3)** (b) 2.   If the investigating officer has reason under s. 48.19 (1) (c) or (cm) or (d) 5. or 8. to take a child into custody, the investigating officer shall take the child into custody and deliver the child to the intake worker under s. 48.20.

**1997 Assembly Bill 463**                                    – 37 –

SECTION 269.  48.981 (3) (b) 2m. of the statutes is created to read:

48.981 **(3)** (b) 2m.  If the investigating officer has reason under s. 48.193 (1) (c) or (d) 2. to take the adult expectant mother of an unborn child into custody, the investigating officer shall take the adult expectant mother into custody and deliver the adult expectant mother to the intake worker under s. 48.203.

SECTION 270.  48.981 (3) (bm) (intro.) of the statutes is amended to read:

48.981 **(3)** (bm)  *Notice of report to Indian tribal agent.*  (intro.)  In a county that has wholly or partially within its boundaries a federally recognized Indian reservation or a bureau of Indian affairs service area for the ~~Winnebago~~ Ho–Chunk tribe, if a county department which receives a report under par. (a) pertaining to a child or unborn child knows that ~~he or she~~ the child is an Indian child who resides in the county or that the unborn child is an Indian unborn child whose expectant mother resides in the county, the county department shall provide notice, which shall consist only of the name and address of the child or expectant mother and the fact that a report has been received about that child or unborn child, within 24 hours to one of the following:

SECTION 271.  48.981 (3) (bm) 1. of the statutes is amended to read:

48.981 **(3)** (bm) 1.  If the county department knows with which tribe or band the child is affiliated, or with which tribe or band the unborn child, when born, may be eligible for affiliation, and it is a Wisconsin tribe or band, the tribal agent of that tribe or band.

SECTION 272.  48.981 (3) (bm) 2. of the statutes is amended to read:

48.981 **(3)** (bm) 2.  If the county department does not know with which tribe or band the child is affiliated, or with which tribe or band the unborn child, when born, may be eligible for affiliation, or the child or expectant mother is not affiliated with a Wisconsin tribe or band, the tribal agent serving the reservation or ~~Winnebago~~ Ho–Chunk service area where the child or expectant mother resides.

SECTION 273.  48.981 (3) (bm) 3. of the statutes is amended to read:

48.981 **(3)** (bm) 3.  If neither subd. 1. nor 2. applies, any tribal agent serving a reservation or ~~Winnebago~~ Ho–Chunk service area in the county.

SECTION 274m.  48.981 (3) (c) 1. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(3)** (c) 1.  Within 24 hours after receiving a report under par. (a), the agency shall, in accordance with the authority granted to the department under s. 48.48 (17) (a) 1. or the county department under s. 48.57 (1) (a), initiate a diligent investigation to determine if the child or unborn child is in need of protection or services.  The investigation shall be conducted in accordance with standards established by the department for conducting child

abuse and neglect investigations or unborn child abuse investigations.  If the investigation is of a report of child abuse or neglect or of child threatened abuse or neglect by a caregiver specified in sub. (1) (am) 5. to 8. who continues to have access to the child or a caregiver specified in sub. (1) (am) 1. to 4., or of a report that does not disclose who is suspected of the child abuse or neglect and in which the investigation does not disclose who abused or neglected the child, the investigation shall also include observation of or an interview with the child, or both, and, if possible, an interview with the child's parents, guardian or legal custodian.  If the investigation is of a report of child abuse or neglect or threatened child abuse or neglect by a caregiver who continues to reside in the same dwelling as the child, the investigation shall also include, if possible, a visit to that dwelling.  At the initial visit to the child's dwelling, the person making the investigation shall identify himself or herself and the agency involved to the child's parents, guardian or legal custodian.  The agency may contact, observe or interview the child at any location without permission from the child's parent, guardian or legal custodian if necessary to determine if the child is in need of protection or services, except that the person making the investigation may enter a child's dwelling only with permission from the child's parent, guardian or legal custodian or after obtaining a court order to do so.

SECTION 275m.  48.981 (3) (c) 2m. of the statutes is created to read:

48.981 **(3)** (c) 2m. a.  If the person making the investigation is an employe of the county department or, in a county having a population of 500,000 or more, the department or a licensed child welfare agency under contract with the department and he or she determines that it is consistent with the best interest of the unborn child in terms of physical safety and physical health to take the expectant mother into custody for the immediate protection of the unborn child, he or she shall take the expectant mother into custody under s. 48.08 (2), 48.19 (1) (cm) or 48.193 (1) (c) and deliver the expectant mother to the intake worker under s. 48.20 or 48.203.

b.  If the person making the investigation is an employe of a licensed child welfare agency which is under contract with the county department and he or she determines that any unborn child requires immediate protection, he or she shall notify the county department of the circumstances and together with an employe of the county department shall take the expectant mother of the unborn child into custody under s. 48.08 (2), 48.19 (1) (cm) or 48.193 (1) (c) and deliver the expectant mother to the intake worker under s. 48.20 or 48.203.

SECTION 276m.  48.981 (3) (c) 3. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(3)** (c) 3.  If the county department or, in a county having a population of 500,000 or more, the department or a licensed child welfare agency under con-

tract with the department determines that a child, any member of the child's family or the child's guardian or legal custodian is in need of services <u>or that the expectant mother of an unborn child is in need of services</u>, the county department, department or licensed child welfare agency shall offer to provide appropriate services or to make arrangements for the provision of services. If the child's parent, guardian or legal custodian <u>or the expectant mother</u> refuses to accept the services, the county department, department or licensed child welfare agency may request that a petition be filed under s. 48.13 alleging that the child who is the subject of the report or any other child in the home is in need of protection or services <u>or that a petition be filed under s. 48.133 alleging that the unborn child who is the subject of the report is in need of protection or services</u>.

**SECTION 277m.** 48.981 (3) (c) 5. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(3)** (c) 5. The agency shall maintain a record of its actions in connection with each report it receives. The record shall include a description of the services provided to any child and to the parents, guardian or legal custodian of the child <u>or to any expectant mother of an unborn child</u>. The agency shall update the record every 6 months until the case is closed.

**SECTION 278m.** 48.981 (3) (c) 6. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(3)** (c) 6. The agency shall, within 60 days after it receives a report from a person required under sub. (2) to report, inform the reporter what action, if any, was taken to protect the health and welfare of the child <u>or unborn child</u> who is the subject of the report.

**SECTION 279m.** 48.981 (3) (c) 6m. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(3)** (c) 6m. If a person who is not required under sub. (2) to report makes a report and is a relative of the child, other than the child's parent, <u>or is a relative of the expectant mother of the unborn child,</u> that person may make a written request to the agency for information regarding what action, if any, was taken to protect the health and welfare of the child <u>or unborn child</u> who is the subject of the report. An agency that receives a written request under this subdivision shall, within 60 days after it receives the report or 20 days after it receives the written request, whichever is later, inform the reporter in writing of what action, if any, was taken to protect the health and welfare of the child <u>or unborn child</u>, unless a court order prohibits that disclosure, and of the duty to keep the information confidential under sub. (7) (e) and the penalties for failing to do so under sub. (7) (f). The agency may petition the court ex parte for an order prohibiting that disclosure and, if the agency does so, the time period within which the information must be disclosed is tolled on the date the petition is filed and remains tolled until the court issues a decision. The court may hold an ex parte hearing in camera and shall issue an order granting the petition if the court determines that disclosure of the information would not be in the best interests of the child <u>or unborn child</u>.

**SECTION 280m.** 48.981 (3) (c) 7. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(3)** (c) 7. The county department or, in a county having a population of 500,000 or more, the department or a licensed child welfare agency under contract with the department shall cooperate with law enforcement officials, courts of competent jurisdiction, tribal governments and other human services agencies to prevent, identify and treat child abuse and neglect <u>and unborn child abuse</u>. The county department or, in a county having a population of 500,000 or more, the department or a licensed child welfare agency under contract with the department shall coordinate the development and provision of services to abused and neglected children <del>and</del>, <u>to abused unborn children</u> to families <u>where</u> in which child abuse or neglect has occurred <del>or</del>, <u>to expectant mothers who have abused their unborn children,</u> to children and families <del>where</del> <u>when</u> circumstances justify a belief that abuse or neglect will occur <u>and to the expectant mothers of unborn children when circumstances justify a belief that unborn child abuse will occur</u>.

**SECTION 281m.** 48.981 (3) (c) 8. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(3)** (c) 8. Using the format prescribed by the department, each county department shall provide the department with information about each report that the county department receives or that is received by a licensed child welfare agency that is under contract with the county department and about each investigation that the county department or a licensed child welfare agency under contract with the county department conducts. Using the format prescribed by the department, a licensed child welfare agency under contract with the department shall provide the department with information about each report that the child welfare agency receives and about each investigation that the child welfare agency conducts. This information shall be used by the department to monitor services provided by county departments or licensed child welfare agencies under contract with county departments or the department. The department shall use nonidentifying information to maintain statewide statistics on child abuse and neglect <u>and on unborn child abuse</u>, and for planning and policy development <u>purposes</u>.

**SECTION 282m.** 48.981 (3) (d) 1. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(3)** (d) 1. In this paragraph, "agent" includes, but is not limited to, a foster parent, treatment foster parent or other person given custody of a child or a human services professional employed by a county department under s. 51.42 or 51.437 or by a child welfare agency who is working with <del>the</del> <u>a</u> child <u>or an expectant mother of an unborn child</u> under contract with or under the supervision

**1997 Assembly Bill 463**                                    – 39 –

of the department in a county having a population of 500,000 or more or a county department under s. 46.22.

**SECTION 283m.** 48.981 (3) (d) 2. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(3)** (d) 2. If an agent or employe of an agency required to investigate under this subsection is the subject of a report, or if the agency determines that, because of the relationship between the agency and the subject of a report, there is a substantial probability that the agency would not conduct an unbiased investigation, the agency shall, after taking any action necessary to protect the child or unborn child, notify the department. Upon receipt of the notice, the department, in a county having a population of less than 500,000 or a county department or child welfare agency designated by the department in any county shall conduct an independent investigation. If the department designates a county department under s. 46.22, 46.23, 51.42 or 51.437, that county department shall conduct the independent investigation. If a licensed child welfare agency agrees to conduct the independent investigation, the department may designate the child welfare agency to do so. The powers and duties of the department or designated county department or child welfare agency making an independent investigation are those given to county departments under par. (c).

**SECTION 284.** 48.981 (4) of the statutes is amended to read:

48.981 **(4)** IMMUNITY FROM LIABILITY. Any person or institution participating in good faith in the making of a report, conducting an investigation, ordering or taking of photographs or ordering or performing medical examinations of a child or of an expectant mother under this section shall have immunity from any liability, civil or criminal, that results by reason of the action. For the purpose of any proceeding, civil or criminal, the good faith of any person reporting under this section shall be presumed. The immunity provided under this subsection does not apply to liability for abusing or neglecting a child or for abusing an unborn child.

**SECTION 285m.** 48.981 (7) (a) 1m. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(7)** (a) 1m. A reporter described in sub. (3) (c) 6m. who makes a written request to an agency for information regarding what action, if any, was taken to protect the health and welfare of the child or unborn child who is the subject of the report, unless a court order under sub. (3) (c) 6m. prohibits disclosure of that information to that reporter, except that the only information that may be disclosed is information in the record regarding what action, if any, was taken to protect the health and welfare of the child or unborn child who is the subject of the report.

**SECTION 286.** 48.981 (7) (a) 3m. of the statutes is amended to read:

48.981 **(7)** (a) 3m. A child's parent, guardian or legal custodian or the expectant mother of an unborn child, ex-

cept that the person or agency maintaining the record or report may not disclose any information that would identify the reporter.

**SECTION 287.** 48.981 (7) (a) 4. of the statutes is amended to read:

48.981 **(7)** (a) 4. A child's foster parent, treatment foster parent or other person having physical custody of the child or a person having physical custody of the expectant mother of an unborn child, except that the person or agency maintaining the record or report may not disclose any information that would identify the reporter.

**SECTION 288m.** 48.981 (7) (a) 5. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(7)** (a) 5. A professional employe of a county department under s. 51.42 or 51.437 who is working with the child or the expectant mother of the unborn child under contract with or under the supervision of the county department under s. 46.22 or, in a county having a population of 500,000 or more, the department or a licensed child welfare agency under contract with the department.

**SECTION 289m.** 48.981 (7) (a) 6. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(7)** (a) 6. A multidisciplinary child abuse and neglect or unborn child abuse team recognized by the county department or, in a county having a population of 500,000 or more, the department or a licensed child welfare agency under contract with the department.

**SECTION 290.** 48.981 (7) (a) 10. of the statutes is amended to read:

48.981 **(7)** (a) 10. A court conducting proceedings under s. 48.21 or 48.213, a court conducting proceedings related to a petition under s. 48.13, 48.133 or 48.42 or a court conducting dispositional proceedings under subch. VI or VIII in which abuse or neglect of the child who is the subject of the report or record or of abuse of the unborn child who is the subject of the report or record is an issue.

**SECTION 291.** 48.981 (7) (a) 10m. of the statutes is amended to read:

48.981 **(7)** (a) 10m. A tribal court, or other adjudicative body authorized by a tribe or band to perform child welfare functions, that exercises jurisdiction over children and unborn children alleged to be in need of protection or services for use in proceedings in which abuse or neglect of the child who is the subject of the report or record or abuse of the unborn child who is the subject of the report or record is an issue.

**SECTION 292m.** 48.981 (7) (a) 11. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(7)** (a) 11. The county corporation counsel or district attorney representing the interests of the public, the agency legal counsel and the counsel or guardian ad litem representing the interests of a child in proceedings under subd. 10., 10g or 10j and the guardian ad litem representing the interests of an unborn child in proceedings under subd. 10.

**Section 293.** 48.981 (7) (a) 11m. of the statutes is amended to read:

48.981 **(7)** (a) 11m.  An attorney representing the interests of an Indian tribe or band or in proceedings under subd. 10m. or 10r., of an Indian child in proceedings under subd. 10m. or 10r. or of an Indian unborn child in proceedings under subd. 10m.

**Section 294m.** 48.981 (7) (a) 11r. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(7)** (a) 11r.  A volunteer appointed or person employed by a court–appointed special advocate program recognized by the county board or the county department or, in a county having a population of 500,000 or more, the department or a licensed child welfare agency under contract with the department, to the extent necessary to perform the advocacy services in proceedings related to a petition under s. 48.13 or 48.133 for which the court–appointed special advocate program is recognized by the county board, county department or department.

**Section 295.** 48.981 (7) (a) 17. of the statutes is amended to read:

48.981 **(7)** (a) 17.  A federal agency, state agency of this state or any other state or local governmental unit located in this state or any other state that has a need for a report or record in order to carry out its responsibility to protect children from abuse or neglect or to protect unborn children from abuse.

**Section 296m.** 48.981 (8) (a) of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(8)** (a)  The department, the county departments and a licensed child welfare agency under contract with the department in a county having a population of 500,000 or more to the extent feasible shall conduct continuing education and training programs for staff of the department, the county departments, a licensed child welfare agency under contract with the department or a county department, and the tribal social services departments, persons and officials required to report, the general public and others as appropriate.  The programs shall be designed to encourage reporting of child abuse and neglect and of unborn child abuse, to encourage self–reporting and voluntary acceptance of services and to improve communication, cooperation and coordination in the identification, prevention and treatment of child abuse and neglect and of unborn child abuse.  The department, the county departments and a licensed child welfare agency under contract with the department in a county having a population of 500,000 or more shall develop public information programs about child abuse and neglect and about unborn child abuse.

**Section 297.** 48.981 (8) (b) of the statutes is amended to read:

48.981 **(8)** (b)  The department shall to the extent feasible ensure that there are available in the state administrative procedures, personnel trained in child abuse and neglect and in unborn child abuse, multidisciplinary programs and operational procedures and capabilities to deal effectively with child abuse and neglect cases and with unborn child abuse cases.  These procedures and capabilities may include, but are not limited to, receipt, investigation and verification of reports; determination of treatment or ameliorative social services; or referral to the appropriate court.

**Section 298m.** 48.981 (8) (c) of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(8)** (c)  In meeting its responsibilities under par. (a) or (b), the department, a county department or a licensed child welfare agency under contract with the department in a county having a population of 500,000 or more may contract with any public or private organization which meets the standards set by the department.  In entering into the contracts the department, county department or licensed child welfare agency shall give priority to parental organizations combating child abuse and neglect or unborn child abuse.

**Section 299m.** 48.981 (8) (d) 1. of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.981 **(8)** (d) 1.  Each agency staff member and supervisor whose responsibilities include investigation or treatment of child abuse and neglect or of unborn child abuse shall successfully complete training in child abuse and neglect protective services and in unborn child abuse protective services approved by the department.  The department shall monitor compliance with this subdivision according to rules promulgated by the department.

**Section 300.** 48.981 (9) of the statutes is amended to read:

48.981 **(9)** Annual reports.  Annually, the department shall prepare and transmit to the governor, and to the legislature under s. 13.172 (2), a report on the status of child abuse and neglect programs and on the status of unborn child abuse programs.  The report shall include a full statistical analysis of the child abuse and neglect reports, and the unborn child abuse reports, made through the last calendar year, an evaluation of services offered under this section and their effectiveness, and recommendations for additional legislative and other action to fulfill the purpose of this section.  The department shall provide statistical breakdowns by county, if requested by a county.

**Section 301m.** 48.985 (1) of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.985 **(1)** Federal program operations.  From the appropriation under s. 20.435 (3) (n), the department shall expend not more than $273,700 in each fiscal year of the moneys received under 42 USC 620 to 626 for the department's expenses in connection with administering the expenditure of funds received under 42 USC 620 to 626 and for child abuse and neglect and unborn child abuse independent investigations.

**1997 Assembly Bill 463** – 41 –

**SECTION 302m.** 48.985 (2) of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

48.985 **(2)** COMMUNITY SOCIAL AND MENTAL HYGIENE SERVICES. From the appropriation under s. 20.435 (7) (o), the department shall distribute not more than $3,804,000 in fiscal year 1997–98 and not more than $3,734,000 in fiscal year 1998–99 of the moneys received under 42 USC 620 to 626 to county departments under ss. 46.215, 46.22 and 46.23 for the provision or purchase of child welfare projects and services, for services to children and families, for services to the expectant mothers of unborn children and for family–based child welfare services.

**SECTION 303.** 51.13 (4) (h) 4. of the statutes is amended to read:

51.13 **(4)** (h) 4. If there is a reason to believe the minor is in need of protection or services under s. 48.13 or 938.13 or the minor is an expectant mother of an unborn child in need of protection or services under s. 48.133, dismiss the petition and authorize the filing of a petition under s. 48.25 (3) or 938.25 (3). The court may release the minor or may order that the minor be taken and held in custody under s. 48.19 (1) (c) or (cm) or 938.19 (1) (c).

**SECTION 304.** 51.30 (4) (b) 9. of the statutes is amended to read:

51.30 **(4)** (b) 9. To a facility which is to receive an individual who is involuntarily committed under this chapter, ch. 48, 971 or 975 upon transfer of the individual from one treatment facility to another. Release of records under this subdivision shall be limited to such treatment records as are required by law, a record or summary of all somatic treatments, and a discharge summary. The discharge summary may include a statement of the patient's problem, the treatment goals, the type of treatment which has been provided, and recommendation for future treatment, but it may not include the patient's complete treatment record. The department shall promulgate rules to implement this subdivision.

**SECTION 305.** 51.30 (4) (b) 11. of the statutes is amended to read:

51.30 **(4)** (b) 11. To the subject individual's counsel or guardian ad litem, without modification, at any time in order to prepare for involuntary commitment or recommitment proceedings, reexaminations, appeals or other actions relating to detention, admission, commitment or patients' rights under this chapter or ch. 48, 971 or 975.

**SECTION 306.** 51.30 (4) (b) 11m. of the statutes is created to read:

51.30 **(4)** (b) 11m. To the guardian ad litem of the unborn child, as defined in s. 48.02 (19), of a subject individual, without modification, at any time to prepare for proceedings under s. 48.133.

**SECTION 307.** 51.30 (4) (b) 14. of the statutes is amended to read:

51.30 **(4)** (b) 14. To the counsel for the interests of the public in order to prepare for involuntary commitment or recommitment proceedings, reexaminations, appeals or other actions relating to detention, admission or commitment under this chapter or ch. 48, 971 or 975. Records released under this subdivision are limited to information concerning the admission, detention or commitment of an individual who is presently admitted, detained or committed.

**SECTION 308.** 51.30 (4) (b) 17. of the statutes is amended to read:

51.30 **(4)** (b) 17. To the county agency designated under s. 46.90 (2) or other investigating agency under s. 46.90 for the purposes of s. 46.90 (4) (a) and (5), to the county department, as defined in s. 48.02 (2g), or the sheriff or police department for the purposes of s. 48.981 (2) and (3) or to the county protective services agency designated under s. 55.02 for purposes of s. 55.043. The treatment record holder may release treatment record information by initiating contact with the county protective services agency or county department, as defined in s. 48.02 (2g), without first receiving a request for release of the treatment record from the county protective services agency or county department.

**SECTION 308m.** 51.46 of the statutes is created to read:

**51.46 Priority for pregnant women for private treatment for alcohol or other drug abuse.** For inpatient or outpatient treatment for alcohol or other drug abuse, the first priority for services that are available in privately operated facilities, whether on a voluntary or involuntary basis, is for pregnant women who suffer from alcoholism, alcohol abuse or drug dependency.

**SECTION 309.** 51.61 (1) (intro.) of the statutes is amended to read:

51.61 **(1)** (intro.) In this section, "patient" means any individual who is receiving services for mental illness, developmental disabilities, alcoholism or drug dependency, including any individual who is admitted to a treatment facility in accordance with this chapter or ch. 48 or 55 or who is detained, committed or placed under this chapter or ch. 48, 55, 971, 975 or 980, or who is transferred to a treatment facility under s. 51.35 (3) or 51.37 or who is receiving care or treatment for those conditions through the department or a county department under s. 51.42 or 51.437 or in a private treatment facility. "Patient" does not include persons committed under ch. 975 who are transferred to or residing in any state prison listed under s. 302.01. In private hospitals and in public general hospitals, "patient" includes any individual who is admitted for the primary purpose of treatment of mental illness, developmental disability, alcoholism or drug abuse but does not include an individual who receives treatment in a hospital emergency room nor an individual who receives treatment on an outpatient basis at those hospitals, unless the individual is otherwise covered under this subsection. Except as provided in sub. (2), each patient shall:

**SECTION 310m.** 146.0255 (2) of the statutes, as affected by 1997 Wisconsin Act 35, is amended to read:

146.0255 **(2)** TESTING. Any hospital employe who provides health care, social worker or intake worker under ch. 48 may refer an infant or an expectant mother of an unborn child, as defined in s. 48.02 (19), to a physician for testing of the ~~infant's~~ bodily fluids of the infant or expectant mother for controlled substances or controlled substance analogs if the hospital employe who provides health care, social worker or intake worker suspects that the infant or expectant mother has controlled substances or controlled substance analogs in the ~~infant's~~ bodily fluids of the infant or expectant mother because of the ~~mother's~~ use of controlled substances or controlled substance analogs by the mother while she was pregnant with the infant or by the expectant mother while she is pregnant with the unborn child. The physician may test the infant or expectant mother to ascertain whether or not the infant or expectant mother has controlled substances or controlled substance analogs in the ~~infant's~~ bodily fluids of the infant or expectant mother, if the physician determines that there is a serious risk that there are controlled substances or controlled substance analogs in the ~~infant's~~ bodily fluids of the infant or expectant mother because of the ~~mother's~~ use of controlled substances or controlled substance analogs by the mother while she was pregnant with the infant or by the expectant mother while she is pregnant with the unborn child and that the health of the infant, the unborn child or the child when born may be adversely affected by the controlled substances or controlled substance analogs. If the results of the test indicate that the infant does have controlled substances or controlled substance analogs in the infant's bodily fluids, the physician shall make a report under s. 46.238. If the results of the test indicate that the expectant mother does have controlled substances or controlled substance analogs in the expectant mother's bodily fluids, the physician may make a report under s. 46.238. Under this subsection, no physician may test an expectant mother without first receiving her informed consent to the testing.

**SECTION 311.** 146.0255 (3) (intro.) of the statutes is amended to read:

146.0255 **(3)** TEST RESULTS. (intro.) The physician who performs a test under sub. (2) shall provide the infant's parents or guardian or the expectant mother with all of the following information:

**SECTION 311m.** 146.0255 (3) (b) of the statutes, as affected by 1997 Wisconsin Act 27, is amended to read:

146.0255 **(3)** (b) A statement of explanation that the test results of an infant must, and that the test results of an expectant mother may, be disclosed to a county department under s. 46.22 or 46.23 or, in a county having a population of 500,000 or more, to the county department under s. 51.42 or 51.437 in accordance with s. 46.238 if the test results are positive.

**SECTION 312.** 146.82 (2) (a) 11. of the statutes is amended to read:

146.82 **(2)** (a) 11. To a county department, as defined under s. 48.02 (2g), a sheriff or police department or a district attorney for purposes of investigation of threatened or suspected child abuse or neglect or suspected unborn child abuse or for purposes of prosecution of alleged child abuse or neglect, if the person conducting the investigation or prosecution identifies the subject of the record by name. The health care provider may release information by initiating contact with a county department, sheriff or police department or district attorney without receiving a request for release of the information. A person to whom a report or record is disclosed under this subdivision may not further disclose it, except to the persons, for the purposes and under the conditions specified in s. 48.981 (7).

**SECTION 313.** 301.01 (2) (cm) of the statutes is created to read:

301.01 **(2)** (cm) Any expectant mother held in custody under ss. 48.193 to 48.213.

**SECTION 314.** 757.69 (1) (g) of the statutes is amended to read:

757.69 **(1)** (g) When assigned to the court assigned jurisdiction under chs. 48 and 938, a court commissioner may, under ch. 48 or 938, issue summonses and warrants, order the release or detention of children ~~apprehended~~ or expectant mothers of unborn children taken into custody, conduct detention and shelter care hearings, conduct preliminary appearances, conduct uncontested proceedings under ss. 48.13, 48.133, 938.12, 938.13 and 938.18, enter into consent decrees and exercise the powers and perform the duties specified in par. (j) or (m), whichever is applicable, in proceedings under s. 813.122 or 813.125 in which the respondent is a child. Contested waiver hearings under s. 938.18 and dispositional hearings under ss. 48.335 and 938.335 shall be conducted by a judge. When acting in an official capacity and assigned to the children's court center, a court commissioner shall sit at the children's court center or such other facility designated by the chief judge. Any decision by the commissioner shall be reviewed by the judge of the branch of court to which the case has been assigned, upon motion of any party. Any determination, order or ruling by the commissioner may be certified to the branch of court to which such case has been assigned upon a motion of any party for a hearing de novo.

**SECTION 315.** 808.075 (4) (a) 4. of the statutes is amended to read:

808.075 **(4)** (a) 4. Hearing for child held in custody under s. 48.21 or an adult expectant mother of an unborn child held in custody under s. 48.213.

**SECTION 316.** 813.122 (1) (a) of the statutes is amended to read:

813.122 **(1)** (a) "Abuse" has the meaning given in s. 48.02 (1) (a) and (b) to (gm) and, in addition, includes a threat to engage in any conduct under s. 48.02 (1), other than conduct under s. 48.02 (1) (am).

**1997 Assembly Bill 463**                                    – 43 –

SECTION 317.    904.085 (4) (d) of the statutes is amended to read:

904.085 **(4)** (d)  A mediator reporting child _or unborn child_ abuse under s. 48.981 or reporting nonidentifying information for statistical, research or educational purposes does not violate this section.

SECTION 318.    905.04 (4) (e) (title) of the statutes is amended to read:

905.04 **(4)** (e) (title)  _Abused or neglected child or abused unborn child._

SECTION 319.    905.04 (4) (e) 3. of the statutes is created to read:

905.04 **(4)** (e) 3.  There is no privilege in situations where the examination of the expectant mother of an abused unborn child creates a reasonable ground for an opinion of the physician, registered nurse, chiropractor, psychologist, social worker, marriage and family therapist or professional counselor that the physical injury inflicted on the unborn child was caused by the habitual lack of self–control of the expectant mother of the unborn child in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree.

SECTION 320.    938.245 (8) of the statutes is amended to read:

938.245 **(8)**  If the obligations imposed under the deferred prosecution agreement are met, the intake worker shall so inform the juvenile and a parent, guardian and legal custodian in writing, and no petition may be filed or citation issued on the charges that brought about the deferred prosecution agreement nor may the charges be the sole basis for a petition under s. 48.13, 48.133, 48.14, 938.13 or 938.14.

SECTION 320s.  **Nonstatutory provisions.**

(1)  This act shall be construed in accordance with section 990.001 (11) of the statutes so that if any provision of this act is invalid, or if the application of this act to any person or circumstance is invalid, that invalidity shall not affect any other provision or application of this act which can be given effect without the invalid provision or application.

SECTION 321. **Initial applicability.**

(1)  GENERAL APPLICABILITY.  This act first applies to an expectant mother of an unborn child, as defined in section 48.02 (19) of the statutes, as created by this act, who exhibits a lack of self–control in the use of alcohol beverages, controlled substances or controlled substance analogs, to a severe degree, on the effective date of this subsection, but does not preclude consideration of a lack of that self–control exhibited before the effective date of this subsection in determining whether the lack of that self–control is habitual or is habitually exhibited to a severe degree, or in determining whether there is a substantial risk that the physical health of the unborn child, or of the child when born, will be seriously affected or endangered due to the habitual lack of that self–control, exhibited to a severe degree.

(2t)  PRIORITY FOR PREGNANT WOMEN FOR PRIVATE TREATMENT FOR ALCOHOL OR OTHER DRUG ABUSE.  The treatment of section 51.46 of the statutes first applies to applications for voluntary admission that are submitted and emergency detentions and involuntary commitments that are made on the effective date of this subsection.