# Exhibit B

STATE OF WISCONSIN, CIRCUIT COURT, TAYLOR _____ COUNTY

IN THE INTEREST OF

J. Doe, an unborn child, and Tamara M. Loertscher
Name

_____
Date of Birth

Order for Temporary Physical Custody
☐ Secure
☒ Nonsecure

Case No. _____

For Official Use

**FILED**
AUG 0 5 2014
TONI MATTHIAS
PROBATE/JUVENILE DIVISION
TAYLOR COUNTY, WIS.

A hearing for temporary physical custody was held on [Date] _____ , which is the effective date of this order.

**THE COURT FINDS:**

1. The child/juvenile is in the jurisdiction of this court under
   ☐ delinquency [statutes]: _____ or
   ☐ JIPS [statutes]: _____ or
   ☒ CHIPS [statutes]: 48.133 _____.

2. Probable cause exists to believe that the
   ☐ A. Child/juvenile will commit injury to person or property of others.
   ☒ B. Child/juvenile will   ☐ cause injury to self.   ☒ be subject to injury by others.   *(unborn child)*
   ☐ C. Parent(s), guardian, legal custodian or other responsible adult is
      ☐ neglecting   ☐ refusing   ☐ unable   ☐ unavailable to provide adequate supervision and care.
   ☐ D. Child/juvenile will run away or be taken away, making the child/juvenile unavailable for further court proceedings.
   ☐ E. Parent(s) has relinquished custody of the child/juvenile.

3. Child/juvenile is not subject to the federal Indian Child Welfare Act.
   (If the child/juvenile is subject to the Indian Child Welfare Act, use the Indian Child Welfare Act version [IW-1711] of this order.)

**For secure custody, the court further finds that probable cause exists to believe:**
   ☐ 1. The child/juvenile has committed a delinquent act and there is a substantial risk of
      ☐ physical harm to another.   ☐ running away.

   ☐ 2. The child/juvenile is a   ☐ fugitive from another state   ☐ runaway from a juvenile correctional facility, and there was no reasonable opportunity to return the child/juvenile.

   ☐ 3. A protective order was issued and the child/juvenile consents in writing to the custody.

   ☐ 4. The child/juvenile ran away or committed a delinquent act while in nonsecure custody and no other suitable alternative exists.

   ☐ 5. The child/juvenile is alleged/adjudicated delinquent and is a runaway from another county and would run away from nonsecure custody.

   ☐ 6. The child/juvenile is subject to adult criminal court jurisdiction and is under 15 years of age.

**For secure custody in a jail, the court further finds:**
   ☐ 1. No other juvenile detention facility approved by DOC or the county is available.

   ☐ 2. The child/juvenile presents a substantial risk of physical harm to others in the juvenile detention facility.

JD-1711, 05/14 Order for Temporary Physical Custody – Secure/Nonsecure
§§48.19(1), 48.21, 48.205, 48.415(1m), 48.355(2d), 938.19(1), 938.21, 938.205, and 938.355(2d), Wis. Statutes
This form shall not be modified. It may be supplemented with additional material.
Page 1 of 3

| Order for Temporary Physical Custody – Secure/Non-Secure | Page 2 of 3 | Case No. _____ |

**For all custody outside of the home, the court further finds:**

1. Continuation of residence in the home at this time ☒ is  ☐ is not  contrary to the child's/juvenile's welfare.
   Tamara Loertscher ~~denies drug use but~~ has tested positive to the use of controlled substances which, if use continues, will cause significant harm to her unborn child.

2. Reasonable efforts to prevent removal and return child/juvenile safely home were *[Complete one of the following]*
   ☐ made by the department or agency responsible for providing services.
   _____
   _____
   ☒ made by the department or agency responsible for providing services, although an emergency situation resulted in immediate removal of the child/juvenile from the home.
   TCHSD has offered voluntary services, counseling, and treatment to Tamara Loertscher who refuses the help.
   _____
   ☐ not required under §48.355(2d) and §938.355(2d), Wis. Stats. _____
   _____
   ☐ required, but good cause was shown why sufficient information is not available to enable the court to make the necessary findings. This hearing is continued until *[Date – Not to exceed 5 days]* _____.
   ☐ required, but the department or agency responsible for providing services failed to make reasonable efforts.

3. Reasonable efforts to place the child/juvenile in a placement that enables the sibling group to remain together were
   ☐ made.
   ☒ not required because the child/juvenile does not have siblings in out-of-home care.
   ☐ not required because it would be contrary to the safety or well being of the child/juvenile or any of the siblings.

4. As to the department or agency recommendation:
   ☒ A. The placement location recommended by the department or agency is adopted.
      OR
   ☐ B. After giving bona fide consideration to the recommendations of the department or agency and all parties, the placement location recommended is not adopted.

☐ 5. The ☐ mother ☐ father was present and was asked to provide the names and other identifying information of three adult relatives of the child/juvenile or other adult individuals whose home the parent requests the court to consider as placements for the child/juvenile.

**THE COURT ORDERS:**

1. The child/juvenile is held in custody
   ☐ A. In-home at _____.
   ☒ B. Out-of-home at treatment facility TBD by treating physicians and program director of TCHSD
      and into the placement and care responsibility of the
      ☒ Taylor County county department, which has primary responsibility for providing services.
      ☐ Department of Children and Families, which has primary responsibility for providing services.
      ☐ Bureau of Milwaukee Child Welfare, which has primary responsibility for providing services.

☐ 2. This is an out-of-home placement. The child/juvenile has one or more siblings in out-of-home care and the child/juvenile is not placed with all those siblings.
   ☐ The department or agency shall make reasonable efforts to provide frequent visitation or other ongoing interaction between the child/juvenile and any siblings.
   ☐ The department or agency is not required to provide for frequent visitation or other ongoing interaction because it would be contrary to the safety or well being of the child/juvenile or any siblings.

Order for Temporary Physical Custody – Secure/Non-Secure     Page 3 of 3     Case No. _____

☐ 3. This is an out-of-home placement and the department or agency shall conduct a diligent search in order to locate and provide notice as required by §48.21(5)(e)2.or §938.21(5)(e)2.,Wis. Stats., to all adult relatives of the child/juvenile, including the three adult relatives provided by the parents under §48.21(3)(f) or §938.21(3)(f), Wis. Stats., no later than 30 days from the date of the child's/juvenile's removal from the home, unless the search was previously conducted and notice provided.

☐ 4. While in a nonsecure placement above, the child/juvenile shall also be monitored by an electronic monitoring system.

☒ 5. Other conditions of custody see attached _____

☐ 6. The parent(s)/guardian shall contribute toward the expenses of custody/services in the amount of
    ☐ $ _____.
    ☐ to be determined by [Agency] _____

7. Transportation to the placement and any return to court shall be provided by _____

8. The next hearing date is _____ at _____ ☐ a.m. ☐ p.m.

☐ 9. The request for temporary physical custody is denied.

10. Other: _____

Name and Address of Placement:
Luther Hospital   until medically
1221 Whipple Street   cleared then treatment
Eau Claire, WI 54703   facility

**THIS IS A FINAL ORDER FOR PURPOSES OF APPEAL IF SIGNED BY A CIRCUIT COURT JUDGE.**

BY THE COURT:

_[signature]_
☐ Circuit Court Judge   ☒ Circuit Court Commissioner

Hon. Greg Krug
Name Printed or Typed

August 5, 2014
Date

DISTRIBUTION:
1. Original - Court
2. Placement Facility
3. Child/Juvenile/Parents/Attorneys
4. Social Worker/Intake Worker

Attachment to 5 of the Court Order:

1. That she be placed at a licensed treatment facility until the program directors deem it appropriate to release her;
2. That she comply with the program directors' assessment and treatment recommendations;
3. That if discharged from that program, that she continue to comply with treatment recommendations including complete sobriety, random Urine Analysis;
4. That she cooperate with TCHSD
5. That she sign all releases requested by TCHSD that is necessary to facilitating/monitoring her treatment
6. That if she does not comply she shall be held in contempt of court.