# APPENDIX 1

**DRAFTER'S NOTE**      LRBa1088/1dn
**FROM THE**      GMM:kaf:lp
**LEGISLATIVE REFERENCE BUREAU**

Wednesday, November 12, 1997

1. *Legislative intent statement.* Although as a general rule it is LRB policy not to draft statements of legislative intent, the attached amendment fits into an exception to that general rule which permits us to draft an intent statement when there is a reasonable probability that a bill may be declared unconstitutional in whole or in part and the intent statement might help to sustain the constitutionality of the bill. Because there is a reasonable probability that the bill might be declared unconstitutional as applied to previable unborn children and because the intent statement puts the courts on notice that the legislature is aware of that problem and, therefore, intends that the bill apply only to the extent constitutionally permissible, it appears that the intent statement might help to sustain the constitutionality of the bill as applied to viable unborn children even if the bill's applicability to previable unborn children is declared unconsitutional.

Note, however, that the attached intent statement is more narrowly drawn that the language submitted by Wisconsin Right to Life. Specifically, the WRTL reference to the entire Children's Code is overbroad and beyond the proper scope of the intent statement. Accordingly, the attached intent statement is narrowed to the subject matter of the bill, that is, providing for the needs of unborn children and protecting unborn children from the harmful effects of mom's alcohol or drug use.

2. *Severability.* I continue to stand obstinant on the advice I gave the Committee verbally: a nonstatutory severability clause is legally redundant and unnecessary in that s. 990.001 (11) already provides for the severability of any provision or application of a provision that is invalid.

Gordon M. Malaise
Senior Legislative Attorney
266-9738