# APPENDIX 2

Case: 3:14-cv-00870-jdp   Document #: 14-3   Filed: 01/07/15   Page 2 of 5   Paltrow

 

Tommy G. Thompson
Governor

Joe Leean
Secretary

**State of Wisconsin**

Department of Health and Family Services

DIVISION OF CHILDREN AND FAMILY SERVICES

1 WEST WILSON STREET
P.O. BOX 8916
MADISON WI 53708-8916

DATE: July 23, 1998

TO: Directors, County Departments of Human Services
Directors, County Departments of Social Services

FROM: Linda Hisgen, Director
Bureau of Programs and Policies

RE: 1997 Wisconsin Act 292

Attached is a copy of 1997 Wisconsin Act 292, which creates a form of maltreatment called "unborn child abuse" and specific responsibilities and authority for county social/human services departments to intervene in such cases. Act 292 makes changes in Chapters 48, 46, 51, 146, 757, 808, 813, 904, 905 and 938. We will be reviewing this legislation with the Bureau of Substance Abuse Services and the Division of Health in order to develop helpful guidelines and reasonable standards as to how to proceed in these cases. In the meantime, however, this legislation has been enacted and became effective on July 1, 1998. We encourage you and your staff to review the attached act and determine how you will proceed.

Act 292 is fairly extensive. In summary, it does the following:
- Creates a new category of abuse, "unborn child abuse", which is defined under s. 48.02(1)(am) in the following way: "When used in referring to an unborn child, serious physical harm inflicted on the unborn child, and the risk of serious physical harm to the child when born, caused by the habitual lack of self-control of the expectant mother of the unborn child in the use of alcohol beverages, controlled substances or controlled substance analogs, exhibited to a severe degree."
- Defines an "unborn child" to be a "human being from the time of fertilization to the time of birth."
- Provides for interventions to protect unborn children that parallel the protections for children throughout Chapter 48. Interventions include such actions as the receipt and investigation of referrals, taking and holding an expectant mother in custody, filing juvenile court actions, determining if unborn child abuse has occurred, preparing dispositional reports and providing services and supervision. Procedures vary depending upon whether the subject is an adult or a child.
- Provides for the unborn child to be represented by a guardian ad litem when the expectant mother is taken into custody and not released and when there is court action.
- Other than in cases of Chapter 51 commitments, places responsibility with the public child welfare system for placement and supervision of the expectant mother and developing and overseeing treatment.

Act 292 creates a new area of responsibility for child welfare, and, as such, there are no existing protocols, policies, assessment tools or guidelines that define child welfare's role. As mentioned above, we expect to explore the development of appropriate policies and practice with a team of people representing child welfare, substance abuse and the medical profession. In the interim, you may wish to do the same in your own community.

In determining how you will fulfill the requirements of Act 292, we recommend you consider the following:

- What referrals will be accepted for investigation? Will only reports from credible reporters that can present information to support reasonable suspicion for all the elements in the definition of "unborn child abuse" be accepted? Or will all allegations be accepted for investigation, including anonymous reports and reports of one-time drug or alcohol use?

- How will referrals be investigated? Solely through evaluations and reports from AODA and medical professionals? If a woman refuses an evaluation, what level of evidence is necessary to support a court petition that could result in a court-ordered evaluation? In addition, pregnancy tests cannot be required, except through a court order.

- How will the case finding decision be made? All of the following must be proven to a preponderance of the evidence:
  - the woman or girl is pregnant
  - serious physical harm was inflicted on the unborn child
  - there is a risk of serious physical harm to the child when born
  - that the harm or risk of harm is caused by the habitual lack of self-control of the expectant mother in the use of alcohol beverages, controlled substances or controlled substance analogs
  - that the habitual lack of self-control is exhibited to a severe degree

  The first bullet would have to be determined medically or by the woman's/girl's statement. The second bullet would have to be determined by a medical professional, but in some cases would have to be done on speculation, since fetal impact research is not conclusive. The third bullet could be a social work decision in part, based on how the woman/girl is expected to function once the child is born. However, it also requires an AODA assessment. The fourth and fifth bullets also require assessments and conclusions by AODA and medical professionals.

- The bases for taking adult women into custody vary. In some instances, just the belief that the woman is pregnant and habitually lacks self-control in AODA use exhibited to a severe degree is sufficient. No expectation of an emergency or need for immediate intervention is required. In other instances, the fact that the woman refused AODA services is required. In developing policy in this area, consideration should be given to identifying the purpose and need for taking the adult woman into custody and whether any other less restrictive solution is an option.

- Counties will have to determine if they want their staff taking adult pregnant women into physical custody, particularly since they are likely to be somewhat out of control if conditions are such that they need to be taken into custody. What if a woman resists? Although Act 292 states that the unborn child's best interests are paramount, it also states that provisions of the chapter that protect unborn children shall be construed to apply "to the extent that application … is constitutionally permissible…" Counties may wish to be cautious about having individual staff determine what might be "constitutionally permissible". If counties decide to allow staff to take adult women into custody, there should be clear guidelines and protocols and training for the affected staff with the assistance from law enforcement and 51 personnel that are already trained and experienced in these areas.

- A woman can be released to an adult relative or friend or she can be counseled and released on her own. Protocols should be developed for when adult women will be released to adult friends or relatives and the basis for which the person releasing the woman would determine that the friend/relative is appropriate. (Consider the possibility of domestic violence when an adult woman is released to a partner, since AODA, pregnancy and domestic violence are frequently linked.)

- A woman may also be held in a licensed community-based residential facility. County agencies will need an understanding with those facilities about referrals. Counties are financially responsible for the cost of care and supervision of women placed in facilities.

- Act 292 allows a woman to be taken into custody and held for 48 hours and, if no petition is filed, held for an additional 72 hours upon authorization of the court. Under Chapter 51, if an adult is detained on an emergency basis, a decision must be made within 24 hours by the treatment facility whether that person should be detained. It the decision is made to detain, the period cannot exceed 72 hours from when the person was delivered to the facility. If a woman is taken into custody under Act 292 but held in a facility that operates under Chapter 51 statutes, which timeframe applies? County agencies may wish to confer with local counsel, the local court system and 51 facility staff as to how to proceed in these cases.

- An expectant mother can be "placed" at the home of a "suitable" adult following a dispositional hearing. This presumably makes that adult the physical custodian of the woman. It is unclear what the job of the physical custodian in these situations is. Counties may need to confer with colleagues in the 51 system for assistance in defining the role of this person and for assistance in developing criteria for determining who is "suitable" in this role in order to make appropriate recommendations to the court.

- Act 292 requires counties to provide and/or arrange for the needed services in these cases. Counties will need to determine how these service needs will be met. For counties where the social services and 51 departments are separate, the issues may be more complex than for counties with humans services departments. Additional service questions include the availability of treatment resources designed for women and of support services, such as transportation or child care, to assure that treatment can be accessed by the woman.

- The law modified s.48.981(7) to allow "a person having physical custody of the expectant mother of an unborn child" to have access to the CPS record. Basically, this means that person could have access upon demand against the wishes of the woman. Since the physical custodian need not be a person with a legal or professional relationship to the woman, counties may wish to seek legal guidance about releasing information under this section.

- Counties are required to report statistical data to the state on all referrals of unborn child abuse. Our current data system is not set up to accept and interpret this data. We will advise you when we have the ability to do so. In the meantime, we ask that you use the CFS-40 to log data on these cases and write "unborn child abuse" across the top of the form. We will send a brief memo describing these procedures in the very near future.

I hope the above information provides some assistance in considering county child welfare responsibilities under Act 292. We expect additional questions to arise and will answer them as best we can.

Attachment

cc:   Susan Dreyfus, DCFS
      Sinikka McCabe, DSL
      Phil McCullough, BSAS
      Diane Waller, OSF
      Area Administration Teams