IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAMARA M. LOERTSCHER,

    Plaintiff,
v.

ELOISE ANDERSON, in her official capacity as Secretary of the Department of Children and Families, and BRAD D. SCHIMEL, in his official capacity as Attorney General of the State of Wisconsin,

    Defendants.

ORDER ON SEALING OF DOCUMENTS

14-cv-870-jdp

---

The purpose of this order is to solicit defendants' prompt response concerning the sealed status of plaintiff's exhibits.

The exhibits to plaintiff's complaint are the records of the Children in Need of Protection and Services (CHIPS) proceeding to which she has been subjected, and under Wisconsin law they are confidential. Wis. Stat. § 48.396(2)(a). Accordingly, plaintiff was constrained to file these exhibits with a contemporaneous motion to seal them. Dkt. 2. But plaintiff actually wants those records to be public, a point made in her opposition to her own motion to seal. Dkt. 3. The court granted the motion to seal, subject to reconsideration after further briefing from the parties. Dkt. 6.

Plaintiff filed a motion for preliminary injunction on January 7, 2015. In support of her motion, plaintiff submits three exhibits: Exhibit A is the CHIPS petition; Exhibits B and C are some of plaintiff's medical records. Dkt. 16. Plaintiff has filed a motion asking that Exhibit A be made public, but that her medical records, Exhibits B and C, remain under seal. Dkt. 15.

Plaintiff's request is reasonable. The public has a strong interest in the conduct of the CHIPS proceeding that is at the heart of her challenge to 1997 Wis. Act 292, codified at, *inter alia*, Wis. Stat. § 48.133 *et seq*. The public also has a legitimate interest in some aspects of plaintiff's medical information, particularly the information that purportedly justified the CHIPS proceeding, and any information plaintiff invokes in support of her challenge to 1997 Wis. Act 292. But otherwise plaintiff ought to be able to maintain the privacy of her medical records, which include very personal information relating to her mental and reproductive health.

The court has granted plaintiff's motion to seal as to Exhibits B and C of Dkt. 16. Dkt. 24. It is inclined to unseal Exhibit A to Dkt. 16 and the exhibits to Dkt. 1. But the court will not do so without defendants' input. Defendants should promptly inform the court, not later than January 14, 2015, whether they oppose unsealing these exhibits and the basis for any opposition.

Entered January 9, 2015.

BY THE COURT:
/s/
JAMES D. PETERSON
District Judge