IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAMARA M. LOERTSCHER,

    Plaintiff,

v.

ELOISE ANDERSON, in her official capacity as Secretary of the Department of Children and Families, and BRAD D. SCHIMEL, in his official capacity as Attorney General of the State of Wisconsin,

    Defendants.

ORDER FOR STATUS
CONFERENCE

14-cv-870-jdp

---

Pursuant to 1997 Wis. Act 292, state authorities may treat a fetus as a child in need of protective services if the expectant mother's use of alcohol or controlled substances poses a substantial risk of harm to the fetus. Plaintiff, an expectant mother subject to a state-court order issued under Act 292, challenges the constitutionality of the law on multiple grounds.

On January 7, plaintiff filed a motion for preliminary injunction contending that she faces particularly acute and immanent harm as a result of the enforcement of Act 292 against her because her baby is due on January 29. Plaintiff contends that the guardian ad litem appointed to represent the interests of the fetus has the power to interfere with her labor, delivery, and parental rights. Based on plaintiff's submission (and recognizing that defendants have not yet responded), plaintiff shows some likelihood of success on the merits, and she makes a good showing that she would suffer irreparable harm without an injunction. Her showing of a need for a state-wide preliminary injunction is less compelling, given that the law has been in effect for approximately 14 years and she makes no showing of wide-spread enforcement or any new enforcement initiative.

But whatever its merits, the timing of plaintiff's motion for preliminary injunction is problematic. Defendants' counsel has already sought an extension of their deadline to respond to the complaint, citing their January workload. Dkt. 9 (granted, Dkt. 10). Plaintiff's counsel agreed to this request (an appropriate courtesy, which the court appreciates), but defendants' workload prevents them from submitting a response with enough time for the court to make a considered decision on the merits of this case by the end of January.

Nevertheless, in view of the impending birth, the court would like to address the potential harm to plaintiff herself on an expedited basis. Accordingly, the court will set a telephonic status conference for 8 a.m. on Tuesday, January 13, 2015, to hear from counsel on how to resolve the question of whether the state-court order should be rescinded. Counsel for plaintiff is responsible for setting up the call to chambers at (608)264-5504.

Entered January 9, 2014.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge