IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAMARA M. LOERTSCHER,

    Plaintiff,

v.

ELOISE ANDERSON, in her official capacity
as Secretary of the Department of Children
and Families, and BRAD D. SCHIMEL, in his
official capacity as Attorney General of the
State of Wisconsin,

    Defendants.

ORDER ON REQUEST FOR
EMERGENCY RELIEF

14-cv-870-jdp

---

The plaintiff, Tamara M. Loertscher, is a 30-year-old woman who is pregnant and about to give birth. What should be a time of private joy is under the scrutiny of agents of Taylor County because plaintiff used a small amount of illegal drugs before and early in her pregnancy. Under the auspices of Wisconsin's Children's Code, as amended by 1997 Wisconsin Act 292, Taylor County initiated a CHIPS proceeding to protect plaintiff's unborn child. Plaintiff was ordered to enter an in-patient drug treatment facility, and after she refused, she was jailed for 18 days. During her incarceration she got a lawyer who negotiated her release under a consent decree, by which plaintiff continues to be bound.

Plaintiff filed this suit challenging the constitutionality of Act 292, which in essence, allows the state to treat a fetus of any age as a "child" for purposes of the Children's Code. Act 292 authorizes the state to take custody of a pregnant woman to protect her fetus if the woman "habitually lacks self-control" in the use of drugs or alcohol to the extent that it would pose a "substantial risk" to the health of the unborn child.

1

Plaintiff has also filed a motion for preliminary injunction in which she asks the court to enjoin enforcement of Act 292 against her specifically and statewide. As I indicated in a previous order, plaintiff has not made a strong case for a state-wide preliminary injunction, because the law has been in force for 14 years and plaintiff does not show any new enforcement effort, or even that the law has ever been widely enforced. But plaintiff herself has suffered acutely under the law. The story she tells of her treatment during the CHIPS proceeding is profoundly disturbing: there is no evidence that plaintiff is addicted to drugs or that she has used them extensively; the putatively scientific evidence that her fetus was in danger was dubious; she did not have counsel during two complex proceedings in which her fundamental rights were at issue; and her access to obstetric care and needed medication was restricted during her incarceration. But most of these harms have now passed.

The enduring burden on plaintiff is that she must comply with the consent decree that she was compelled to accept to end her incarceration. Plaintiff contends that as a result of this consent decree, and the appointment of a guardian ad litem for her unborn child, state actors are standing by to interfere with the birth of that child and to "override her decisions regarding her own health and the health of her child during the birthing process." Dkt. 14, at 60. In addition, plaintiff faces the potential loss of her newborn, if the guardian ad litem or other state actors decide to petition for termination of her parental rights. *Id*. I take plaintiff's concern seriously, and, after a telephonic conference, I ordered expedited briefing on the issue of whether the court should issue a restraining order to protect plaintiff's privacy and autonomy while she gives birth to her child. Dkt. 27.

Defendants have filed declarations from the guardian ad litem, Michael Shiffler, and the Taylor County Human Services Department caseworker, Darlene Anderson, in which

2

both Mr. Shiffler and Ms. Anderson indicate that they do not intend to be present at the birth, nor do they intend to interfere with her child's medical care at the time of delivery. Dkts. 30, 31. Defendants contend that these declarations should substantially allay plaintiff's concerns about the birthing process, and, accordingly, defendants request that the court rescind the expedited briefing schedule. Dkt. 29.

Not surprisingly, plaintiff is not satisfied and she opposes defendants' motion to rescind the expedited briefing schedule. Plaintiff asks that the court issue the proposed restraining order (Dkt. 28-1; which I solicited from plaintiff in case it were needed). The order would rescind the consent decree and simply enjoin all enforcement of Act 292 against plaintiff. I will not issue plaintiff's proposed restraining order. And I will grant defendants' motion to rescind the expedited briefing schedule. I am convinced that plaintiff is not likely to suffer the acute harm she set out in her brief in support of her motion for preliminary injunction.

Plaintiff is right that neither Mr. Shiffler nor Ms. Anderson offer unequivocal promises to forestall any further action. Ms. Anderson says that she will continue to monitor compliance with the consent decree, but that she will not interfere with the birth "unless a significant new risk to the child develops that requires the Department's attention." Dkt. 30. Given plaintiff's experience with the Taylor County Human Services Department, I understand her discomfort with Ms. Anderson's condition. But plaintiff's submission to the court indicates that she has taken and passed all required drug tests, and so the development of any new risk to the child that would require Department intervention seems remote. And now that defendants have submitted Ms. Anderson's declaration to forestall the court's consideration of a restraining order, I am confident that the Department will be appropriately

3

restrained in evaluating any purported new risks to plaintiff's child. If not, plaintiff can contact this court at any time. Mr. Shiffler is more definitive in his statement that he will not interfere with the birth, although he too, holds out the possibility of future action if the child has "drug-related problems." Dkt. 31. Again, the possibility of drug-related problems seems remote, given plaintiff's submission.

To be sure, plaintiff continues to suffer a significant burden under the consent decree, which requires her to, among other conditions, submit to regular drug testing, comply with the recommendations of an AODA assessment, and cooperate with and provide information to a caseworker. But these burdens are not the acute and potentially devastating interferences set out in plaintiff's injunction brief. These burdens, unquestionably significant, are nevertheless not so severe as to warrant federal court interference with proceedings that are still under the jurisdiction of a Wisconsin state court.

In sum, although defendants have not unequivocally assured plaintiff that state actors will forebear all further actions concerning her and her child, I am satisfied that she will be able to deliver her baby in peace and privacy without a restraining order from this court. If I am mistaken, and either the Taylor County Department of Human Services or the guardian ad litem does not exercise the restraint they have promised, plaintiff should inform the court immediately.

It is ordered that:

1. Defendants' motion to rescind the expedited briefing schedule is GRANTED.
2. Plaintiff's motion for restraining order is DENIED.
3. Plaintiff need not inform the court when she goes into labor, and thus the court's previous request that she do so is rescinded.

4. The court will not adopt defendants' proposed briefing schedule, but will set a case schedule once defendants have responded to the complaint.

Entered January 15, 2015.

> BY THE COURT:
>
> /s/
>
> JAMES D. PETERSON
> District Judge