IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TAMARA M. LOERTSCHER,

    Plaintiff,

    v.                                        Case No. 14-C-870

BRAD D. SCHIMEL, in his official
capacity as ATTORNEY GENERAL OF
THE STATE OF WISCONSIN, and
ELOISE ANDERSON, in her official
capacity as SECRETARY OF THE
DEPARTMENT OF CHILDREN AND
FAMILIES,

    Defendants.

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

## INTRODUCTION

Plaintiff Tamara Loertscher brings this 42 U.S.C. § 1983 action in federal court seeking a declaration that 1997 Wisconsin Act 292, the law which authorized county officials to require Loertscher to undergo drug treatment while she was pregnant, is unconstitutional on its face. Loertscher also seeks a preliminary and permanent injunction against enforcement of the law.

- 2 -



Even if Loertscher could bring her claims in federal court, Attorney General Schimel has no authority to enforce the law Loertscher seeks to enjoin, and Loertscher fails to pled sufficient facts to give Defendants fair notice of her claims under the First and Fourth Amendment claims. Therefore, those portions of the complaint should be dismissed.

## BACKGROUND



██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

---

[2]Some of the information contained in the complaint is confidential and subject to the confidentiality provisions of Wis. Stat. § 48.296. Defendants have filed a brief in support of the motion to seal certain records. They are not waiving the arguments set forth in that brief. In addition, this Brief in Support of the Motion to Dismiss has been filed under seal and a redacted version has been filed due to the innumerable references in the complaint to confidential information and materials.

[text redacted]

- 5 -

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████

     ██████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████

     ██████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

- 6 -



## ARGUMENT

**I.  This Court should abstain from proceeding under the *Younger* abstention doctrine.**

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████ Therefore, this Court should abstain from proceeding under the principles of *Younger v. Harris,* 401 U.S. 37 (1971).

The basic principle of *Younger* abstention is that, absent extraordinary circumstances, a federal court should not interfere with pending state judicial proceedings. *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982); *Moore v. Sims,* 442 U.S. 415, 423 (1979). In *Younger*, the Supreme Court held that, absent certain exceptional circumstances, a federal district court should not enjoin a pending state criminal proceeding. *Younger,* 401 U.S. at 53-54. This principle, based on federalism and comity concerns, has been extended to civil proceedings when important state interests are involved. *Middlesex,* 457 U.S. at 432; *Moore,* 442 U.S. at 423.

The Court must address three questions in deciding whether to apply *Younger* abstention. (1) Is there some ongoing state judicial proceeding? (2) If proceedings are pending, do they implicate important state interests? (3) Did the state proceedings give an adequate opportunity to raise constitutional challenges? *Middlesex*, 457 U.S. at 432. All three requirements for *Younger* abstention are met here.



Second, the important state interest prong is satisfied because the federal courts have long recognized that domestic relations litigation, such as child abuse and neglect, is an area of significant state concern from which the federal judiciary should generally abstain under *Younger*. "Family relations are a traditional area of state concern." *Moore,* 442 U.S. at 435. In *Moore*, the Supreme Court, held that *Younger* applies to the temporary removal of a child in a child-abuse context. *Id.* at 423. In *Brunken v. Lance*, 807 F.2d 1325, 1330-31 (7th Cir. 1986), the Seventh Circuit held that the custody of a child

who was allegedly sexually abused by her father was an area of state concern which warranted abstention by the federal court. *See also Liedel v. Juvenile Court,* 891 F.2d 1542, 1546 (11th Cir. 1990) (explaining that pending child abuse proceedings are of vital state concern). ▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ State courts are equally capable of enforcing federal constitutional rights as federal courts. *See Middlesex,* 457 U.S. at 431; *Barichello v. McDonald,* 98 F.3d 948, 954-55 (7th Cir. 1996); *Brunken,* 807 F.2d at 1331. ▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ "proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 14 (1987). ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Finally, Loertscher's federal complaint does not fall within any recognized exceptions to *Younger.* The Supreme Court has stated that a court should not

abstain under *Younger* where the pending state proceeding was motivated by a desire to harass or is conducted in bad faith, *see Huffman v. Pursue, Ltd.,* 420 U.S. 592 (1975); *see also Ramsden v. AgriBank, FCB,* 214 F.3d 865, 871 (7th Cir. 2000), or where the plaintiff has demonstrated "an extraordinarily pressing need for immediate equitable relief" that, if not granted, will irreparably injure her, *see Moore,* 442 U.S. at 433 (quoting *Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975)); *accord Younger,* 401 U.S. at 46 (noting that even irreparable injury is insufficient unless it is "both great and immediate").

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬ As for irreparable injury, "the possible unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good-faith attempts to enforce it . . . ." *Younger,* 401 U.S. at 53-54; *Arkebauer v. Kiley,* 985 F.2d 1351, 1361 (7th Cir. 1993). And, in *Moore*, the Supreme Court stated that a child custody order does not per se create great, immediate, and irreparable harm warranting federal court intervention, particularly when the state is capable of "accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation." *Moore*, 442 U.S. at 434-35.

Loertscher would not experience severe or irreparable losses without immediate equitable relief in federal court. ██████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

    ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

The three conditions of *Younger* abstention are satisfied in this case, and none of the exceptions apply. ███████████████████████

███████████████████████████████████████████████

███████████████████████████████████

## II. Loertscher fails to state a claim under 42 U.S.C. § 1983 because she has adequate state law remedies.

Equitable relief under 42 U.S.C. § 1983 is available only where there is no adequate remedy at law. ███████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████.

A cause of action under 42 U.S.C. § 1983 is not subject to the requirement of exhaustion of state remedies. *Monroe v. Pape*, 365 U.S. 167, 183 (1961). But equitable relief under the statute is available only where there is no adequate remedy at law and where there is a clear showing of violation of constitutional rights. *See Miller v. Purtell*, 289 F. Supp. 733, 734 (E.D. Wis. 1968) (citing *Potwora v. Dillon*, 386 F.2d 74, 77 (2nd Cir. 1967)).

███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████



### III. Loertscher lacks standing to sue Attorney General Schimel because Schimel has no specific authority to enforce the law Loertscher seeks to enjoin.

Loertscher sues the Wisconsin Attorney General, claiming generally that he is "responsible for execution and enforcement of the laws of the State . . . ." (Dkt. 1 at ¶ 78). Such an allegation is not enough to confer standing to challenge the constitutionality of the law Loertscher seeks to enjoin.

The general rule in cases brought under 42 U.S.C. § 1983 is that a defendant may not be held liable unless he was "personally involved" in the alleged violation of the plaintiff's rights, which means that the defendant caused the violation in some way. *Kuhn v. Goodlow,* 678 F.3d 552, 555-56 (7th Cir. 2012). When a plaintiff is not seeking damages, but only injunctive relief, "it is irrelevant whether the [defendant] participated in the alleged

violations." *Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011). But that does not mean that the plaintiff can seek an injunction from anyone he wishes. "[A] claim for injunctive relief can stand only against someone who has the authority to grant it." *Williams v. Doyle,* 494 F.Supp.2d 1019, 1024 (W.D. Wis. 2007).

The Supreme Court has held that a plaintiff suing a public employee in his official capacity cannot obtain relief unless that defendant has "final policymaking authority." *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737 (1989). Indeed, if a defendant lacks the authority to carry out the injunction, a plaintiff's claims for injunctive relief must be dismissed because the court cannot enjoin a defendant "to act in any way that is beyond [the defendant's] authority in the first place." *Okpalobi v. Foster,* 244 F.3d 405, 426–27 (5th Cir. 2001) (en banc). For example, in *McDaniel v. Board of Education of City of Chicago*, 956 F. Supp. 2d 887, 893 (N.D. Ill. 2013), the United States District Court for the Northern District of Illinois concluded that the plaintiffs lacked standing to pursue injunctive relief against the city of Chicago because the city did not have the legal authority to enforce the injunction requested. Thus, Loertscher must identify some relief that Attorney General Schimel can give her to justify his inclusion in the lawsuit.

The Attorney General's powers are proscribed by statutory law. *State v. Oak Creek*, 2000 WI 9, ¶¶ 18-21, 232 Wis. 2d 612, 605 N.W.2d 526. These

powers are insufficient to subject him to a suit challenging a state law, which he has no specific duty to enforce. In *Okpalobi,* 244 F.3d at 422-25, the Fifth Circuit Court of Appeals held that a constitutional challenge to a state tort statute against the Governor and Attorney General was not viable under the *Ex Parte Young* doctrine because no enforcement connection existed between Governor or Attorney General and the statute in question. As the Third Circuit Court of Appeals stated in *1st Westco Corporation v. School District of Philadelphia,* 6 F.3d 108, 112-13, 116 (3d Cir. 1993):

> If we were to allow [plaintiffs] to join [the State officials] in this lawsuit based on their general obligation to enforce the laws ..., we would quickly approach the nadir of the slippery slope; each state's high policy officials would be subject to defend every suit challenging the constitutionality of any state statute, no matter how attenuated his or her connection to it.

*See also Women's Emergency Network v. Bush,* 323 F.3d 937, 949-50 (11th Cir. 2003) ("Where the enforcement of a statute is the responsibility of parties other than the governor (the cabinet in this case), the governor's general executive power is insufficient to confer jurisdiction."); *Waste Mgm't. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 330-31 (4th Cir. 2001) (concluding governor's general duty to enforce the laws of Virginia insufficient when he lacks a specific duty to enforce the challenged statutes).

Loertscher lacks standing to pursue injunctive relief against Attorney General Schimel because he does not have the authority to enforce the law

she seeks to enjoin. Therefore, Attorney General Schimel should be dismissed from this case.

### IV. Loertscher fails to plead sufficient facts to give Defendants fair notice of her claims under the First and Fourth Amendments and the grounds upon which those claims rest.

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████ Loertscher then alleges several constitutional violations, including claims under the First and Fourth Amendments, but she fails to tie those claims to the facts alleged in her complaint.[4] (Dkt 1 at ¶¶ 82-86). Accordingly, those claims must be dismissed.

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted this to mean that the plaintiff must "give[] [the defendant] fair notice of what the . . . claim is and the grounds upon which it rests." *Ashcroft v. Iqbal*, 556 U.S. 662, 698-699 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain

---

[4]Loertscher's equal protection claim was similarly deficient, but she provided the facts necessary to understand the claim in her brief in support of the motion for preliminary injunction. (Dkt. 14:48-59).

"allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). The plaintiff must provide some specific facts to support the legal claims asserted in the complaint. *Id*. The statements in the complaint should be plain to advance the principle function of pleadings which is to give fair notice to the opponent and enable him or her to answer and prepare for trial. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). When a litigant violates the requirements of Rule 8, the court is empowered to dismiss the complaint. *See id*.

Under even the most liberal construction of the pleadings, Loertscher fails to state a claim under the First and Fourth Amendments. Loertscher provides a detailed statement of the facts, but that is not enough. No facts are presented that address her claimed violations of the First and Fourth Amendments. Based on the facts provided in the complaint and the almost generic causes of action, it is impossible to determine the nature of Loertscher's claims. She further provides vague claims for relief, but, again, she does not tie those claims to any specific facts. (Dkt. 1 at ¶¶ 83, 84). Defendants are left to guess what the claims are against them. This is legally inappropriate.

Loertscher's complaint is not facially sufficient to give fair notice to Defendants to enable them to answer and prepare for trial, as is required by Rule 8. Therefore, the complaint fails to state a claim upon which relief can be

granted with respect to the First and Fourth Amendment claims, and those causes of action must be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, this Court should dismiss the complaint in its entirety. If the Court decides that abstention does not apply, it should dismiss the First and Fourth Amendment causes of action and defendant Attorney General Brad D. Schimel.

Dated January 28, 2015.

Respectfully submitted,

BRAD D. SCHIMEL
Attorney General

s/Maria S. Lazar
MARIA S. LAZAR
Assistant Attorney General
State Bar #1017150

KARLA Z. KECKHAVER
Assistant Attorney General
State Bar #1028242

Attorneys for Defendants Brad D. Schimel and Eloise Anderson

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-3519 (MSL)
(608) 264-6365 (KZK)
(608) 267-2223 (Fax)
*lazarms@doj.state.wi.us*
*keckhaverkz@doj.state.wi.us*