IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TAMARA M. LOERTSCHER,

    Plaintiff,

v.

BRAD D. SCHIMEL, in his official
capacity as ATTORNEY GENERAL OF
THE STATE OF WISCONSIN, and
ELOISE ANDERSON, in her official
capacity as SECRETARY OF THE
DEPARTMENT OF CHILDREN AND
FAMILIES,

    Defendants.

Case No. 14-C-870

## DEFENDANTS' BRIEF IN SUPPORT OF
## SUPPLEMENTAL MOTION TO DISMISS FOR MOOTNESS

    Plaintiff Tamara Loertscher had ███████████████████████

And she recently notified this Court ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[1] Dismissal of the state proceeding—*after* the federal complaint was filed—does not alter the *Younger* analysis. To be sure, the first pong of the *Younger* test requires an ongoing state proceeding. *Middlesex Cnty. Ethics Com'n. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). But the date for deciding whether there is an ongoing state proceeding is "at the time of the *filing* of the federal complaint." *Crenshaw v. Sup. Ct. of Indiana*, 170 F.3d 725, 728 (7th Cir. 1999) (emphasis added); *see also Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1250 (8th Cir. 2012)

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████████████ As such, this action is moot.

## ARGUMENT

**Loertscher's complaint should be dismissed as moot.**

Article III, section 2 of the U.S. Constitution limits federal court jurisdiction to "Cases" and "Controversies." An actual controversy must not only exist at the beginning of the case but through "all stages" of the litigation. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009). Cases that do not involve "actual, ongoing controversies" are moot and must be dismissed for lack of jurisdiction. *Fed'n of Adver. Indus. Representatives, Inc., v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual

---

("[T]he relevant time for determining if there are ongoing state proceedings is when the federal complaint is filed."); *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) ("[W]e look to see if the state court proceeding was pending at the time the federal complaint was filed."); *Wiener v. Cnty of San Diego*, 23 F.3d 263, 263 (9th Cir. 1994); *De Spain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984) ("The initial frame of reference for abstention purposes is the time that the federal complaint is filed."). Moreover, a state proceeding is considered ongoing until the time for appeal has expired. *Huffman v. Pursue, Ltd.* (1975) 420 U.S. 592, 607–611 (1975).

controversy about the plaintiff's particular legal rights.'" *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721, 727 (2013) (*quoting Alvarez*, 558 U.S. at 93).

Suits for prospective relief may be permitted to go forward despite abatement of the underlying injury when the injury is "capable of repetition, yet evading review." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990). This doctrine only applies in "exceptional situations." *Id*. Such a situation exists when (1) the challenged action ends before it is fully litigated, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. *Id*.

Pregnancy can be a classic example of a situation which is capable of repetition yet evading review. For example, in *Roe v. Wade*, the plaintiff was no longer pregnant at the time her case reached the U.S. Supreme Court, but the end of her pregnancy did not moot her case:

> [W]hen, as here, pregnancy is a significant fact in the litigation, the normal 266-day human gestation period is so short that the pregnancy will come to term before the usual appellate process is complete. If that termination makes a case moot, pregnancy litigation seldom will survive much beyond the trial stage, and appellate review will be effectively denied. Our law should not be that rigid. Pregnancy often comes more than once to the same woman, and in the general population, if man is to survive, it will always be with us. Pregnancy provides a classic justification for a conclusion of nonmootness. It truly could be 'capable of repetition, yet evading review.'

*Roe v. Wade,* 410 U.S. 113, 125 (1973).



This case can be distinguished from *Roe*. The Texas abortion statute affected a pregnant woman from the moment of conception. ████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████ The possibility of all of these things happening is too speculative to constitute an ongoing controversy. Therefore, this case is moot.

## CONCLUSION

This Court should dismiss the complaint in its entirety. If the Court concludes the case is not moot, defendants continue to assert the defenses in their previously filed motions.

Dated July 10, 2015.

Respectfully submitted,

BRAD D. SCHIMEL
Attorney General

s/Maria S. Lazar
MARIA S. LAZAR
Assistant Attorney General
State Bar #1017150

KARLA Z. KECKHAVER
Assistant Attorney General
State Bar #1028242

Attorneys for Defendants
Brad D. Schimel and Eloise Anderson

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-3519 (MSL)
(608) 264-6365 (KZK)
(608) 267-2223 (Fax)
*lazarms@doj.state.wi.us*
*keckhaverkz@doj.state.wi.us*