UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

**TAMARA M. LOERTSCHER**

                Plaintiff,                      CIVIL ACTION

  v.                                             Case No. 14-cv-870

**BRAD D. SCHIMEL**, in his official capacity as
ATTORNEY GENERAL OF THE
STATE OF WISCONSIN, and

**ELOISE ANDERSON**, in her official capacity as
SECRETARY OF THE DEPARTMENT OF
CHILDREN AND FAMILIES

                Defendants.
_____

        **PLAINTIFF'S OPPOSITION TO SUPPLEMENTAL MOTION TO DISMISS**
_____

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................... 1

I. The Termination Of The State Proceedings Against Ms. Loertscher Eliminates Any Younger Question .................................................................................................................... 1

    A. Absent An Ongoing State Proceeding At The Time A Motion To Dismiss On Younger Grounds Is Decided, Younger Abstention Is Inapplicable .............................. 2

    B. There Is No Ongoing State Proceeding Against Ms. Loertscher ..................................... 3

II. This Case Fits Squarely Within The Well-Recognized Exception To The Mootness Doctrine: "Capable Of Repetition, Yet Evading Review" ............................................................. 4

    A. Proceedings Against Pregnant Women, Like This Proceeding, Are By Nature Too Short To Be "Fully Litigated Prior To Cessation Or Expiration" ........................... 5

    B. There Is A Reasonable Expectation That The Challenged Conduct Here— The Application Of The Statute To Women At Any Stage Of Pregnancy Who Are Accused Of Using Drugs Or Alcohol Before Or During Pregnancy—Will Recur ...................... 6

        1. Recurrence Is A Possibility For Ms. Loertscher Herself ................................................. 7

        2. Recurrence Is Virtually Certain For Women Similarly Situated To Ms. Loertscher ............................................................................................................................ 9

CONCLUSION ............................................................................................................................ 12

## TABLE OF AUTHORITIES

**CASES**

*Adarand Constructors, Inc. v. Slater*,
   528 U.S. 216 (2000)..................................................................................................4

*Beltran v. Loenish et al*,
   Case No. 2:2013cv01101 (E.D. Wis. 2014)..............................................................9

*Crenshaw v. Indiana*,
   170 F.3d 725 (7th Cir. 1999) .....................................................................................2

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006)..................................................................................................4

*DeSpain v. Johnston*,
   731 F.2d 1171 (5th Cir. 1984) ...................................................................................3

*Doe v. Bolton*,
   410 U.S. 179 (1973)...............................................................................................6, 7

*Doe v. Poelker*,
   497 F.2d 1063 (8th Cir. 1974) ...............................................................................6, 7

*Dunn v. Blumstein*,
   405 U.S. 330 (1972)..................................................................................................8

*Greening v. Moran*,
   953 F.2d 301 (7th Cir. 1992) .....................................................................................2

*Honig v. Doe*,
   484 U.S. 305 (1988)...............................................................................................7, 9

*Huffman v. Pursue, Ltd.*,
   420 U.S. 592 (1975)..................................................................................................3

*Jones v. Illinois Dept. of Rehabilitation Servs.*,
   689 F.2d 724 (7th Cir. 1982) ...............................................................................8, 10

*Leaf v. Supreme Court of Wis.*,
   979 F.2d 589 (7th Cir. 1992) .....................................................................................2

*Loch v. Watkins*,
   337 F.3d 574 (6th Cir. 2003) .....................................................................................3

*Majors v. Abell*,
    317 F.3d 719 (7th Cir. 2003) ..................................................................................5, 6, 7, 8

*McCormack v. Herzog*,
    788 F.3d 1017 (9th Cir. 2015) ......................................................................................6, 7, 11

*Moore v. Ogilvie*,
    394 U.S. 814 (1969)............................................................................................................8

*Olagues v. Russoniello*,
    770 F.2d 791 (9th Cir. 1985) .........................................................................................5, 12

*Roe v. Wade*,
    410 U.S. 113 (1973).................................................................................................. passim

*Rosario v. Rockefeller*,
    410 U.S. 752 (1973)............................................................................................................8

*Southern Pacific Terminal v. ICC*,
    219 U.S. 498 (1911)............................................................................................................5

*Spencer v. Kemna*,
    523 U.S. 1 (1998)................................................................................................................5

*Storer v. Brown*,
    415 U.S. 724 (1974)..........................................................................................................12

*Super Tire Engineering Co. v. McCorkle*,
    416 U.S. 115 (1974)..........................................................................................................11

*Tony Alamo Christian Ministries v. Selig*,
    664 F.3d 1245 (8th Cir. 2012) ............................................................................................2

*United States v. Salerno*,
    481 U.S. 739 (1987)..........................................................................................................11

*Wiener v. County of San Diego*,
    23 F.3d 263 (9th Cir. 1994) ................................................................................................3

**STATUTES**

Wis. Stat. § 48.133................................................................................................................1, 6, 9

Wis. Stat. § 809.30(2)(b)..............................................................................................................3

**OTHER AUTHORITIES**

DCF, Wisconsin Child Abuse and Neglect Annual Reports (1999-2013),
    *http://dcf.wisconsin.gov/cwreview/reports/CAN-Y.htm* ...........................................10

Matthew I. Hall, *The Partially Prudential Doctrine of Mootness*, 77 Geo. Wash.
　　L. Rev. 562, 579 (2009) ................................................................................................6,7,10

U.S. Const. art. III, § 2 ............................................................................................................4

**INTRODUCTION**

In their Motion to Dismiss, Defendants argued that the *Younger* abstention doctrine requires this Court to dismiss this federal lawsuit. When Defendants' agents Taylor County Human Services later ended their proceedings against Ms. Loertscher, Defendants then asked this Court to dismiss this case on mootness grounds. But neither doctrine prevents this Court from its appropriate exercise of jurisdiction over Ms. Loertscher's civil rights challenge to Wisconsin's plainly unconstitutional law.[1] Because the state proceedings against Ms. Loertscher have ended, and the time for appeal of those proceedings has expired, *Younger* abstention is inapplicable. But, contrary to Defendants' assertion, the case should not be dismissed as moot, because this controversy is capable of repetition, yet evading review. Ms. Loertscher brings a proper and significant challenge to a facially unconstitutional state law, and neither abstention nor mootness defeats it. Accordingly, she respectfully requests that this Court deny Defendants' motion to dismiss.

**I.  The Termination Of The State Proceedings Against Ms. Loertscher Eliminates Any *Younger* Question**

Plaintiff argued that *Younger* abstention is inappropriate in this case in her original Response to Defendants' Motion to Dismiss (ECF No. 44), and those arguments are incorporated herein by reference. But now that Defendants have terminated all state proceedings against Plaintiff, any *Younger* abstention question is eliminated from this case.

---

[1] As Plaintiff explained in her Complaint, the law she challenges is 1997 Wisconsin Act 292 which amended Wisconsin's Children's Code, codified at Wis. Stat. Chap. 48. The legislation made multiple changes throughout the Children's Code, creating a scheme that permits the state of Wisconsin to arrest, detain, and otherwise violate the fundamental liberties of pregnant adults who have allegedly used alcohol or controlled substances "to the extent that there is a substantial risk that the physical health of the unborn child, and of the child when born, will be seriously affected or endangered unless the expectant mother receives prompt and adequate treatment for that habitual lack of self-control." *See* Wis. Stat. § 48.133. For ease of discussion, Ms. Loertscher will refer to that legislation as "the Act" in this Opposition.

### A. Absent An Ongoing State Proceeding At The Time A Motion To Dismiss On *Younger* Grounds Is Decided, *Younger* Abstention Is Inapplicable

Defendants claim that because the state proceedings were ongoing at the time Ms. Loertscher filed her federal lawsuit, *Younger* abstention applies regardless of the undisputed termination of those proceedings here. (ECF No. 50 at n.1). That is not the law. As the Seventh Circuit has made clear, abstention is inapplicable if the state proceedings terminate before a district court has ruled on a dismissal motion. *Leaf v. Supreme Court of Wis.*, 979 F.2d 589 (7th Cir. 1992) (*citing Allee v. Medrano,* 416 U.S. 802, 817 (1974) ("[Because] the state proceedings terminated before the district court's dismissal…the time for abstention has expired."); *Greening v. Moran*, 953 F.2d 301, 305 (7th Cir. 1992) ("Now that the state proceeding has reached its end, abstention is no longer appropriate.").

The cases Defendants cite to the contrary are unavailing. In *Crenshaw v. Indiana,* 170 F.3d 725 (7th Cir. 1999), the Seventh Circuit Court of Appeals an attorney argued that her civil rights lawsuit challenging a subpoena filed against her by the Indiana Supreme Court's Disciplinary Commission should not have been subject to *Younger* abstention. At issue was whether an investigation and the issuance of a subpoena could not be properly characterized as a "state proceeding." The court's holding—that a state bar disciplinary investigation is in fact a "proceeding" to which *Younger* abstention applies—has nothing to do with a district court's application of *Younger* after a state proceeding ends.

Indeed, the other cases cited by the Defendants are all consistent with the Seventh Circuit's holding that the correct inquiry is whether the state proceedings were ongoing *at the time the district court decided* the *Younger* abstention question. *See Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1250 n.3 (8th Cir. 2012) (holding *Younger* abstention appropriately applied to child welfare proceedings because the district court made its decision

*while the state proceeding was still pending*: "*Younger* requires that the state proceeding must be ongoing at the time the district court enters its order regarding abstention.") (internal citations omitted); *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (because time for state appeal process had not yet run when district court ruled on *Younger* abstention, the state proceedings were "ongoing"); *Wiener v. County of San Diego,* 23 F.3d 263, 266 (9th Cir. 1994) ("To decide whether there was a pending state judicial proceeding within *Younger*, we focus on the status of the state court proceeding at the time of the district court's decision…".); *DeSpain v. Johnston*, 731 F.2d 1171, 1175 (5th Cir. 1984) (*Younger* abstention should have applied when district court granted injunctive relief *while state proceeding was pending*).

In short, the cases Defendants cite either do not address Ms. Loertscher's point or in fact they support it: *Younger* abstention does not apply when state proceedings have been resolved prior to a district court's ruling on the *Younger* question.

**B.   There Is No Ongoing State Proceeding Against Ms. Loertscher**

Defendants do not dispute that all state proceedings against Ms. Loertscher have been dismissed. Although Defendants correctly note that a state proceeding remains ongoing for purposes of *Younger* analysis until the time for appeal has expired, *see Huffman v. Pursue, Ltd.,* 420 U.S. 592 (1975), that time has come and gone here. The proceedings against Ms. Loertscher arguably commenced on August 5, 2014, when a Taylor County commissioner entered an order requiring Ms. Loertscher to enter an inpatient drug treatment program (ECF No. 1-3); the administrative proceeding began with a letter from Taylor County Human Services to Ms. Loertscher, dated September 29, 2014, (ECF No. 1-14). The first proceeding ended on March 22, 2015, with the expiration of the consent decree. (ECF No. 47-2). The time for appealing that proceeding expired 20 days later. Wis. Stat. § 809.30(2)(b). The administrative proceeding "ended" with a letter from Taylor County's counsel to Ms. Loertscher's counsel, dated June 1,

3

2015. (ECF 47-1). Taylor County took the position that Wis. Stat. Ann. Chapter 48 does not permit administrative findings of "unborn" child abuse, so no appeal process exists.[2]

Thus, as of July 10, 2015, the date Defendants filed their supplemental Motion to Dismiss—and most certainly on the relevant date, *i.e*, the date this Court will decide Defendants' motion to dismiss—these proceedings, along with any time to appeal, had terminated. Accordingly, abstention is no longer appropriate, even if it could have applied to a state "fetal abuse" proceeding.

## II. This Case Fits Squarely Within The Well-Recognized Exception To The Mootness Doctrine: "Capable Of Repetition, Yet Evading Review"

The termination of the state court proceedings against Ms. Loertscher, and the consequent elimination of the *Younger* abstention question, does not render Ms. Loertscher's claims for declaratory and injunctive relief moot. Mootness is a constitutional limitation on subject matter jurisdiction that applies only when there is no live "case or controversy" at issue. *See DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 335 (2006); U.S. Const. art. III, § 2. The party urging mootness bears a heavy burden to demonstrate that the challenged conduct will never recur. *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 224 (2000) (dismissal for mootness "would be justified only if it were absolutely clear that the litigant no longer had any need of the judicial protection that it sought."). Moreover, the existence of "a public interest in having the

---

[2] Even assuming the normal course of appeals applied to this situation, the time for appealing would be 15 days from the date of the determination. *See* Exhibit A, Wisconsin Department of Children and Families, DSP-2014-07, Appeal Procedures for Substantiated Determinations of Child Abuse or Neglect (2014). Here, as there is no valid determination, such a date is incalculable. However, assuming it had been valid, the determination letter was dated September 29, 2015. Ms. Loertscher timely appealed in accordance with state procedures; at the time, Taylor County continued to assert that its determination was valid. Ms. Loerstscher then timely appealed that second determination. Taylor County never set a hearing date, and ultimately informed Ms. Loertscher that the determination was not permitted by law, so, presumably, no appeal was appropriate or necessary. (*See* ECF No. 47-1).

4

legality of the practices settled ... militates *against* a mootness conclusion." *Olagues v. Russoniello*, 770 F.2d 791, 795 (9th Cir. 1985) (*citing U.S. v. W.T. Grant Co.,* 345 U.S. 629, 632 (1953)).

Even where a case might otherwise be moot, the controversy at issue falls within a well-recognized exception to the mootness doctrine when it is "capable of repetition yet evading review." *Southern Pacific Terminal v. ICC*, 219 U.S. 498 (1911). A case falls within this exception when "'(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (internal citations omitted). *Id.* Indeed, this exception is well recognized in the contexts of abortion and political election regulation, because the terms of pregnancy and the cycles of elections are understood to be too short to permit full litigation. *Majors v. Abell*, 317 F.3d 719, 722-23 (7th Cir. 2003); *Roe v. Wade,* 410 U.S. 113, 125 (1973).

Ms. Loertscher—as would be the case with any woman subjected to state proceedings under the Act—was caught up in these unconstitutional proceedings only because she was pregnant; in fact, jurisdiction under that statute is wholly predicated on pregnancy. Here, the proceedings ended shortly after Ms. Loertscher gave birth. Thus, her claim presents a classic case for the "capable of repetition yet evading review" exception.

### A. Proceedings Against Pregnant Women, Like This Proceeding, Are By Nature Too Short To Be "Fully Litigated Prior To Cessation Or Expiration"

Defendants concede that Ms. Loertscher meets the first requirement of this exception to mootness. (ECF No. 50 at 3). Pregnancy is well understood to be too short in duration to permit complete litigation:

> [W]hen, as here, pregnancy is a significant fact in the litigation, the normal 266-day human gestation period is so short that the pregnancy will come to term before the usual

> appellate process is complete. If that termination makes a case moot, pregnancy litigation seldom will survive much beyond the trial stage, and appellate review will be effectively denied. Our law should not be that rigid. Pregnancy often comes more than once to the same woman, and in the general population, if man is to survive, it will always be with us. Pregnancy provides a classic justification for a conclusion of nonmootness. It truly could be "capable of repetition, yet evading review."

*Roe,* 410 U.S. at 125; *see also Doe v. Bolton*, 410 U.S. 179, 187 (1973); *Doe v. Poelker*, 497 F.2d 1063, 1067 (8th Cir. 1974); *Majors,* 317 F.3d at 722-23; *accord McCormack v. Herzog*, 788 F.3d 1017 (9th Cir. 2015). Thus this exception to mootness applies when "pregnancy is a significant fact in the litigation," *Roe*, 410 U.S. at 125, a condition that is inarguably satisfied here, where 1997 Wisconsin Act 292 and the state actors who carry it out expressly target "expectant mothers" for investigation, detention, and forced "medical" treatment. *See, e.g.,* Wis. Stat. § 48.133.

### B. There Is A Reasonable Expectation That The Challenged Conduct Here—The Application Of The Statute To Women At Any Stage Of Pregnancy Who Are Accused Of Using Drugs Or Alcohol Before Or During Pregnancy—Will Recur

Defendants instead contend that any possibility that Ms. Loertscher will be subjected to the same proceedings in the future is too speculative. But courts do not strictly apply the "recurrence" factor when considering mootness arguments in cases where pregnancy is a significant fact in the litigation. *See, e.g., Majors,* 317 F.3d at 723; *see also Doe v. Poelker*, 497 F.2d at 1067 (holding that the end of a woman's pregnancy during her lawsuit against a public hospital for refusing to perform a medically necessary abortion could not moot the case under the "capable of repetition yet evading review" doctrine, ending the analysis there with no further discussion of recurrence); Matthew I. Hall, *The Partially Prudential Doctrine of Mootness*, 77 Geo. Wash. L. Rev. 562, 579 (2009) (explaining that "[c]ourts simply apply the capable-of-repetition exception without inquiring as to any expectation of recurrence on the part of the plaintiff."). And, importantly, in the pregnancy context, courts consider individuals similarly

situated to the named plaintiff when determining the likelihood of recurrence. *See Majors*, 317 F.3d at 723; Hall, 77 Geo. Wash. L. Rev. at 580 (noting that "federal courts, including the Supreme Court, have repeatedly applied the exception where likely recurrence was shown only as to other members of the public at large").

### 1. Recurrence Is A Possibility For Ms. Loertscher Herself

Defendants assert that Ms. Loertscher's claim is not "capable of repetition" because a whole series of unlikely events would need to recur in order for Ms. Loertscher to face renewed state proceedings against her pursuant to the Act. This contention fails for multiple reasons. First, the Supreme Court has made clear that the "reasonable expectation" of recurrence standard does not require a showing of any strong likelihood that the same circumstances will recur:

> [I]n numerous cases… we have found controversies capable of repetition based on expectations that, while reasonable, were ***hardly demonstrably probable***. . . Our concern in these cases, as in all others involving potentially moot claims, was whether the controversy was capable of repetition and not, as the dissent seems to insist, whether the claimant had demonstrated that a recurrence of the dispute was more probable than not."

*Honig v. Doe*, 484 U.S. 305, 320 n.6 (1988) (emphasis added).

In cases involving pregnancy, a woman need not demonstrate that she will actually become pregnant again, or that she will consider an abortion again, to survive a mootness challenge. *Roe,* 410 U.S. at 125; *see also Doe v. Bolton*, 410 at 187; *Doe v. Poelker*, 497 F.2d at 1067; *Majors,* 317 F.3d at 722-23. In *McCormack v. Herzog*, the Ninth Circuit Court of Appeals recently rejected the state of Idaho's attempt to moot Jennie McCormack's civil rights lawsuit challenging her prosecution for terminating her own pregnancy, holding that, in addition to meeting other mootness exceptions, her claim was capable of repetition yet evading review. 788 F.3d at 1026. This was so even though, in order to be prosecuted again, Ms. McCormack would have to become pregnant, need an abortion, obtain drugs over the Internet from a provider who is

violating the state's abortion law, and take those drugs to terminate her pregnancy (and then, of course, come to the attention of the authorities).

There is no real distinction between those circumstances and the Defendants' argument here. In any event, raising issues regarding Ms. Loertscher's future pregnancy plans or likely fertility is not appropriate in connection with the mootness analysis at issue here. As the Seventh Circuit explains in *Majors v. Abell*:

> [W]hile canonical statements of the exception to mootness for cases capable of repetition but evading review require that the dispute giving rise to the case be capable of repetition by the same plaintiff, the courts, perhaps to avoid complicating lawsuits with incessant interruptions to assure the continued existence of a live controversy, do not interpret the requirement literally, at least in abortion and election cases… If a suit attacking an abortion statute has dragged on for several years after the plaintiff's pregnancy terminated, ***the court does not conduct a hearing on whether she may have fertility problems or may have decided that she doesn't want to become pregnant again.***

317 F.3d at 723 (emphasis added). Moreover, courts have found mere possibilities sufficient to defeat mootness claims in other contexts as well. *See, e.g., Jones v. Illinois Dept. of Rehabilitation Servs.,* 689 F.2d 724, 728 (7th Cir. 1982) (holding that a Deaf student's graduation from the college that he alleged had denied him interpreter services was not moot, because of the possibility that he might go to graduate school and be denied an interpreter again, even over the student's disclaiming any intent to go to graduate school); *Rosario v. Rockefeller*, 410 U.S. 752, 756 n.5 (1973) (holding, without engaging in any recurrence analysis, that voters' challenge to a residency requirement was not moot, even though the voters were now registered and would be permitted to vote in the next election); *accord Moore v. Ogilvie*, 394 U.S. 814, 816 (1969); *Dunn v. Blumstein*, 405 U.S. 330, 333 n.2 (1972). Thus, even if the series of events that could lead to renewed state proceedings against Ms. Loertscher is not highly probable, the fact that such a proceeding is possible—especially in the context of pregnancy—is sufficient to maintain her claim in the face of a mootness challenge.

Second, Defendants' claim that Ms. Loertscher would only be subjected to renewed state proceedings if she became pregnant again and then used drugs and alcohol, (ECF No. 50 at 4), is an inaccurate statement of the needed mootness examination in this case. The events capable of repetition need only be that Ms. Loertscher could become pregnant again in the future. Under the Act, in the event of another pregnancy, one of the Act's multiple state-authorized enforcers need merely accuse her of using drugs or alcohol "habitually" to a severe degree so as to substantially harm the fetus, *see* Wis. Stat. § 48.133, in order for her to be subjected, unconstitutionally, to the full force and effect of the Act. Indeed, Ms. Loertscher and other women like her who used drugs *before* they knew they were pregnant, but subsequently stopped using them, have also been incarcerated and had their rights violated under the auspices of the Act. (*See* Complaint, ECF No. 1); *see also Beltran v. Loenish et al*, Case No. 2:2013cv01101 (E.D. Wis. 2014). The Act's vague language provides no clear rule as to how long before or early in pregnancy the use of drugs or alcohol "counts" in the eyes of state enforcers, and the Act's unconstitutional vagueness, as set forth in Ms. Loertscher's brief in support of her motion for preliminary injunction (ECF No. 14), offers little meaningful constraint on the Act's application. It is this profound and sweeping deprivation of women's fundamental constitutional rights that is "capable of repetition, yet evading review" on account of pregnancy.

### 2. Recurrence Is Virtually Certain For Women Similarly Situated To Ms. Loertscher

Following explicit Supreme Court and Seventh Circuit precedent, this Court should consider the risk that other people like Ms. Loertscher may be subjected to the same challenged conduct. *See, e.g., Roe,* 410 U.S. at 125; *Honig v. Doe*, 484 U.S. 305, 335-36 (1988) (Scalia, J., dissenting) (mootness inquiry in pregnancy cases focuses on "the great likelihood that the issue will recur *between the defendant and other members of the public at large*") (emphasis in

original); Hall, 77 Geo. Wash. L. Rev. at 579-80. The Seventh Circuit Court of Appeals has expressly approved this consideration in connection with mootness analysis. For example, in *Jones v. Illinois Dep't of Rehabilitation Servs.,* the court held that a controversy between a Deaf student and a college for failure to provide interpreter services was not moot because it was "capable of repetition yet evading review," given the possibility that other Deaf students might attend defendant colleges. 689 F.2d at 728. Indeed, the Court took judicial notice that a rubella epidemic two decades previously had increased the numbers of Deaf people in the state, reasoning that those students may soon want to attend college and need interpreters to do so. *Id.*

Here, that Wisconsin will subject other pregnant women to such rights violations is a virtual certainty. According to the Wisconsin Department of Children and Families (DCF), which apparently began disaggregating "unborn child abuse" reports from reports of actual child abuse and neglect in 2005, thousands of pregnant women have been subjected to the Act between 2005 and 2013, the last year for which data was reported. *See* DCF, Wisconsin Child Abuse and Neglect Annual Reports (1999-2013), *http://dcf.wisconsin.gov/cwreview/reports/CAN-Y.htm*. Each year since 2005, more than 300 reports of "unborn child abuse" were made to social services. *Id.*, Appendix B to each report. The reports indicate that social services agencies investigated all of these pregnant women; each year, between thirty-four and fifty-one pregnant women were the subject of so-called "substantiated" unborn child abuse claims; and, each year, between eight and thirty mothers had their newborns babies "placed in out-of-home care after the child's birth as part of the CPS Initial Assessment of *unborn* child abuse." *Id.* (emphasis added). In other words, in the nine years covered by these reports, 2,939 pregnant women were subjected to state intrusion into their lives pursuant to this unconstitutional law, or an average of over 300 women annually. Of those 2,939 targeted women, 400 faced additional deprivations that flowed

10

from having "substantiated" claims of "unborn child abuse" against them; at least 133 faced the loss of the fundamental right to care, custody and control of their children. And, given the secrecy under which these proceedings are conducted, we have only these reports to go on as to how many people have been subjected to "unborn child" petitions; there is no public information as to the numbers of women who were subjected to proceedings under the Act between its enactment in 1997 and 2004.

This is a facial challenge to a law that has no constitutional applications. *See United States v. Salerno*, 481 U.S. 739, 745 (1987). Yet, Defendants maintain that the Act and its use against Ms. Loertscher are constitutional. Its vigorous defense of this law further indicates that the State will continue to enforce it against Ms. Loertscher and other women like her in the future. *See, e.g., McCormack,* 788 F.3d at 1026 (case is not moot under voluntary cessation or collateral consequences exceptions where state continues to defend its law). For this reason, this controversy is likely to recur, rendering dismissal for mootness inappropriate.

Finally, courts have repeatedly considered the importance of the public interest in the resolution of a controversy which is allegedly moot. This factor further weighs in favor of this Court's exercise of jurisdiction here. As the Supreme Court explained in *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 126-27 (1974), when discussing the ongoing justiciability of cases concerning regulation of pregnancy and elections:

> The important ingredient in these cases was governmental action directly affecting, and continuing to affect, the behavior of citizens in our society…A strike that lasts six weeks, as this one did, may seem long, but its termination, like pregnancy at nine months and elections spaced at yearlong or biannual intervals, should not preclude challenge to state policies that have had their impact and that continue in force, unabated and unreviewed. ***The judiciary must not close the door to the resolution of the important questions these concrete disputes represent***.

(emphasis added). Ms. Loertscher's case presents just such a question.

11

The abortion cases—where the short duration of pregnancy is precisely at issue—fall within this category. *See, e.g., Roe*, 410 U.S. at 125. Election cases, too, have frequently rested on the ongoing importance of a matter to the public. *See, e.g., Storer v. Brown*, 415 U.S. 724, 737 n.8 (1974) (denying mootness, even though the election at issue was over and no relief was available to the parties, as the "issues properly presented, and their effects on independent candidacies, will persist as the California statutes are applied in future elections."). *Olagues v. Russoniello*, 770 F.2d 791, 795 (9th Cir. 1985) ("[T]he existence of a public interest in having the legality of the [alleged violations of the Voting Right Act] settled militates against a mootness conclusion.") (internal citations omitted).

Ms. Loertscher was subjected to numerous deprivations of her constitutional rights pursuant to a law unique among the states which permits the state of Wisconsin to deprive competent adults of their liberty, privacy, and other constitutional rights for engaging in lawful conduct, solely because they are pregnant. Thousands of other Wisconsin women have faced— and thousands more will likely face—the same violations of their civil rights. Thus the public interest in resolving the important issues raised by this case in this Court also favors application of the "capable of repetition yet evading review" exception.

## CONCLUSION

Ms. Loertscher had Article III standing to bring this action for injunctive and declaratory relief at the time she filed this suit. The proceedings against her may have ended, but mootness does not pertain here, where pregnancy is a significant aspect of the litigation, because pregnancy is the classic case for application of the "capable of repetition yet evading review" exception. The almost certain application of this facially unconstitutional law to thousands of women across the state of Wisconsin, and the strong public interest in resolving this controversy, also militates against mootness. Defendants' alternative argument, that this Court should dismiss

12

this case under *Younger v. Harris*, is unavailing, as *Younger* does not require abstention from this case, and, in any event, is inapplicable now that the state proceedings against Ms. Loertscher have ended. Accordingly, Plaintiff respectfully requests that this Court deny Defendants' motions to dismiss.

Dated this 31st day of July, 2015.   Respectfully submitted,

**PERKINS COIE, LLP**

By:   s/ *Freya K. Bowen*
David J. Harth
dharth@perkinscoie.com
Freya K. Bowen
fbowen@perkinscoie.com
Joshua L. Kaul
jkaul@perkinscoie.com
David R. Pekarek Krohn
dpekarekkrohn@perkinscoie.com
1 East Main Street, Suite 201
Madison, WI 53703
Telephone: (608) 663-7460
Facsimile: (608) 663-7499

**NATIONAL ADVOCATES FOR PREGNANT WOMEN**
Lynn M. Paltrow
lmp@advocatesforpregnantwomen.org
Sara Ainsworth
sla@advocatesforpregnantwomen.org
Farah Diaz-Tello
fdt@advocatesforpregnantwomen.org
15 W. 36th Street, Suite 901
New York, NY 10018
Telephone: (212) 555.9252
Facsimile: (212) 225-9253

**REPRODUCTIVE JUSTICE CLINIC**
Sarah E. Burns
sarah.burns@nyu.edu
Avram D. Frey
Freya@exchange.law.nyu.edu
Washington Square Legal Services, Inc.
NYU School of Law
245 Sullivan Street, 5th Floor
New York, New York 10012
Telephone: (212) 998-6464
Facsimile: (212) 995-4031

*Attorneys for the Plaintiff,*
*Tamara Loertscher*