IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TAMARA M. LOERTSCHER,

     Plaintiff,

    v.                         Case No. 14-C-870

BRAD D. SCHIMEL, in his official
capacity as ATTORNEY GENERAL OF
THE STATE OF WISCONSIN, and
ELOISE ANDERSON, in her official
capacity as SECRETARY OF THE
DEPARTMENT OF CHILDREN AND
FAMILIES,

     Defendants.

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF SUPPLEMENTAL MOTION TO DISMISS FOR MOOTNESS

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████ ████████ The exception to mootness for cases that are "capable of repetition, yet evading review" does not apply here because, contrary to Loertscher's assertion, courts have not concluded that the plaintiff simply needs to show that the issue will recur between the defendant and other members of the public at large. Instead, the dispute must be capable of repetition by the same complaining party. ████████

███████████████████████████████████████████████

███████████████████ Physical and theoretical possibilities are not enough. She cannot make such a showing.

I. **Courts have not dispensed with the same party requirement in applying the "capable of repetition, yet evading review" exception to mootness.**

Loertscher argues that this Court should consider the risk that other people like her may be subjected to the same challenged conduct. In other words, she argues that the underlying dispute need not be capable of repetition for the same complaining party. But courts have not dispensed with this requirement in applying the "capable of repetition, yet evading review" exception to mootness.

The "capable of repetition, yet evading review" exception to mootness requires (1) a challenged action that is short in duration, and (2) a reasonable expectation that the same complaining party will be subject to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curium). The "same complaining party" requirement is the rule, and any less stringent requirement applies, at most, only in certain types of cases that are not presented here.

Outside the abortion and election context, the same complaining party must show a reasonable expectation that she will again be subject to the same action. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curium).

Some courts have applied an exception to this requirement in the limited contexts of abortion and election cases, but it is unclear whether the Supreme Court would recognize that exception today. In *Honig v. Doe*,

Justice Scalia in dissent noted that in the contexts of abortion and election rights, the Court has sometimes dispensed with the same party requirement in analyzing whether an issue is capable of repetition yet evading review. 484 U.S. 305, 335-36 (1988) (Scalia, J., dissenting). But those cases are limited to their facts, and in several election cases, the Court has required that the same complaining party have a reasonable expectation that they will face the same action again. For example, in *Norman v. Reed,* the Court held that the appeal was not moot despite the fact that the election had passed, because "[t]here would be every reason to expect the *same parties* to generate a similar, future controversy. . . ." 502 U.S. 279, 288 (1992) (emphasis added).

In the courts of appeal, there is conflicting law as to the requirement as applied in the elections and abortion contexts, and the Seventh Circuit has not addressed it. *Compare In re Van Wie v. Pataki,* 267 F.3d 109, 114 (2d Cir. 2001) ("[I]n the absence of a class action, there must be a reasonable expectation that the *same* complaining party would encounter the challenged action in the future."), *with Lawrence v. Blackwell,* 430 F.3d 368, 372 (6th Cir. 2005) (noting courts have not imposed the same party requirement in election cases). The Seventh Circuit has not ruled on the issue. *Majors v. Abell,* 317 F.3d 719, 723 (7th Cir. 2003) (not resolving the conflict because the plaintiffs were able to meet the same party requirement); *see also Wirtz v. City of S. Bend*, 669 F.3d 860, 862 (7th Cir. 2012) (interpreting the

exception to mootness to require that the dispute giving rise to the case be capable of repetition by the same plaintiff, even in the abortion context).[1]

For purposes of this case, those decisions apply, at most, in the narrow contexts of abortion and election rights. *See Roe v. Wade*, 410 U.S. 113, 125 (1973); *Doe v. Bolton*, 410 U.S. 179, 187 (1973); *Storer v. Brown*, 415 U.S. 724, 737 n. 8 (1974); *Rosario v. Rockefeller*, 410 U.S. 752, 756 n.5 (1973); *Dunn v. Blumstein*, 405 U.S. 330, 333 n.2 (1972). This is not an abortion or election case. This case involves much more than the likelihood of another pregnancy. It involves the use of drugs or alcohol during pregnancy and a number of other contingencies.

For a woman to be subjected to the laws at issue in this case, she would not only have to be pregnant, but would also have to use alcohol or controlled substances to a severe degree while pregnant. In addition, she would have to see a medical professional who is concerned that her drug use could harm her unborn child and that professional would have to report this information to authorities. Those authorities would have to choose to prosecute a UCHIPS

---

[1] Loertscher cites *Jones v. Illinois Department of Rehabilitation Servs.*, 689 F.2d 724, 728 (7th Cir. 1982). But *Jones*, which involved a dispute between a deaf student and a college for failure to provide interpreter services, is limited to its facts. In a more recent Seventh Circuit case, *Brandt v. Board of Education of City of Chicago*, 480 F.3d 460, 464 (7th Cir. 2007), the court did not apply the mootness exception in a controversy between students and a school where the plaintiffs could not show they were likely to be subject to the same conduct again. The court held that the case was moot because the plaintiff students had graduated. *Id.* at 463.

case, and a court commissioner or judge would have to find that Wis. Stat. § 48.133 applies.

Accordingly, the mootness analysis in the abortion and election cases does not apply here. Instead, there must be a reasonable expectation that Loertscher herself will be subjected to the challenged action again.[2]

## II. Courts have never held that a mere physical or theoretical possibility is sufficient to satisfy the "capable of repetition, yet evading review" exception to mootness.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ This is not the test. The Supreme Court has never held that a mere physical or theoretical possibility is sufficient: "If this

---

[2] Even if the Court could consider the risk to the public at large in analyzing whether the exception to mootness applies, the statistics Loertscher provides concerning reports of unborn child abuse are misleading. For example, the reports of unborn child abuse may not each represent an allegation of abuse against a different woman; it is common for multiple allegations to be made about the same woman. Also, the statistics do not state what consequences, if any, resulted when the unborn child abuse was substantiated. And in instances where the child was ultimately placed outside of the home after the child's birth, the statistics do not indicate whether the reports of unborn child abuse were made late in the woman's pregnancy or whether the woman had other children placed outside the home due to abuse or neglect. Wisconsin Stat. § 48.981(3)(c)1 requires a county child protective services agency to conduct its investigation of unborn child abuse according to Department of Children and Families Child Protective Services Access and Initial Assessment Standards. *See* http://dcf.wisconsin.gov/memos/num_memos/2007/2007-11Standards.pdf. The standards require that safety assessments that are used to remove a child from the home are based on the family's circumstances at birth; safety assessments are not based on the perinatal substance abuse.

were true, virtually any matter of short duration would be reviewable." *Murphy*, 455 U.S. at 482. Instead, Loertscher must show that there is a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party. *Id.* (*quoting Weinstein,* 423 U.S. at 149). There is no such level of probability here.

The cases Loertscher cites are unpersuasive. Loertscher cites a footnote in *Honig*, which cites other Supreme Court cases where the Court found controversies "capable of repetition based on expectations that, while reasonable, were hardly demonstrably probable." 484 U.S. at 320 n.6. But the holdings cited in the *Honig* footnote do not support the novel proposition that less than a probability of recurrence is sufficient. In *Burlington Northern Railway Co. v. Maintenance of Way Employes,* 481 U.S. 429, 436, n.4 (1987), the Court found that the same railroad and union were "reasonably likely" to find themselves in a recurring dispute over the same issue. Similarly, in *California Coastal Commission v. Granite Rock Co.,* 480 U.S. 572, 578 (1987), the Court found it "likely" that the plaintiff mining company would submit new plans which the State would seek to subject to its coastal permit requirements. In the cases involving exclusion orders issued to prevent the press from attending criminal trials, the Supreme Court found that "[i]t can reasonably be assumed" that a news organization covering the area in which the defendant court sat will again be subjected to that court's closure rules.

*Press–Enterprise Co. v. Superior Court of Cal., Riverside County,* 478 U.S. 1, 6 (1986); *Globe Newspaper Co. v. Superior Court of Norfolk Cnty.,* 457 U.S. 596, 603 (1982).

Loertscher's citation to an abortion case, *McCormack v. Herzog*, 788 F.3d 1017, 1026 (9th Cir. 2015), is similarly unavailing. Since pregnancy is the only contingency in an abortion case, it is much easier to show "likelihood" as to a plaintiff than the chain of events that would need to occur for Loertscher to be harmed by the state law at issue here.

The other cases Loertscher relies on are cases that applied the elections/abortion exception to the same party requirement, so that the likelihood of reoccurrence would be evaluated based on all people, not just the plaintiff. (Dkt. 56:13). *Rosario v. Rockefeller*, 410 U.S. 752, 756 n.5 (1973) (concluding that plaintiffs' class action challenge to New York's Election Law was capable of repetition yet evading review, although primary election had passed and the petitioners would be eligible to vote in the next primary); *Dunn v. Blumstein,* 405 U.S. 330, 333 n.2 (1972) (in challenge to a provision of Tennessee's election law, concluding that, although plaintiff would be eligible to vote in the next election, the controversy was capable of repetition yet evading review); *Moore v. Ogilvie*, 394 U.S. 814, 816 (1969) (case not moot even though election over because burden on the nomination of candidates for statewide office remained and controlled for future elections). The last case

Loertscher relies on, *Jones v. Illinois Department of Rehabilitation Servs.*, 689 F.2d 724, 728 (7th Cir. 1982), is limited to its facts (see *supra* note 1).

In this case, the question is whether there is a reasonable expectation that the complaining party will again be embroiled in the same controversy. *Murphy v. Hunt*, 455 U.S. 478 (1982), provides the appropriate analytical framework. *Murphy* involved a state criminal defendant denied pretrial bail under a provision of the Nebraska Constitution prohibiting bail in cases involving violent sexual offenses. *Id*. at 479-80. His civil rights action seeking declaratory and injunctive relief reached the Supreme Court after he had been tried and convicted, and the Court held that the conviction mooted his claim because he had not asked for damages or sought to represent a class of pretrial detainees. *Id*. at 481-82.

The Court then considered whether the capable of repetition yet evading review exception applied. It defined "capable of repetition" as requiring "a '*reasonable expectation*' or a *demonstrated probability* that the *same controversy* will occur involving the *same complaining party*." *Id*. at 482 (citation omitted) (emphasis added), and found it lacking as to Murphy. With nothing on the record to suggest the likelihood of reversal of all three of his convictions on appeal, the possibility was purely speculative and thus insufficient to trigger the exception. *Id*. at 483 n.7. In so holding, the Court stressed that it had "never held that a mere physical or theoretical possibility

was sufficient to satisfy the [capable of repetition] test. . . . If this were true, virtually any matter of short duration would be reviewable." *Id.* at 482.



Given these layers of speculation, there is no "reasonable expectation" or "demonstrated probability" that Loertscher will ever again be in this position. Therefore, there is no ongoing controversy, and this case is moot.

---

[3] ████████████████████████████████████████████████████████████████████
Even if this is true, the same contingencies apply. Furthermore, in the case Loertcher cites to support this proportion, *Beltran v. Strachota, et al.*, 13-C-1101, 2014 WL 2924668, *5 (E.D. Wis. Sept. 30, 2014) (unpublished), the District Court for the Eastern District of Wisconsin concluded that Beltran's habeas action challenging the same Act at issue in this case was moot because there were too many contingencies for her to be subjected to the Act again.

**III. This case does not meet the exception to mootness because it would not evade review in the future.**

As discussed above, this case differs from the abortion cases because given the number of contingencies involved, there is no reasonable expectation that the same complaining party will be subject to the same action again. This case also differs from the abortion cases in that it is unlikely to evade review.

In an abortion case, the evading review requirement is met because the window for an abortion is short, lasting only a few weeks. *See Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 860, 870 (1992). Similarly, in a voting challenge, the harm occurs once election day comes and goes. Here, in contrast, the timeframe is much longer, lasting, at least, the duration of the woman's pregnancy. ████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██ ████████████████. As such, this situation would not evade review if it occurred again in the future.

## CONCLUSION

This Court should dismiss the complaint in its entirety. If the Court concludes the case is not moot, defendants continue to assert the defenses in their previously filed motions.

Dated this 10th day of August, 2015.

BRAD D. SCHIMEL
Attorney General

*s/Karla Z Keckhaver*
KARLA Z. KECKHAVER
Assistant Attorney General
State Bar #1028242

JODY J. SCHMELZER
Assistant Attorney General
State Bar No. 1027796

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6365 (*AAG Keckhaver*)
(608) 266-3094 (*AAG Schmelzer*)
(608) 267-2223 (Fax)
*keckhaverkz@doj.state.wi.us*
*schmelzerjj@doj.state.wi.us*