IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TAMARA M. LOERTSCHER,

   Plaintiff,

   v.         Case No. 14-C-870

BRAD D. SCHIMEL, in his official
capacity as ATTORNEY GENERAL OF
THE STATE OF WISCONSIN, and
ELOISE ANDERSON, in her official
capacity as SECRETARY OF THE
DEPARTMENT OF CHILDREN AND
FAMILIES,

   Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Brad D. Schimel and Eloise Anderson, by their undersigned counsel, answer the complaint filed by Plaintiff Tamara M. Loertscher, as follows:

1. Defendants DENY the allegations in paragraph 1.

### FACTS

2. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 3.

4. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 4.

5.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 5.

6.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 6.

7.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 7.

8.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 8.

9.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 9.

10.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 10.

11.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 11.

12.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 12.

13.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 13.

14.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 14.

15.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 15.

16.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 16.

17.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 17.

18.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

19.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 19.

20.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 20.

21.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 21.

22.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 22.

23.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 23.

24.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 24.

25.    Defendants DENY that TCDHS operates under the direction and oversight of the Wisconsin Department of Children and Families. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 25.

26.    Defendants ADMIT that attorney Michael Shiffler served as the guardian ad litem on behalf of Ms. Loertscher's fetus. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 26.

27.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 27.

28.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 28.

29.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 29.

30.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 30.

31.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 31; affirmatively allege that the transcript of the August 5, 2014 motion hearing in Taylor County Circuit Court attached to Plaintiff's complaint as Exhibit A speaks for itself.

32.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 32; affirmatively allege that the transcript of the August 5, 2014 motion hearing in Taylor County Circuit Court attached to Plaintiff's complaint as Exhibit A speaks for itself.

33.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 33; affirmatively allege that the transcript of the August 5, 2014 motion hearing in Taylor County Circuit Court attached to Plaintiff's complaint as Exhibit A speaks for itself.

34.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 34; affirmatively allege that the transcript of the August 5, 2014 motion hearing in Taylor County Circuit Court attached to Plaintiff's complaint as Exhibit A speaks for itself.

35.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 35; affirmatively allege that the transcript of the August 5, 2014 motion hearing in Taylor County Circuit Court attached to Plaintiff's complaint as Exhibit A speaks for itself.

36.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 36; affirmatively allege that the Order for Temporary Physical Custody dated August 5, 2014 attached to Plaintiff's complaint as Exhibit B speaks for itself.

37.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 37.

38.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 38.

39.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 39.

40.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 40.

41.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 41.

42.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 42.

43.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 43; affirmatively allege that the Notice of Motion and Motion for Remedial Contempt dated August 11, 2014 and supporting affidavit attached to Plaintiff's complaint as Exhibit C speaks for itself.

44.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 44; affirmatively allege that the Motion to Take Expectant Mother into Immediate Custody dated August 13,

2014 and supporting affidavit attached to Plaintiff's complaint as Exhibit D speaks for itself.

45.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 45; affirmatively allege that the Order to Take Expectant Mother into Immediate Custody dated August 13, 2014 attached to Plaintiff's complaint as Exhibit E speaks for itself.

46.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 46.

47.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 47.

48.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 48; affirmatively allege that the transcript of the August 25, 2014 hearing in Taylor County Circuit Court attached to Plaintiff's complaint as Exhibit F speaks for itself.

49.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 49; affirmatively allege that the transcript of the August 25, 2014 hearing in Taylor County Circuit Court attached to Plaintiff's complaint as Exhibit F speaks for itself.

50.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 50.

51.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 51; affirmatively allege that the transcript of the September 4, 2014 hearing in Taylor County Circuit Court attached to Plaintiff's complaint as Exhibit G speaks for itself.

52.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 52; affirmatively allege that the transcript of the September 4, 2014 hearing in Taylor County Circuit Court attached to Plaintiff's complaint as Exhibit G speaks for itself.

53.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 53; affirmatively allege that the transcript of the September 4, 2014 hearing in Taylor County Circuit Court attached to Plaintiff's complaint as Exhibit G speaks for itself.

54.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 54; affirmatively allege that the transcript of the September 4, 2014 hearing in Taylor County Circuit Court attached to Plaintiff's complaint as Exhibit G speaks for itself.

55.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 55; affirmatively allege that the Remedial Contempt Order and Order for Commitment dated September 5, 2014 attached to Plaintiff's complaint as Exhibit H speaks for itself.

56.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 56.

57.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 57.

58.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 58.

59.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 59.

60.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 60.

61.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 61.

62.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 62.

63.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 63.

64.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 64.

65.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 65.

66. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 66.

67. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 67.

68. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 68; affirmatively allege that the Order Appointing Counsel dated September 26, 2014 attached to Plaintiff's complaint as Exhibit I speaks for itself.

69. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 69.

70. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 70; affirmatively allege that the transcript of the September 22, 2014 hearing in Taylor County Circuit Court attached to Plaintiff's complaint as Exhibit J speaks for itself.

71. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 71; affirmatively allege that the Order for Purge Modification and Release from Taylor County Jail dated September 22, 2014 attached to Plaintiff's complaint as Exhibit K speaks for itself.

72. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 72; affirmatively allege that the

Consent Decree dated September 22, 2014 attached to Plaintiff's complaint as Exhibit L speaks for itself.

73.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 73; affirmatively allege that the Notice of Child Maltreatment Determination dated September 29, 2014 attached to Plaintiff's complaint as Exhibit M speaks for itself.

74.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 74; affirmatively allege that the letter denying Loertscher's Child Maltreatment Appeal Request dated November 10, 2014 attached to Plaintiff's complaint as Exhibit N speaks for itself.

75.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 75.

76.   Defendants DENY that Loertscher was deprived of liberty and numerous, well-established constitutional rights; DENY that TCDHS is authorized by court order to supervise and control Loertscher's medical decision-making; and DENY that Loertscher has any ongoing  loss of liberty or accompanying distress. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 76.

**PARTIES**

77.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 77.

78.   Defendants DENY the allegations in paragraph 78.

79.   Defendants ADMIT that Defendant Eloise Anderson is the Secretary of the Department of Children and Families for the State of Wisconsin. Defendants DENY the remaining allegations in paragraph 79.

80.   Defendants DENY the allegations in paragraph 80.

81.   Defendants ADMIT venue is proper in the Western District of Wisconsin; DENY the remaining allegations contained therein.

**CAUSES OF ACTION**

82.   Defendants DENY the allegations in paragraph 82.

83.   Defendants DENY the allegations in paragraph 83.

84.   Defendants DENY the allegations in paragraph 84.

85.   Defendants DENY the allegations in paragraph 85.

86.   Defendants DENY the allegations in paragraph 86.

**REQUEST FOR RELIEF**

87.   Defendants DENY that Plaintiff is entitled to the relief requested.

## FURTHER RESPONSE

Defendants DENY any factual allegations in the complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.   The complaint fails to state a claim upon which relief can be granted.

2.   The action should be dismissed because Plaintiff lacks standing.

3.   The action should be dismissed because there is no case or controversy.

4.   The action is barred by the doctrine of claim preclusion and/or issue preclusion.

5.   The action should be dismissed under the *Younger* abstention doctrine.

Dated this 14th day of October, 2015.

Respectfully Submitted

BRAD D. SCHIMEL
Attorney General


s/KARLA K. KECKHAVER
KARLA K. KECKHAVER
Assistant Attorney General
State Bar #1028242

JODY J. SCHMELZER
Assistant Attorney Genera
State Bar # 1027796

LUKE N. BERG
Assistant Attorney General
State Bar #1095644

Attorneys for Defendants Brad D.
Schimel and Eloise Anderson

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6365 (KZK)
(608) 266-3094 (JJS)
(608) 266-3056 (LNB)
(608) 267-2223 (Fax)
*keckhaverkz@doj.state.wi.us*
*schmelzerjj@doj.state.wi.us*
*bergln@doj.state.wi.us*