IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**TAMARA M. LOERTSCHER**,

    Plaintiff,

v.                            Case No. 14-cv-870

**BRAD SCHIMEL**, et al.,

    Defendants.

**DEFENDANTS ELOISE ANDERSON'S AND BRAD SCHIMEL'S
BRIEF IN SUPPORT OF MOTION TO
DISMISS AMENDED COMPLAINT**

Plaintiff Tamara Loertscher has filed an amended complaint alleging damage claims against new county defendants and a new "as-applied" constitutional challenge against all defendants. (Dkt. 66, ¶¶ 1, 77, 84–87, 91–95, 103.) Her amended complaint reveals an important new fact: she has moved out of the State of Wisconsin. (Dkt. 66, ¶ 83.) Because she no longer lives in Wisconsin, Loertscher is not subject to the enforcement provisions of 1997 Wisconsin Act 292. As such, her claims for injunctive and declaratory relief are moot.

This Court previously analyzed mootness after Loertscher had given birth to her baby and the state proceedings against her had been dismissed. (Dkt. 61.) The Court applied an exception to mootness, concluding that Loertscher's alleged injury was "capable of repetition yet evading review."

(Dkt. 61:19.) Even if this exception overcomes mootness due to the short duration of a pregnancy,[1] it cannot salvage a case rendered moot by the plaintiff's voluntary choice to leave the state. The defendants and Court have learned for the first time that Loertscher no longer lives in Wisconsin. The Court should revisit mootness and dismiss the claims for injunctive and declaratory relief.

**Loertscher's claims for injunctive and declaratory relief are moot.**

Mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (citation omitted). An actual controversy must exist through "all stages" of the litigation, not only at the beginning. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009). Cases that do not involve "actual, ongoing controversies" are moot and must be dismissed for lack of jurisdiction. *Fed'n of Advert. Indus. Representatives, Inc., v. City of Chi.*, 326 F.3d 924, 929 (7th Cir. 2003). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual

---

[1] The state maintains it does not, but that issue has already been decided by this court.

controversy about the plaintiff's particular legal rights.'" *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 727 (2013) (*quoting Alvarez*, 558 U.S. at 93).

Courts frequently hold that moving out of a particular jurisdiction moots a claim for injunctive or declaratory relief. In *Parker v. Franklin County Community School Corp.*, 667 F.3d 910, 915 (7th Cir. 2012), for example, the Seventh Circuit dismissed claims for injunctive relief against a school when the plaintiff transferred schools, even though damage claims remained. And in *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), the Seventh Circuit concluded that when a prisoner who seeks injunctive or declaratory relief for a condition specific to a particular prison is transferred out of that prison, the need for relief becomes moot. There are many more examples. *See*, *e.g.*, *Camreta v. Greene*, 131 S. Ct. 2020, 2034 (2011) (claims were moot in part because plaintiff had moved to Florida); *Dawes v. Walker*, 239 F.3d 489, 491 n.2 (2d Cir. 2001) (prisoner's challenge mooted upon transfer to a different prison); *Cloak v. Cody*, 449 F.2d 781, 782 (4th Cir. 1971) (noting that it "would be simply advisory" to decide the constitutionality of a school rule after the student moved out of state); *Cooley v. Granholm*, 291 F.3d 880, 883 (6th Cir. 2002) (doctor who had moved to California had no "legally cognizable interest in the outcome" of a constitutional challenge to Michigan's euthanasia laws, even though he intended to return Michigan); *Bishop v. Comm. on Prof'l Ethics & Conduct of*

*Iowa State Bar Ass'n*, 686 F.2d 1278, 1285 n.13 (8th Cir. 1982) (first amendment challenge to advertising limitations mooted in part because plaintiff left Iowa); *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998) (noting that a Voting Rights Act challenge would be moot if the plaintiffs moved out of the city); *Lucero v. Trosch*, 121 F.3d 591, 596 (11th Cir. 1997) (claims for injunctive relief moot because plaintiff no longer lived in Alabama).

The exception for injuries that are "capable of repetition, yet evading review" should not overcome mootness when a plaintiff moves out of state and is no longer subject to the law being challenged. As an initial matter, the canonical cases establishing the exception did not face this type of jurisdictional defect. In both the abortion and election cases, the plaintiffs were still exposed to the challenged laws. *See Roe v. Wade*, 410 U.S. 113, 120 (1973) (Jane Roe resident of Texas); *Doe v. Bolton*, 410 U.S. 179, 185 (1973) (Mary Doe resident of Georgia); *Rosario v. Rockefeller*, 410 U.S. 752 (1973) (New York residents challenged constitutionality of New York election law that required voters to enroll in party of choice 30 days before election in order to vote in party primary); *Dunn v. Blumstein*, 405 U.S. 330 (1972) (Tennessee residents challenging Tennessee durational residency requirement for voting).

But more importantly, the rationale for the exception disappears when a plaintiff's voluntary action moots a case. Dismissing cases when plaintiffs move does not cause legal issues to evade review—the next plaintiff simply needs to remain in the state to preserve a personal stake in the outcome. This Court's reasoning demonstrates the point. The state previously argued that Loertscher's claims were moot because the proceedings against her were over and there was no reasonable expectation that a similar situation would recur. (Dkt. 48–50.) In rejecting the state's argument, this Court emphasized the short human gestation period. (Dkt. 61:18.); *see also Roe*, 410 U.S. at 125. According to this Court, pregnancy was the "significant fact" connecting the case to *Roe*—the fact that "would effectively put Act 292 beyond federal review." (Dkt. 61:18–19.)

But what moots Loertscher's case now is her move out of Wisconsin. This has nothing to do with the short-term nature of her pregnancy. What the move does mean is that she no longer has a personal interest in injunctive and declaratory relief. As such, Loertscher's claims for prospective relief have lost "that concrete adverseness which sharpens the presentation of issues." *Camreta*, 563 U.S. at 2024 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). The capable-of-repetition-yet-evading-review exception cannot overcome this problem.

# CONCLUSION

This Court should dismiss the claims for injunctive and declaratory relief as alleged in the amended complaint.

Dated this 20th day of November, 2015.

BRAD D. SCHIMEL
Attorney General

*s/KARLA K. KECKHAVER*
KARLA K. KECKHAVER
Assistant Attorney General
State Bar #1028242

JODY J. SCHMELZER
Assistant Attorney Genera
State Bar # 1027796

LUKE N. BERG
Assistant Attorney General
State Bar #1095644

Attorneys for Defendants Brad D. Schimel and Eloise Anderson

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6365 (KZK)
(608) 266-3094 (JJS)
(608) 266-3056 (LNB)
(608) 267-2223 (Fax)
*keckhaverkz@doj.state.wi.us*
*schmelzerjj@doj.state.wi.us*
*bergln@doj.state.wi.us*