IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

**TAMARA M. LOERTSCHER,**

    **Plaintiff,**

                                                                                   Case No. 14-CV-870

**v.**

**BRAD SCHIMEL,** *et al.*,

    **Defendants.**
_____

**DEFENDANTS TAYLOR COUNTY, AMBER FALLOS, LIZA DALEIDEN
AND JULIE CLARKSON'S ANSWER AND AFFIRMATIVE DEFENSES**
_____

    Defendants Taylor County, Amber Fallos, Liza Daleiden and Julie Clarkson (hereinafter referred to collectively as the "Taylor County Defendants"), by their counsel, answer Plaintiff's Amended Complaint as follows:

## ANSWER TO AMENDED COMPLAINT

    1.    Answering paragraph 1, these defendants lack information sufficient to form a belief as to the allegations contained therein and therefore deny the same. These defendants affirmatively deny that they violated plaintiff's rights at any time material to this action.

    2.    Answering paragraphs 2-16, these defendants lack information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

    3.    Answering paragraph 17, admit that plaintiff visited the Mayo Clinic on the given date but lack information sufficient to form a belief as to the remaining allegations and therefore deny the same.

    4.    Answering paragraphs 18-21, admit that plaintiff was pregnant at all times material to this action and that at that same time drug testing confirmed plaintiff's use of methamphetamines, amphetamine and tetrahydrocannabinol. As to the remaining allegations contained in these paragraphs,

these answering defendants lack information sufficient to form a belief as to their truth or falsity and therefore deny the same.

5. Answering paragraphs 22-23, these defendants lack information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

6. Answering paragraph 24, admit that plaintiff voluntarily admitted herself to the Behavioral Health Unit at Mayo Clinic but lack information sufficient to form a belief as to the remaining allegations and therefore deny the same.

7. Answering paragraph 25, admit that agents of TCDHS were notified of plaintiff's positive drug test results but lack information sufficient to form a belief as to the remaining allegations and therefore deny the same. These answering defendants affirmatively state that plaintiff's consent for disclosure of this information was not needed pursuant to law. Deny any remaining conclusions of law.

8. Answering paragraph 26, admit that a guardian *ad litem* was appointed to represent plaintiff's unborn child but lack information sufficient to form a belief as to the remaining allegations and therefore deny the same.

9. Answering paragraph 27, lack information sufficient to form a belief as to the allegations contained therein and therefore deny the same. The document identified and filed as Dkt. No. 16-1 speaks for itself.

10. Answering paragraphs 28-29, lack information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

11. Answering paragraph 30, these answering defendants lack information sufficient to form a belief as to the allegations contained therein and therefore deny the same. The "Petition for Protection of Care of an Unborn Child" speaks for itself.

12. Answering paragraph 31, lack information sufficient to form a belief as to the allegations contained therein and therefore deny the same. The official court transcript from this August 5, 2014 telephonic hearing speaks for itself.

13. Answering paragraph 32, admit that Taylor County Court Commissioner held on August 5, 2014 a hearing on a "Petition for Protection of Care of an Unborn Child" and that the individuals identified in paragraph 33 were present for that hearing.

14. Answering paragraph 33, lack information sufficient to form a belief as the allegations contained therein and therefore deny the same. The official court transcript from this August 5, 2014 telephonic hearing speaks for itself.

15. Answering paragraphs 34-36, these defendants assert that the official court transcript from August 5, 2014 speaks for itself and hereby denies any allegations contained in these paragraphs that are inconsistent with that transcript.

16. Answering paragraph 37, these defendants lack information to form a belief as to the allegations contained therein and therefore deny the same. The Order entered by Court Commissioner Krug speaks for itself.

17. Answering paragraphs 38-39, these defendants lack information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

18. Answering paragraph 40, admit that plaintiff refused to submit to a blood test but lack information sufficient to form a belief as to the remaining allegations and therefore deny the same.

19. Answering paragraphs 41-43, lack information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

20. Answering paragraph 44, admit that a "Notice of Motion and Motion for Remedial Contempt" setting the stated hearing date was filed against plaintiff but lack information to form a belief as to the remaining allegations and therefore deny the same. The document identified in this paragraph speaks for itself.

21. Answering paragraph 45, admit that a Motion to Take Expectant Mother into Immediate Custody" was filed but lack information sufficient to form a belief as to the remaining allegations and therefore deny the same. The document identified speaks for itself.

22. Answering paragraph 46, the document identified speaks for itself.

23. Answering paragraphs 47-48, lack information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

24. Answering paragraphs 49-50, these defendants affirmatively state that the official court transcript from the August 25, 2014 hearing speaks for itself and deny any allegations contained therein that is inconsistent with the same. As to the factual allegations contained in these paragraphs, these defendants lack information sufficient to form a belief as to their truth and therefore deny the same.

25. Answering paragraphs 50-51, lack information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

26. Answering paragraphs 52-54, these defendants affirmatively state that the official court transcript from the September 4, 2014 hearing speaks for itself and deny any allegations contained herein that is inconsistent with the same. As to the factual allegations contained in these paragraphs, these defendants lack information sufficient to form a belief as to their truth and therefore deny the same.

27. Answering paragraph 55, these defendants affirmatively state that the documents identified therein speak for themselves and lack information sufficient to form a belief as to any remaining factual allegations contained in this paragraph and therefore deny the same.

28. Answering paragraph 56, these answering defendants lack information sufficient to form a belief as to the remaining allegations and therefore deny the same.

29. Answering paragraphs 57-68, these defendants lack information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

30. Answering paragraph 69, these defendants affirmatively state that the official court transcript for the September 22, 2014 hearing speaks for itself and deny any allegations contained therein that are inconsistent with that transcript.

31. Answering paragraph 70, lack information sufficient to form a belief as to the allegations contained therein and therefore deny the same. The document referenced therein speaks for itself.

32. Answering paragraph 71, these defendants affirmatively state that the document reference therein speaks for itself and deny any allegations inconsistent with the same.

33. Answering paragraph 72, these defendants affirmatively state that the document referenced therein speaks for itself and deny any allegations inconsistent with the same. These defendants also affirmatively state that any action taken on their part was done pursuant to and in compliance with current and valid State law.

34. Answering paragraph 73, admit that Fallos reviewed plaintiff's appeal of her child maltreatment finding and that her administrative finding speaks for itself. These defendants deny the remainder of the allegations contained therein.

35. Answering paragraph 74, admit that TCDHS withdrew the maltreatment finding against plaintiff but lack information sufficient to form a belief as to the remaining allegations and therefore deny the same.

36. Answering paragraph 75, lack information sufficient to form a belief as to the allegations contained therein and therefore deny.

37. Answering paragraph 76, these defendants deny that they deprived plaintiff of her rights. As for the remaining factual allegations, these defendants lack information sufficient to form a belief as to the same and therefore deny.

38. Answering paragraph 77, these defendants deny that they violated plaintiff's rights or that she sustained damage as a result of the same.

39. Answering paragraph 78, these defendants deny that they engaged in unconstitutional practices or are liable to plaintiff for monetary damages.

40. Answering paragraph 79, these defendants deny that they violated plaintiff's rights and/or that she sustained damage as a result of the same. As for the factual allegations contained therein, these defendants lack information sufficient to form a belief as the same and therefore deny.

41. Answering paragraphs 80-81, these defendants lack information to form a belief as to the allegations contained therein and therefore denies.

42. Answering paragraphs 82-87, these defendants deny that they violated plaintiff's rights, that the same was done pursuant to any county policy, or that she suffered the damages alleged.

## PARTIES

43. Answering paragraph 88, these defendants lack information to form a belief as to the allegations contained therein and therefore deny the same.

44. Answering paragraph 89, admit that Defendant Brad Schimel is the Attorney General of the State of Wisconsin and is responsible for execution and enforcement of state laws, but deny the remaining allegations because they are improper legal conclusions.

45. Answering paragraph 90, Admit that Defendant Eloise Anderson is the Secretary of the Department of Children and Families for the State of Wisconsin. These defendants lack information sufficient to form a belief as to the remaining factual allegations contained herein and therefore deny the same. And the defendants deny that Anderson was a state actor as that is an improper legal conclusion.

46. Answering paragraph 91, admit generally that Taylor County is responsible for implementing county level policies but affirmatively deny that it implemented any such policy concerning the allegations contained in plaintiff's complaint. Furthermore, these defendants deny the remaining improper legal conclusions contained in this paragraph.

47.     Answering paragraph 92, admit that Amber Fallos is the Agency Director of Taylor County Department of Human Services but deny that she is generally responsible for the development and implementation of county level policies or that she developed or implemented any such policy concerning the allegations contained in plaintiff's complaint. Furthermore, these defendants deny the remaining improper legal conclusions contained in this paragraph and affirmatively state that pursuant to the Court's prior Order the only claim remaining against Fallos is in her official capacity.

48.     Answering paragraph 93, admit that Liza Daleiden is the Deputy Director of Taylor County Human Services but deny that she is generally responsible for administration or implementation of county-level policies or practices or that she acted pursuant to or implemented any such policy concerning the allegations contained in plaintiff's complaint. Furthermore, these defendants deny the remaining improper legal conclusions contained in this paragraph and affirmatively state that pursuant to the Court's prior Order the only claim remaining against Daleiden is in her official capacity.

49.     Answering paragraph 94, admit that Julie Clarkson is the social worker employed by Taylor County Human Services but deny that she is generally responsible for administration or implementation of county-level policies or practices or that she acted pursuant to or implemented any such policy concerning the allegations contained in plaintiff's complaint. Furthermore, these defendants deny the remaining improper legal conclusions contained in this paragraph and affirmatively state that pursuant to the Court's prior Order the only claim remaining against Clarkson is in her official capacity.

50.     Answering paragraph 95, these defendants lack information sufficient to form a belief as to the allegations contained herein and therefore deny the same.

**JURISDICTION AND VENUE**

51.     Answering paragraphs 96-97, the allegations contained therein are legal conclusion to which no response is warranted. These defendants therefore deny for purposes of completeness.

## CAUSES OF ACTION

52. Answering paragraphs 98-102, deny.

## AFFIRMATIVE DEFENSES

53. The complaint fails to state a claim upon which relief can be granted.

54. The action should be dismissed because plaintiff lacks standing.

55. The action should be dismissed because there is no case or controversy.

56. The action is barred by the doctrines of issue or claim preclusion.

57. The action should be dismissed under the *Younger* abstention doctrine.

58. The defendants are entitled to good faith, qualified and absolute immunity from any remaining claims or allegations.

59. Plaintiff, upon information and belief, may have failed to mitigate her damages.

60. Plaintiff fails to state a claim against the County Defendants because she fails to identify, and cannot identify, any County policy, widespread practice, enactment or custom that resulted in her alleged constitutional deprivation.

61. The County Defendants were required by law and relied at all times on State statutes, practices, interpretations and customs. No individual defendant had policy-making authority on behalf of the County or agency.

62. The County Defendants acted at all times within the course and scope of their employment and in the course of their official duties.

63. These defendants incorporate by reference all affirmative defenses stated in Fed. R. Civ. P. 12(b) to preserve the same.

**WHEREFORE** these defendants request the following relief:

    a. Dismissal of plaintiff's Amended Complaint with prejudice;

    b. Defense costs and attorney's fees allowed by law; and

    c. Such other relief as this court deems proper.

Dated this 20th day of June, 2016.

                                             **LEIB KNOTT GAYNOR LLC**

                         By: */s/Douglas S. Knott*
                             Douglas S. Knott, SBN 1003889
                             Ryan M. Wiesner, SBN 1090647
                             Attorneys for Defendants Taylor County, Amber Fallos, Liza Daleiden and Julie Clarkson
                             219 N. Milwaukee Street, Suite 710
                             Milwaukee, WI 53202
                             Telephone: (414) 276-2102
                             Fax (414) 276-2140
                             Email   dknott@lkglaw.net
                                           rwiesner@lkglaw.net