# Exhibit 3



**City of Milwaukee**
**Health Department**  Bureau of Administration

Paul W. Nannis
Commissioner of Health

Seth L. Foldy, MD
Medical Director

Frank P. Zeidler Municipal Building, 841 North Broadway, Room 112, Milwaukee, WI 53202-3653   Phone (414) 286-3521   FAX (414) 286-5990

October 27, 1997

Representative Michael Huebsch
Assembly Committee on Children and Families
P. O. Box 8953
Madison, WI 53708

Dear Rep. Huebsch:

On the behalf of the City of Milwaukee Health Department, I wish to express our position opposing AB 463 and Substitute Amendment 1 because of the serious potential this bill has for reducing the length and quality of prenatal care in this state, thereby negatively affecting the health of mothers and children. I regret that I am not able to offer this testimony in person on October 30th.

As you know, this bill would expand the children's code to cover unborn children who are at the state of development such that they are likely to survive outside of the womb, and the Health Department has specific concerns relative to public health. These concerns are shared by public health experts nationwide.

Clearly alcohol and other drug abuse by expectant mothers is a hazard to the health of the fetus. However, there are effective programs which can be employed to address this problem. Women in need of such services should be aggressively directed to enroll in them by their physicians.

Our specific concerns with the bill include the following:
1. This act has the potential to cause mothers to conceal substance use from their health care providers, thus interfering with voluntary identification and treatment processes which the health care provider could assist the mother in obtaining.
2. This act may encourage mothers to delay or even avoid prenatal care entirely, thus introducing new and significant risks to the health of the mother and the child.
3. Restricting this act to alcohol and illicit drugs is arbitrary in the sense that tobacco and other substances are also harmful to the fetus. It opens a pandora's box in terms of potential enforcement challenges.



EXHIBIT 85
10/13/16

4. It is difficult to define adequately what "habitual use" and "substantial risk" mean in order to satisfy all parties, including health care providers who would be legally at-risk for not reporting. These terms are insufficiently defined within the act, and writing clear definitions may well be impossible.

5. Most of all, we are concerned that a criminal justice approach to maternal and child health issues is not the first and best alternative. Indeed it is destructive. Readily available alcohol and drug treatment for expectant mothers would be preferable to threatening mothers with incarceration and loss of parental rights.

Thank you for considering our position on this bill. Please do not hesitate to contact me or Dr. Seth Foldy, Medical Director, if you have any questions regarding this opinion.

Sincerely,

Paul W. Nannis
Commissioner of Health

/cm
cc: Alderman Wayne Frank, Chair, Judiciary and Legislation Committee
    Seth Foldy, MD, Medical Director, Milwaukee Health Department