# Exhibit 5

State Representative
# Bonnie L. Ladwig
63rd Assembly District



Assistant Majority Leader

## TESTIMONY OF REPRESENTATIVE BONNIE LADWIG
## IN SUPPORT OF ASSEMBLY BILL 463
### Assembly Committee on Children and Families
### October 30, 1997

As Senator Huelsman pointed out, Assembly Bill 463 is intended to address the specific problem of pregnant women who refuse to seek or accept treatment for severe alcohol and drug addiction.

Untreated and chronic abuse of alcohol and drugs during pregnancy is a severe public health problem. The devastating effects of this problem are felt by the thousands of disabled children born every year to alcohol- and drug-addicted women. Cocaine babies and children with fetal alcohol syndrome can be seen as abused children. Alcohol and drug abuse by a mother – during any part of her pregnancy – can cripple a child for life.

Unlike other disorders, the damage caused by alcohol and other drugs is preventable. The Wisconsin Department of Health and Family Services does not have any reliable figures on alcohol consumption during pregnancy, due to under-reporting by women who continue to drink during pregnancy. But a telling statistic comes from a recent Centers for Disease Control (CDC) study that showed Wisconsin does have the single highest reported rate in the nation of drinking by women of child-bearing age. The same CDC study also showed that the nationwide rate of drinking by pregnant women is increasing, not decreasing. The CDC also reports that, since 1979, the percentage of babies born in America with Fetal Alcohol Syndrome has increased six-fold.

This problem is getting worse, not better.

Abuse of drugs *other* than alcohol can also have a devastating effect on unborn children. Although the research in this area is less certain than that for alcohol, no one will dispute that the illegal consumption of drugs during pregnancy poses a substantial health risk to the unborn child.

According to the March of Dimes, cocaine use during pregnancy has been shown to be correlated with low birth weight, decreased head circumference, miscarriage, premature birth and cocaine addition for the baby upon birth.

Now, I know that there will be questions as to why AB 463 does not address *any and all* threats to pregnancy like tobacco or even poor nutritional habits. The simple answer is that we do not seek to solve every single substance-related or health-related threat to pregnancy. The fact that we are trying to solve this one problem does not obligate us to devise a solution to every problem. We are simply trying to solve one major problem.

-more-

Office Address: Post Office Box 8952 • Madison, Wisconsin 53708-8952 • (608) 266-9171 • Fax: (608) 264-8384
Toll-Free Legislative Hotline: 1 (800) 362-9472 • Rep.Ladwig@legis.state.wi.us
Home Address: 4616 Marcia Drive • Racine, Wisconsin 53405 • (414) 639-0081

Loertscher001732

Ladwig Testimony AB 463
October 30, 1997
page 2

Some who are opposed to this bill will say that the answer to the problem we have identified is simply increased government spending on treatment. But this proposed solution is not responsive to the problem we seek to address. Regardless of the merits of increased spending on treatment for women who want it, the problem we seek to address is not those pregnant women who voluntarily seek treatment and who accept it when available.

Rather, the problem we seek to address is pregnant women with addictions, women who refuse under any and all circumstances to seek treatment and who even refuse it when it is offered to them – women such as Deborah Zimmerman and Angela M.W..

Another objection sure to be raised today concerns the fact that AB 463 expands the Children's Code mandatory reporting requirements to unborn child abuse due to alcohol and drug abuse. Please keep in mind that these objections are the very same objections raised by certain experts back when we first required physicians, nurses, social workers and other professionals to report physical and sexual abuse of children.

Back then, these experts said that parents who abused their children would no longer take their children to the doctor because they might be turned in. Or they said we should not stigmatize these parents, these parents were somehow not responsible for their abusive behavior.

Well, as far as I know, no one today suggests that doctors should not be required to report abusive parents. And certain behaviors should be stigmatized – certainly none more so than child abuse.

No one here today will dispute the devastating effects of severe alcohol and drug abuse during all stages of pregnancy. Assembly Bill 463 offers an effective mechanism for getting addicted mothers into treatment and preventing serious physical injury to their unborn children. Assembly Bill 463 does not punish these women. It provides them with the care and treatment they need and that they are too ill to seek for themselves.

Let's take this first step to help end the tragedy of alcohol- and drug-damaged children.

Loertscher001733