# Exhibit 6



# Joanne B. Huelsman
## WISCONSIN STATE SENATOR

### TESTIMONY OF SENATOR JOANNE B. HUELSMAN

### IN SUPPORT OF ASSEMBLY BILL 463

#### Before the Assembly Committee
#### on Children and Families

#### October 30, 1997

Chairman Huebsch and committee members, thank you for this opportunity to testify in support of Assembly Bill 463.

I will be addressing a few of the legal issues involved. Representative Ladwig will then address some of the medical issues. Neither of us will be going into great detail because there are both legal and medical experts here representing both sides of the issue, experts who are more capable than either of us at addressing the complicated issues involved here.

Assembly Bill 463 is first-of-its kind legislation. We started from scratch when we drafted this bill. We do not pretend that it is a perfect bill, but we do believe it is a very good bill.

Assembly Bill 463 is very complicated legislation intended to address an issue that is vexing, both legally and medically. None of the legal or medical issues here are simple. That is the reason for the bill's complexity.

We introduced this bill to address a seemingly intractable problem: what should society do about women who are pregnant, who have every intention of bringing their pregnancy to term, and who repeatedly refuse to seek treatment for severe and chronic alcohol or drug abuse, or who even refuse such treatment when it is offered to them?

That is the problem we seek to address. We believe our bill offers some valuable, if admittedly partial, solutions.

Legal and medical opinions about how we should address chronic, severe and untreated alcohol and drug abuse during pregnancy run the entire political spectrum.

At one end of the spectrum are those who are completely opposed to this bill. At worst, they believe that our response to the specific problem we have identified should be this: Do Nothing.

STATE CAPITOL: P.O. Box 7882, Madison WI 53707-7882 • 608-266-2635
WAUKESHA: 235 W. Broadway, Suite 210, Waukesha WI 53186-4832 • 414-521-5010 or 414-521-5165
Toll-free Legislative Hotline: 1-800-362-WISC (9472)



Loertscher001734

At the other end of the spectrum are those who wish to expand the bill beyond its current scope and bring within its regulation the entire pregnancy rather than the last third of pregnancy.

Assembly Bill 463 stands squarely between these two polar opposites. It is a moderate and balanced solution to a complex and vexing problem. The bill is sponsored by a diverse coalition of legislators, pro-life and pro-choice, Republicans and Democrats.

In the interest of time, I will describe the bill in general terms. Two weeks ago, a very detailed Legislative Council staff memo describing the substitute amendment was distributed to all committee members. The memo was prepared by the committee staff attorney, Anne Sappenfield.

First of all, the intent of this bill is two-fold. First, it is intended to prevent serious physical harm to unborn children – and to the children when born – caused by severe, chronic and untreated alcohol or drug abuse by the expectant mother. Second, it is intended to provide care and treatment to addicted, expectant mothers who, for whatever reason, have refused to seek or accept treatment.

Assembly Bill 463, like the entire Children's Code, is remedial in nature. It provides no punishment or criminal sanctions. Anyone who tells you that this bill punishes women must not have read it or must not understand the purpose of the Children's Code.

Under AB 463, child protection officials would be able to file a court petition under the CHIPS law, asking the court to order a woman with a viable pregnancy into alcohol or drug abuse counseling, if it can be proven in court that the expectant mother's chronic and severe abuse of alcohol or drugs creates a substantial risk of serious physical injury to her unborn child and to the child when born.

In extreme and urgent cases, such as the well-publicized Angela M.W. case that occurred in Waukesha, the court would have the option of ordering the expectant mother into an inpatient treatment center.

I want to address a few of the major objections that I know will be raised today.

First, why does the bill only apply after fetal viability? I want to say a few words on that, but I'm going to leave the more complicated legal arguments on this point to Bill Domina, who litigated the Angela M.W. case for Waukesha County, and to the memo from David Stute to Representative Jensen and Representative Ladwig, which has been distributed to you.

In his memo, Mr. Stute concludes that the constitutionality of any effort to apply the provisions of this bill prior to fetal viability is "*highly doubtful.*" Specifically, he states:

Loertscher001735

"In the situation addressed by the proposed amendment to the Substitute Amendment, the issue is whether, prior to viability, the state's interest in unborn human life is such as to effectively regulate specific conduct, under threat of loss of physical liberty by application of provisions of the Children's Code. . . . It appears *unlikely* that a court would hold that the state's interest in unborn human life is sufficient to justify the burden placed on the mother to conform her previability behavior and actions to that implicitly require by the Substitute Amendment, under pain of deprivation of personal liberty."

We are as concerned as anyone about the devastating harm caused by alcohol and drugs prior to viability. But we want a bill that has a decent chance of being upheld in court. We also want a bill that has a decent chance of passing this legislature. Even in its current, moderate form, this bill faces a very tough road in the Senate. It serves no purpose to pass a bill that is likely to fail either in the other house of the legislature or in the courts.

I would like to find a way – a way that will hold up in court – to help addicted, expectant mothers prior to viability. I just don't think current constitutional law will allow us to do that in this bill.

However, I do think there is a limited way that AB 463 will help even prior to viability. By knowing that they could eventually come under the jurisdiction of the juvenile courts once their pregnancy is viable, pregnant women who severely abuse alcohol or drugs have a powerful incentive to get their problem under control as soon as possible.

One final objection sure to be raised is that AB 463 somehow violates the constitutional rights of the expectant mother.

AB 463 furthers the compelling state interest recognized by the U.S. Supreme Court in Roe v. Wade and affirmed in Casey: protecting the health and life of the viable, unborn child. AB 463 has been narrowly tailored to further that compelling state interest. It accords substantial protections to guard the constitutional rights of the expectant mother.

The burden of proof rests at all times with the government. The mother must be released from custody as soon as possible and into the least restrictive environment possible. An expectant mother who is to be held in custody must be accorded a full court hearing within 48 hours. The expectant mother is entitled to representation by counsel and is entitled to a public defender if she is indigent.

Assembly Bill 463 offers a unique and perhaps unprecedented opportunity for people who are pro-life and people who are pro-choice to find common ground and unite on an issue that will improve the health of the children of our state. I ask you to give this bill your support.