IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAMARA M. LOERTSCHER,

    Plaintiff,

v.                                  Case No. 14-cv-870

BRAD D. SCHIMEL, et al.,

    Defendants.

---

**STATE DEFENDANTS' MOTION TO RECONSIDER TEXT ORDER GRANTING MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE**

---

The State Defendants, Eloise Anderson and Brad Schimel, move the Court to reconsider its November 14, 2016, text order granting the motion for leave to file the brief of amici curiae. (Dkt. 175.)

On November 10, 2016, the American College of Obstetricians and Gynecologists, American Society of Addiction Medicine, and American Public Health Association moved for leave to participate as amici curiae in this facial challenge to 1997 Wis. Act 292 ("the Act"). (Dkt. 175.) Before the State Defendants were able to respond, this Court granted the motion in a text order dated November 14, 2016. The State Defendants now move the Court to reconsider that text order. Amici's brief is duplicative of Plaintiff's brief, and it otherwise relies on expert evidence that has not been properly

disclosed under this Court's schedule or vetted by the discovery process and is, therefore, prejudicial to the State Defendants.

"There is no inherent right to file an *amicus curiae* brief with the Court." *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999). "The extent to which the court permits or denies *amicus* briefing lies solely within the court's discretion." *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007). The district court's authority is derived from Fed. R. App. P. 29. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008).

"The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). An amicus is to be a friend of the court, not a friend of a party. *Id*. "When the party seeking to appear as *amicus curiae* is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear *amicus curiae* should be denied." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993).

An amicus brief should only be allowed when (1) a party is not represented competently or is not represented at all; (2) when the amicus has

2

an interest in some other case that may be affected by the decision in the present case; or (3) when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. *Ryan*, 125 F.3d at 1063. Amici cannot meet this standard.

Amici have not asserted that Plaintiff is not competently represented by counsel. Indeed, Plaintiff is represented by at least ten attorneys from three separate organizations. Nor have amici stated that they have an interest in some other case that may be affected by this case. Instead, amici assert that their brief should be allowed because they are "recognized experts in fetal, neonatal, and maternal health, and in the effects of drugs and other substances on public health and families." (Dkt. 175:3.) They claim that this "expertise . . . can assist the Court beyond what the parties are able to do." (Dkt. 175:3.) This is not sufficient reason to permit their brief.

Amici's legal and policy arguments are largely duplicative of Plaintiff's brief. Both amici and Plaintiff argue that the Act interferes with fundamental rights of expectant mothers. Both argue that strict scrutiny is the applicable test for such a regulation. (Dkt. 175:19–20; 177:40–57.) Then, both amici and Plaintiff advance two policy arguments. They argue that (1) the risk of prenatal drug and alcohol exposure to fetal health has been greatly overstated (Dkt. 175:24–28; 177:50–54); and (2) the Act—and laws like the Act—discourage expectant mothers from seeking prenatal care and

3

substance abuse treatment and are, therefore, detrimental to maternal and fetal health. (Dkt. 175:21–24, 28–34; 177:54–57.) Amici have not demonstrated that they possess unique insight that was unavailable to Plaintiff and will affect the outcome of the dispute.

While amici's arguments are the same as Plaintiff's, the evidence they use to support those arguments is not. Plaintiff relies on opinions and articles offered by her five experts, all of whom provided written reports and were deposed by State Defendants. Amici, in contrast, cite to articles and policy statements, most of which were not relied upon by any expert in this case. (Dkt. 153; 154; 155; 156; 158; 160; 171; 172; 173.) This is a back-door attempt to introduce untimely expert testimony that the State Defendants have not had an adequate opportunity to address through the discovery process.

Amici cannot introduce expert testimony through publications that are improper hearsay and that have not been subject to the adversarial process. *See* Fed. R. Evid. 803(18) (statements contained in a treatise, periodical, or pamphlet are an exception to hearsay if the statement is called to the attention of or relied on by an expert, and the publication is established as reliable); Fed. R. Civ. P. 26(a)(2)(A) ("a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony); Fed. R. Civ. P. 26(a)(2)(B) (retained experts must provide a written report). If Plaintiff wished to rely upon these publications, she could

have introduced them through her experts. Indeed, several of Plaintiff's experts are members of the amici organizations and are familiar with their positions. (Dkt. 153:5–6, 13; 156-1:2–3; 160-1:3.)

Further, amici's "expertise" is applied to a one-sided version of the facts drawn entirely form Plaintiff's amended complaint and brief in support of motion for preliminary injunction. (Dkt. 175:15–17.) This further demonstrates that amici's brief is not appropriate at the trial level. *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985) ("At the trial level, where issues of fact as well as law predominate, the aid of *amicus curiae* may be less appropriate than at the appellate level . . . ."). Amici do not provide the Court with an unbiased account of the facts or law. Their brief does little more than extend the length of Plaintiff's brief and supplement her expert reports, thereby placing State Defendants at a clear disadvantage. If Plaintiff believed that other expert evidence was appropriate to support her case, in addition to the five experts she did disclose, she needed to timely identify them and disclose their reports so that they could be vetted through the litigation process. Therefore, this Court should reconsider its decision to grant the motion for leave to file the brief of amici curiae.

**CONCLUSION**

The State Defendants ask this Court reconsider its November 14, 2016, text order granting the motion for leave to file the brief of amici curiae.

Dated this 23rd day of November, 2016.

        BRAD D. SCHIMEL
        Wisconsin Attorney General


        <u>/s/ Karla Z. Keckhaver</u>
        KARLA Z. KECKHAVER
        Assistant Attorney General
        State Bar #1028242

        JODY J. SCHMELZER
        Assistant Attorney General
        State Bar #1027796

        JENNIFER L. VANDERMEUSE
        Assistant Attorney General
        State Bar #1070979

        Attorneys for Defendants
        Brad D. Schimel and Eloise Anderson

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6365 (KZK)
(608) 266-3094 (JJS)
(608) 266-7741 (JLV)
(608) 267-2223 (Fax)
keckhaverkz@doj.state.wi.us
schmelzerjj@doj.state.wi.us
vandermeusejl@doj.state.wi.us