# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAMARA M. LOERTSCHER,

    Plaintiff,

v.                              Case No. 14-cv-870

BRAD SCHIMEL, *et al.*,

    Defendants.

---

## DEFENDANTS' RESPONSE TO
## FIRST SET OF INTERROGATORIES

---

Pursuant to Federal Rule of Civil Procedure 33 and the joint Rule 26(f) Report and Discovery Plan dated January 22, 2014, Brad Schimel and Eloise Anderson respond to the plaintiff's First Set of Interrogatories as follows.

### GENERAL OBJECTIONS

The State defendants OBJECT to the instructions and definitions contained in plaintiffs' first request for interrogatories because they create obligations greater than or different from those established by the Federal Rules of Civil Procedure. These definitions and instructions create multiple requirements for each request, along with multiple requirements for individual words utilized within each request. This creates complex questions that are overly burdensome to decipher. The state defendants will answer these interrogatories consistent with their obligation under Fed. R. Civ. P. 33.

The State defendants FURTHER OBJECT to plaintiff's definition of "Defendants," "you," "your," and "yourself" as overly broad, overly burdensome, vague, and ambiguous. The definitions include any "related organizations, municipalities, or agencies, past or present, including, without limitation, the officers, employees, agents, or attorneys thereof," which is unclear when applied to these defendants. Furthermore, the Department of Children and Families (DCF) has approximately 800 employees, and the Department of Justice (DOJ) has approximately 675 employees. Including past employees for an unspecified period of time increases those numbers exponentially. It is unrealistic, overly burdensome, and disproportionate to the needs of this case to require responses from all past and present DCF and DOJ employees.

## INTERROGATORY

### INTERROGATORY NO. 1:

For each action brought in any Wisconsin county under 1997 Wisconsin Act 292, codified at, *inter alia*, Wis. Stat § 48.133 *et seq.*, including, but not limited to, proceedings under Wis. Stat. § 48.193, provide the following information:

- a. The date the action was filed;
- b. The court the action was filed in;
- c. The case number of the action;
- d. The identity of the person against whom the action was brought;
- e. The identity of the guardian ad litem assigned to represent the fetus, if any;
- f. The date the action was closed, if any;
- g. Whether the person against whom the action was brought was taken into custody or otherwise ordered into an out of home placement;
- h. Whether the action was the basis for an administrative determination of child maltreatment;
- i. The disposition of the action.

**RESPONSE TO NO. 1:** The State defendants OBJECT to this request for the reasons stated in the General Objections.

The State defendants FURTHER OBJECT to this request on the grounds that the phrase "each action brought in any Wisconsin county" is vague and ambiguous and not readily known by these answering defendants. It is vague as to time with no discernible beginning and end date. It is also vague and ambiguous because it is not clear whether this phrase includes only county court actions, administrative hearings, and/or both. The State defendants do not have complete or accurate records of either type of proceedings to enable them respond to this request—such information is recorded and maintained by the individual county courts and/or individual county agencies. The information that is in the custody and control of the State defendants about proceedings brought under 1997 Wisconsin Act 292 ("the Act") is contained in the Wisconsin Statewide Automated Child Welfare Information System (eWiSACWIS) databank, which is maintained by DCF. Information on eWiSACWIS concerning proceedings under the Act is entered by individual county agencies. Some county agencies started using eWiSACWIS in approximately 2002, but all counties were not on eWiSACWIS until 2006. Different county agencies report information into eWiSACWIS in different ways, and there is no keyword search function. There is no field or element in eWiSACWIS that documents placement of expectant mothers. And there is no requirement to keep the court information contained in this request in eWiSACWIS, as the practice of court-related record keeping is left to the individual county agencies. Notwithstanding and without waiving any of the objections asserted above, there

have been **999** records from 2006 to the present that have an Initial Assessment disposition in which a worker documented the intention to open a proceeding under the Act. Of those:

- **548** records of cases opened where petitions may have been recommended;
- **122** records of cases opened where voluntary services were recommended;
- **203** records where petitions may have been recommended in cases already open (i.e., where the mother was already receiving child welfare services);
- **24** records where voluntary services were recommended in cases already open;
- **78** records of cases opened within the Bureau of Milwaukee County Welfare (BMCW) Intensive In-Home Services Program; and
- **24** records of cases that were recommended to be opened for child welfare services.

However, these numbers may not accurately reflect the proceedings because cases where petitions were filed could have changed during the course of the proceedings to where voluntary services were ultimately provided, and vice versa, and eWISACWIS would not necessarily reflect these changes.

The State defendants FURTHER OBJECT to (a), (b), (c), (d), (e), (f), (g), (h), and (i) of this interrogatory on the grounds that it is overly burdensome and because the burden or expense of responding to these requests outweighs its likely benefits in the case. As was noted above the only information the State defendants would have to respond to these requests is (1) contained in eWiSACWIS; and (2) contained in paper files for BMCW cases where DCF provided direct child welfare services. The only way to gather any of the information requested in (a), (b), (c), (d), (e), (f), (g), (h), and (i) of this interrogatory is to do an eWiSACWIS records review to determine what information has been documented in various narrative sections of case notes, court reports, Initial Assessments, case plans, or scanned into

- 4 -

eWiSACWIS for each unborn child abuse case. The various narratives could be as many as hundreds of pages in some cases. It's estimated that the review of eWiSACWIS records, including the work required to document answers and print relevant records (as requested in Document Request No. 3) would require an average of 90 minutes per case. The physical search of BMCW paper case files to document answers and copy relevant information would require an additional 90 minutes per case, not including travel, or other logistical considerations. Applying this estimate to the **999** cases that have been found as implicating the Act since 2006, it is estimated to take **1,791 hours** (or 11.2 months, assuming a 40-hour work week for one employee) to sufficiently review these eWiSACWIS records, and eWiSACWIS and paper files for Milwaukee County cases. Notwithstanding and without waiving all of the above objections, spreadsheets documenting screening decisions for access reports which at least one allegation of unborn child abuse; documenting initial access case details; and documenting when an administrative determination of child maltreatment in a case involving an unborn child was appealed, and whether the appeal was upheld are contained in the "Interrogatory 1" folder on the attached disc.

The State defendants FURTHER OBJECT to this interrogatory because it seeks information that is confidential and cannot be disclosed under state and federal law. *See,* Wis. Stat. §§ 48.396(2), 48.78, 48.981(7), 51.30, and 146.82; Health Insurance Portability and Accountability Act of 1996 (HIPAA), 65 Fed. Reg. 82, 462 (codified at 45 C.F.R. pts. 160 & 164); and 42 CFR Part 2. Notwithstanding and

without waiving any of the objections asserted above, Ms. Loertscher's eWiSACWIS records are contained in the "Interrogatory 1" folder on the attached disc—the Court has already determined that these records are not confidential under state and federal law for purposes of this case.

As to Responses to Interrogatories:

_____
LAURA KNOTT
Program & Policy Analyst – Advanced
Child Welfare Policy Program Section
Bureau of Safety and Well-Being
Department of Children and Families

Subscribed and sworn to before me
This 2nd day of March, 2016.

_____
Notary Public, State of Wisconsin
My commission expires: My commission is permanent.

As to objections:

Dated this 2nd day of March, 2016.

BRAD D. SCHIMEL
Attorney General

_____
KARLA Z. KECKHAVER
Assistant Attorney General
State Bar #1028242