# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAMARA M. LOERTSCHER,

    Plaintiff,

v.                      Case No. 14-cv-870

BRAD SCHIMEL, *et al.*,

    Defendants.

---

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Brad Schimel and Eloise Anderson do hereby respond to Plaintiff's First Request for Production of Documents, dated February 1, 2016.

### GENERAL OBJECTIONS

The State defendants object to producing documents protected from disclosure by the attorney-client privilege and the work product doctrine. These documents will not be produced intentionally in response to any request, and any inadvertent production thereof should not be deemed a waiver of any privilege or protection with respect to these documents.

The State defendants FURTHER OBJECT to plaintiff's definition of "Defendants," "you," "your," and "yourself" as overly broad, overly burdensome, vague, and ambiguous. The definitions include any "related organizations, municipalities, or agencies, past or present, including, without limitation, the

officers, employees, agents, or attorneys thereof," which is unclear when applied to these defendants. Furthermore, the Department of Children and Families (DCF) has approximately 800 employees, and the Department of Justice (DOJ) has approximately 675 employees. Including past employees for an unspecified period of time increases those numbers exponentially. It is unrealistic, overly burdensome, and disproportionate to the needs of this case to require responses from all past and present DCF and DOJ employees.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to communications between the Wisconsin Department of Children and Families and any county or county official, including but not limited to Defendant Taylor County, regarding 1997 Wisconsin Act 292, codified at, *inter alia*, Wis. Stat. § 48.133 including, but not limited to the communications themselves.

**RESPONSE TO NO. 1:** The State defendants OBJECT to this request for the reasons stated in the General Objections.

The State defendants FURTHER OBJECT to this request on the grounds that it is vague as to time with no discernible beginning and end date. This request is also vague and ambiguous as to what is meant by "the Wisconsin Department of Children and Families," as this is an entity that cannot, in and of itself, communicate—this is done through its individual employees.

The State defendants FURTHER OBJECT to this request on the grounds that it is overly broad, overly burdensome, and because the burden or expense of responding to these requests outweighs its likely benefits in the case. Assuming

"the Wisconsin Department of Children and Families" is to include its employees, such communications between them and county officials regarding 1997 Wisconsin Act 292 ("the Act") that are in the possession of the State defendants would be in the form of emails from DCF employees. Each email would have to be reviewed to determine if it was with a county official. A search of the email accounts for 23 DCF employees in 2014 and 22 employees in 2015[1] utilizing the search terms "unborn," "UCHIPS," "48.133," "48.135," "48.193," "48.203," "48.213," and/or "48.347" yielded **6,797** results for 2015, and **3,358** results for 2014. These 23 DCF employees are:

**Secretary's Office:**
    Eloise Anderson - Secretary
    Randall Keys - Chief Legal Counsel, Office of Legal Counsel
    Therese Durkin - Attorney, Office of Legal Counsel
    Sarah Henery - Attorney, Office of Legal Counsel
    Barbara Reinhold - Attorney, Office of Legal Counsel

**Division of Safety and Permanence:**
    Fredi-Ellen Bove - Administrator, Division of Safety and Permanence
    John Elliot - Deputy Administrator, Division of Safety and Permanence

**Division of Safety and Permanence – Bureau of Safety and Well-Being:**
    Michelle Rawlings – Director, Bureau of Safety and Well-Being
    Emily Erickson – Section Chief, Child Welfare Policy Program Section, Bureau of Safety and Well-Being
    Laura Knott – Program & Policy Analyst – Advanced, Child Welfare Policy Program Section, Bureau of Safety and Well-Being
    Serena Breining – Program & Policy Analyst – Advanced, Child Welfare Policy Program Section, Bureau of Safety and Well-Being
    Autumn Knudtson (2014 only) – Human Services Supervisor, Child Welfare Policy Program Section, Bureau of Safety and Well-Being
    Tara Sommersberger-Schneeberg – Program & Policy Analyst – Advanced, Child Welfare Policy Program Section, Bureau of Safety and Well-Being

**Division of Milwaukee Child Protective Services:**
    Mary Pat Bohn – Deputy Administrator – DCF Manager, Division of Milwaukee Protective Services
    Tara Muender – Section Chief IA Program Manager, Professional Development Section
    Lee Johnson – Section Chief Human Services Supervisor, Access Section

---

[1] These DCF employees were determined most likely to be involved in and/or receiving communications regarding the Act.

**Division of Management Services – Bureau of Regional Operations:**
    John Tuohy – Director, Bureau of Regional Operations
    Audrey Roecker - DCF Program Supervisor Section Chief, Western Office – Bureau of Regional Operations
    Sue Matczynski – Human Services Area Coordinator-Child Welfare, Northeastern Office – Bureau of Regional Operations
    Zachary Todd – Human Services Area Coordinator-Child Welfare, Western Office – Bureau of Regional Operations
    Christene Hegewald - Human Services Area Coordinator-Child Welfare, Norther Office – Bureau of Regional Operations
    Tonja Fischer – DCF Program Supervisor – Northern Office – Bureau of Regional Operations
    Teresa Steinmetz – DCF Program Supervisor – Northern Office – Bureau of Regional Operations

Allowing for 5 minutes to review, ascertain responsiveness, potentially redact confidential information concerning third parties, and produce the email in a responsive form (place in the appropriate computer folder to be copied to a disc), this would require approximately **567 hours** (or 3.5 months, assuming a 40-hour work week for one employee) of review of the 2015 emails for these 22 DCF employees, and approximately **279 hours** (or 1.7 months, assuming a 40-hour work week for one employee) of review of the 2014 emails for these 23 DCF employees. Adding search terms and/or more DCF employee names to search would increase the amount of time required to respond to this request.

The State defendants FURTHER OBJECT to this request because it seeks information that is confidential and cannot be disclosed under state and federal law. *See,* Wis. Stat. §§ 48.396(2), 48.78, 48.981(7), 51.30, and 146.82; Health Insurance Portability and Accountability Act of 1996 (HIPAA), 65 Fed. Reg. 82, 462 (codified at 45 C.F.R. pts. 160 & 164); and 42 CFR Part 2. Notwithstanding and without waiving any of the objections asserted above, emails between DCF employee Therese Durkin and Taylor County officials concerning Ms. Loertscher

are contained in the "RPD #1" folder on the attached disc—the Court has already determined that these records are not confidential under state and federal law for purposes of this case.

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to 1997 Wisconsin Act 292, codified at, *inter alia*, Wis. Stat § 48.133 authored, distributed, prepared, approved, or otherwise provided by the Wisconsin Department of Children and Families.

**RESPONSE TO NO. 2:** The State defendants OBJECT to this request for the reasons stated in the General Objections.

The State defendants FURTHER OBJECT to this request on the grounds that it is vague as to time with no discernible beginning and end date. This request is also vague and ambiguous as to what is meant by "the Wisconsin Department of Children and Families," as this is an entity, and documents that are "authored, distributed, prepared, approved, or otherwise provided" are accomplished through its individual employees.

The State defendants FURTHER OBJECT to this request on the grounds that it is overly broad, overly burdensome given the fact that DCF has approximately 800 employees, and because the burden or expense of responding to these requests outweighs its likely benefits in the case. To the extent this request can be interpreted to include the emails, *see* response to Request 1. Notwithstanding and without waiving any of the previous objections, *see* documents included in the "RPD #2" folder on the attached disc. Furthermore, notwithstanding and without waiving any of the previous objections, an electronic search of

computer hard drives of 8 DCF employees[2] was done utilizing the search terms "unborn" and "UCHIPS." These 8 DCF employees are:

**Secretary's Office:**
    Therese Durkin - Attorney, Office of Legal Counsel

**Division of Safety and Permanence:**
    Fredi-Ellen Bove - Administrator, Division of Safety and Permanence
    John Elliot - Deputy Administrator, Division of Safety and Permanence

**Division of Safety and Permanence – Bureau of Safety and Well-Being:**
    Michelle Rawlings – Director, Bureau of Safety and Well-Being
    Emily Erickson – Section Chief, Child Welfare Policy Program Section, Bureau of Safety and Well-Being
    Laura Knott – Program & Policy Analyst – Advanced, Child Welfare Policy Program Section, Bureau of Safety and Well-Being
    Serena Breining – Program & Policy Analyst – Advanced, Child Welfare Policy Program Section, Bureau of Safety and Well-Being
    Paula Brown – Human Services Program Coordinator – Senior, Prevention & Integrated Child Welfare Services, Bureau of Safety and Well-Being

The State defendants continue to receive and review documents found as a result of this search and will supplement this response within 10-days.

The State defendants FURTHER OBJECT to this request because it seeks information that is confidential and cannot be disclosed under state and federal law. *See,* Wis. Stat. §§ 48.396(2), 48.78, 48.981(7), 51.30, and 146.82; Health Insurance Portability and Accountability Act of 1996 (HIPAA), 65 Fed. Reg. 82, 462 (codified at 45 C.F.R. pts. 160 & 164); and 42 CFR Part 2. Notwithstanding and without waiving any of the objections asserted above, Ms. Loertscher's eWiSACWIS records are contained in the "Interrogatory 1" folder on the attached disc, as well as emails between DCF employee Therese Durkin and Taylor County officials

---

[2] These DCF employees were determined most likely to be involved in authoring, distributing, preparing, approving, or otherwise providing information regarding the Act on behalf of DCF.

concerning Ms. Loertscher in the "RPD #1" folder on the attached disc—the Court has already determined that these records are not confidential under state and federal law for purposes of this case.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to all proceedings related to all actions brought in Wisconsin under 1997 Wisconsin Act 292, codified at, *inter alia*, Wis. Stat § 48.133 *et seq.*, including, but not limited to, proceedings under Wis. Stat. § 48.193, such documents to include petitions, hearing transcripts, case files, orders (including, but not limited to, orders for contempt and/or custody, orders for out of home placements), memoranda, and appointments of guardians ad litem.

**RESPONSE TO NO. 3:** The State defendants incorporate and adopt as if fully stated herein their objections and response to Interrogatory 1 and Request 1.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to communications between any Defendant and any court regarding 1997 Wisconsin Act 292, codified at, *inter alia*, Wis. Stat § 48.133 *et seq.*, including, but not limited to, notices of actions, data regarding enforcement, and memoranda.

**RESPONSE TO NO. 4:** The State defendants OBJECT to this request for the reasons stated in the General Objections.

The State defendants FURTHER OBJECT to this request on the grounds that it is vague as to time with no discernible beginning and end date.

The State defendants FURTHER OBJECT to this request on the grounds that it is overly broad, overly burdensome, and because the burden or expense of responding to these requests outweighs its likely benefits in the case. DCF employees would only communicate with courts regarding proceedings under the

Act in Milwaukee County cases. In Milwaukee County, there have been 195 cases from 2006 to the present that have an Initial Assessment disposition in which a worker documented the intention to open a proceeding under the Act. It is estimated that it would take 90-minutes to review the eWiSACWIS databank for each of these cases, as well as an additional 90-minutes to review the paper case files and copy/scan documents to adequately respond to this request. This would amount to **585 hours** (or 3.7 months, assuming a 40-hour work week for one employee).

The State defendants FURTHER OBJECT to this request because it seeks information that is confidential and cannot be disclosed under state and federal law. *See,* Wis. Stat. §§ 48.396(2), 48.78, 48.981(7), 51.30, and 146.82; Health Insurance Portability and Accountability Act of 1996 (HIPAA), 65 Fed. Reg. 82, 462 (codified at 45 C.F.R. pts. 160 & 164); and 42 CFR Part 2.

Dated this 2nd day of March, 2016.

                              BRAD D. SCHIMEL
                              Attorney General

                              KARLA Z. KECKHAVER
                              Assistant Attorney General
                              State Bar #1028242