IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAMARA M. LOERTSCHER,

    Plaintiff,

 v.                    ORDER

ELOISE ANDERSON, BRAD D. SCHIMEL, and    14-cv-870-jdp
TAYLOR COUNTY,

    Defendants.

---

On May 17, 2017, the court held an evidentiary hearing on the State defendants' motion to stay the court's injunction and ruling pending appeal. Dkt. 242. For reasons stated more fully on the record at the hearing, and summarized briefly here, the court will deny the motion.

"The standard for granting a stay pending appeal mirrors that for granting a preliminary injunction." *In re A & F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014). In brief, the court considers the likelihood of success on the merits, the irreparable harm that each side stands to incur, and the public's interest in the outcome. Here, the public interest and the irreparable harm considerations coincide, because the State defendants are not seeking to protect their own interests, but those of expectant mothers and the public as a whole.

As for success on the merits, I decided that the Act is unconstitutionally vague, for reasons explained in my April 28, 2017 opinion and order. Dkt. 240. I do not believe that the vagueness issue was a close call. Nevertheless, for the purpose of this motion, I will afford the State defendants the benefit of the doubt and deem them to have made an adequate

showing on the merits. The real question is whether the State defendants have made the requisite showing of irreparable harm. They have not.

The State defendants ask, first, for a complete stay of the injunction, which would leave in place the UCHIPS petition process, by which an expectant mother may subject to the jurisdiction of a juvenile court, which can take her into custody and compel her to undergo involuntary in-patient drug or alcohol treatment. The State defendants supported their motion with only one witness, Laura Baker, the initial assessment supervisor of the Drug Affected Infant/Unborn Child Abuse Unit of the Child Protective Services agency in Milwaukee County. According to Ms. Baker, the UCHIPS petition process is almost never invoked in Milwaukee—treatment and services are almost always provided by agreement with the expectant mother. Ms. Baker described only one extreme case in which a court order was needed to compel in-patient treatment. Dkt. 243, ¶ 9. But against this rare example, plaintiff adduced the testimony of Dr. Kathy Hartke, professor of Obstetrics and Gynecology at the University of Wisconsin Medical School. Dr. Hartke's unrebutted testimony was that it was the consensus of the medical community that coercive drug treatment discourages expectant mothers with substance abuse issues from getting prenatal care.

Whether the Act is sound public health policy is a question for the legislature in the first instance. But in considering this request for a stay pending appeal, the State defendants have the burden to convince me that the injunction against the Act will cause greater harm than the requested stay, which would leave the Act in place. I find that the State defendants have not made that showing. The UCHIPS petition process discourages expectant mothers with substance abuse issues from seeking prenatal care, and thus it poses a substantial risk to public health. And because of the vagueness of its jurisdictional and substantive standards, it

poses a severe risk of inconsistent and unwarranted enforcement against expectant mothers with only modest substance abuse issues, as Loertscher's case demonstrates. The State defendants informed the court that statewide there are 25 UCHIPS petitions pending, but it declined to provide any information about the cases. (Presumably the one extreme case cited by Ms. Baker is one of these.) Based on this information, I can infer that the UCHIPS petition is an option rarely used, but I have no way of telling whether the pending cases involve expectant mothers who are so resistant that compelled in-patient treatment is the only effective option, or whether they are cases like Loertscher's that involve only modest drug use. The bottom line is that the State defendants have failed to convince me that enjoining UCHIPS petitions will pose serious or widespread injury to expectant mothers or their children, whereas the Act poses substantial risks to the rights of expectant mothers and to the health of expectant mothers and their children.

In the alternative, if I am unwilling to stay my injunction in full, the State defendants ask me to limit the injunction to allow county CPS agencies to continue to provide case management services to expectant mothers on a voluntary basis. Once again, the State defendants have failed to show that irreparable harm would result if I were to enjoin CPS agencies from providing what the State defendants call "voluntary" services. Even under the Act, CPS agencies did not directly provide treatment services; they referred expectant mothers to other providers in the community, such as CARS, Meta House, and UCC in Milwaukee. Those providers are still available, as the State defendants concede: "Based on [further review after filing the motion to stay], DMCPS is satisfied that alternative means of services are available for those who seek voluntary services." Dkt. 248, at 3 (citing Baker's third declaration, Dkt. 250, ¶ 5).

Still, the State defendants contend that because county CPS agencies have special competence in dealing with children, they ought to be able to continue to provide case management services to expectant mothers with substance abuse issues. Those case management services include assisting expectant mothers in navigating the requirements of social service agencies (such as applying for WIC or W2), and assisting with getting housing, transportation, clothing, food, and so on. But, according to the State defendants, CPS agencies can provide this assistance only to women who fall within their jurisdiction, and if not for the Act, CPS agencies would not have jurisdiction over expectant mothers (unless they have other children in need of protection, as commonly they do).

Ms. Baker and her colleagues are providing useful assistance to expectant mothers, and the State has provided some funding through CPS agencies to help with the miscellaneous needs of their clients. But the State defendants have not shown that the only way for expectant mothers to get these services is from CPS agencies who assert jurisdiction over them. Other private and governmental entities provided substance abuse treatment and other services to expectant mothers with alcohol and controlled substance problems.

And even the "voluntary" case management services provided by CPS agencies create disincentives for expectant mothers to seek prenatal care. The Act authorizes medical care providers to report their patients' controlled substance and alcohol use to CPS agencies—information that would otherwise be confidential health information protected from disclosure. Wis. Stat. § 48.981(2)(d) (authorizing discretionary reporting by "any person"). And once controlled substance and alcohol use is reported to a CPS agency, the agency is obligated to investigate the expectant mother's drug use and family situation. Wis. Stat. § 48.981(3)(c)1.a. (requiring investigation upon report of suspected unborn child abuse).

And the state maintains a record of the investigation in its computer systems. (Baker's hearing testimony.) And, at least in Milwaukee County, DMCPS distributes information about controlled substance and alcohol use by expectant mothers to hospital social workers on its "Pregnancy Alert List." (Baker's hearing testimony.) So even under the more limited stay requested by the State defendants, an expectant mother who discloses alcohol or controlled substance abuse to a healthcare provider may find herself investigated and monitored by a CPS agency.

The State defendants have not met their burden to show that a stay of the injunction is necessary to prevent irreparable harm and that a stay would be in the public interest. The State defendants' motion is denied.

Entered May 18, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge